IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| In re:<br><br>BRON Media Holdings USA Corp., *et al.*,<br><br>Debtors in a Foreign Proceeding. | Chapter 15<br><br>Case No. 23-56798-pmb<br><br>Jointly Administered |

**OMNIBUS PETITION FOR**
**(I) RECOGNITION OF FOREIGN MAIN PROCEEDINGS,**
**(II) RECOGNITION OF FOREIGN REPRESENTATIVE, AND**
**(III) RELATED RELIEF UNDER CHAPTER 15 OF THE BANKRUPTCY CODE**

BRON Media Corp[1] ("BRON"), in its capacity as the Canadian Court-appointed and authorized foreign representative (the "Foreign Representative") for the above captioned debtors (the "Debtors"), which are the subjects of a reorganization proceeding (the "CCAA Proceeding") commenced under Canada's *Companies' Creditors Arrangement Act* (the "CCAA"), pending before the Supreme Court of British Columbia (the "Canadian Court"), filed Chapter 15 petitions for each of the Debtors (the Chapter 15 petitions, together with this Omnibus Petition, the "Petitions for Recognition"), and respectfully states as follows:

[1] The U.S. Debtors in these Chapter 15 cases and the last four digits of their U.S. Federal Employer Identification Numbers are as follows: BRON Creative USA Corp (1363); BRON Digital USA, LLC (0276); BRON Life USA Inc. (1178); BRON Media Holdings USA Corp (0637); BRON Releasing USA Inc. (6368); BRON Studios USA Inc. (8784); BRON Ventures 1 LLC (5066); BRON Studios USA Developments Inc. (7529); Bakhorma, LLC (6944); Drunk Parents, LLC (5462); Fables Holdings USA, LLC (8085); Fables Productions USA INC. (5169); Gossamer Holdings USA, LLC (2582); Gossamer Productions USA, Inc. (7876); Harry Haft Productions, Inc. (6144); Heavyweight Holdings, LLC f/k/a Harry Haft Films, LLC (8193); I am Pink Productions, LLC (6681); Lucite Desk, LLC (2546); National Anthem Holdings, LLC f/k/a BCDC Holdings, LLC (6943); National Anthem ProdCo Inc. (8637); Oakland Pictures Holdings, LLC (4988); Pathway Productions, LLC (Del. Incorporation No. 3081); Robin Hood Digital PC USA Inc. (2499); Robin Hood Digital USA, LLC (4302); Solitary Holdings USA, LLC (3013); Surrounded Holdings USA LLC (8868); and Welcome to Me, LLC (8500) (hereinafter collectively referred to as the "Debtors"). The Debtors' principal offices are located at 1700-Park Place, 666 Burrard Street, Vancouver, British Columbia, Canada.

## RELIEF REQUESTED

1. The Foreign Representative has commenced these Chapter 15 cases as ancillary proceedings to the CCAA Proceeding and respectfully files this Omnibus Petition contemporaneously with the required accompanying documentation pursuant to Sections 1504 and 1515 of Title 11 of the United States Code (the "Bankruptcy Code").

2. The Foreign Representative requests that this Court enter an order, substantially in the form of the Proposed Order attached hereto as **Exhibit A**, pursuant to sections 105(a), 362, 363, 364(e), 365(e), 1504, 1507, 1509, 1510, 1515, 1517, 1520, and 1521 of the Bankruptcy Code that (collectively, the "Relief Requested"):

(a) recognizes the CCAA Proceeding as a foreign main proceeding (as defined in section 1502(4) of the Bankruptcy Code), or in the alternative as a foreign nonmain proceeding (as defined in section 1502(5) of the Bankruptcy Code);

(b) recognizes the Foreign Representative as a "foreign representative" as defined in section 101(24) of the Bankruptcy Code in respect of the CCAA Proceeding;

(c) gives full force and effect in the United States to the Initial Order (defined below), including any and all extensions or amendments thereof authorized by the Canadian Court on a final basis;

(d) grants the Debtors all of the relief afforded pursuant to section 1520 of the Bankruptcy Code, including but not limited to the "automatic stay" under section 362 of the Bankruptcy Code, which shall apply with respect to the Debtors and the Debtors' property that is now or in the future located within the territorial jurisdiction of the United States;

(e) grants further additional relief as authorized by section 1521 of the Bankruptcy Code (or section 1507 as the Court deems necessary), including extending on a final basis the provisional relief requested in the Provisional Relief Motion (as defined herein); and

(f) provides such other and further relief as the Court deems just and proper.

## JURISDICTION AND VENUE

3. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and

1334. Recognition of a foreign proceeding and other matters under Chapter 15 of the Bankruptcy Code are core matters under 28 U.S.C. § 157(b)(2)(P).

4. The Foreign Representative, in its capacity as authorized foreign representative, consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

5. These Chapter 15 cases have been properly commenced pursuant to section 1504 of the Bankruptcy Code by the filing of the Petitions for Recognition of the CCAA Proceeding in accordance with Section 1515 of the Bankruptcy Code.

6. Venue in this district is proper pursuant to section 28 U.S.C. § 1410. The Debtors do not have principal offices in the United States. The Debtors' principal assets in this district are the security retainer paid to and held by the Debtors' counsel in Atlanta, Georgia in advance of filing the Debtors' *Petitions for Recognition. See, e.g., In re Avanti Commc'n Grp. PLC*, 582 B.R. 603, 613–14 (Bankr. S.D.N.Y. 2018) (finding that a retainer and a 2023 Indenture governed by New York satisfied the property requirement); *In re U.S. Steel Can. Inc*., 571 B.R. 600, 611 (Bankr. S.D.N.Y. 2017) (holding undrawn $100,000 retainer in New York bank account paid by foreign debtor to its United States counsel property of debtor in the United States); *In re Cell C Proprietary Ltd.,* 571 B.R. 542, 552 (Bankr. S.D.N.Y. 2017) (holding foreign debtor eligible under section 109(a) on the basis of retainer paid to international law firm representing debtor, deposited in New York bank account); *In re Inversora Eléctrica de Buenos Aires S.A.,* 560 B.R. 650, 655 (Bankr. S.D.N.Y. 2016) (finding sufficient assets in the United States, among which included an attorney retainer deposited in New York); *See also In re The Alno AG.*, No. 28-12651 (Bankr. D. Del. November 20, 2018); *In re Octaviar Administration Pty Ltd.*, 511 B.R. 361 (Bankr. S.D.N.Y.

2014).

**BACKGROUND**

7. BRON, along with its affiliated companies in Canada and the U.S. (collectively, the "BRON Group"), develops, produces and sells motion pictures, series television, and digital media content, which includes animation and interactive gaming. To date, the BRON Group has produced or executive produced more than 125 productions. It has received hundreds of honors and produced or executive produced films that have combined to receive 38 Academy Award nominations and 6 Academy Awards. Through its successful and culture-shifting productions, the BRON Group established itself as a reputable producer, trusted by many established, elite players in the North American entertainment industry. *See* Gilbert Decl., ¶ 7. The BRON Group has operated in Canada since 2010, and currently operates in Canada from facilities in British Columbia, where it maintains its headquarters. *Id.*, at ¶ 8.

8. On July 18, 2023, the Debtors filed petitions under the CCAA to a commence restructuring proceeding under the supervision of the Canadian Court. On July 19, the Canadian Court entered an initial order (the "Initial Order")[2] appointing Grant Thornton Limited ("GTL" or the "Monitor") to monitor and assist the Debtors in their business and financial affairs in accordance with section 23 of the CCAA. The Canadian Court also appointed the Foreign Representative to assist the Debtors pursuant to paragraphs 52-53 of the Initial Order.

9. A description of the relief provided in the Initial Order is set forth below and in the *Motion of Foreign Representative for an Order Granting Certain Provisional Relief* (the "Provisional Relief Motion") filed contemporaneously herewith.

[2] A copy of the Initial Order is attached as Exhibit A to the Notice of Filing of (I) Certified Copy of Initial Order Made After Application and (II) Declaration of Aaron L. Gilbert in Support of Debtors' Chapter 15 Petitions and First-Day Pleadings in Foreign Proceedings (DN 5).

10. On July 19, 2023, the Foreign Representative filed the Petitions for Recognition under Chapter 15 of the Bankruptcy Code for recognition of the CCAA Proceeding, thereby commencing the Debtors' Chapter 15 cases.

11. Additional information about the Debtors' business and operations, the events leading up to the filing of the Petitions for Recognition, and the facts and circumstances surrounding the CCAA Proceeding and these Chapter 15 cases are set forth in the contemporaneously filed *Declaration of Aaron Gilbert in Support of the Debtors' Chapter 15 Petitions and First Day Pleadings in Foreign Proceeding* (the "Gilbert Declaration")[3]. The Gilbert Declaration is incorporated herein by reference.

## BASES FOR RELIEF REQUESTED

12. The Relief Requested is based on the provisions of Chapter 15 of the Bankruptcy Code. The purpose of Chapter 15 is to "incorporate the Model Law on Cross-Border Insolvency (the "Model Law") so as to provide effective mechanisms for dealing with cases of cross-border insolvency." 11 U.S.C. § 1501(a). In interpreting Chapter 15, a court is to "consider its international origin, and the need to promote an application of [Chapter 15] that is consistent with the application of similar statutes adopted by foreign jurisdictions." 11 U.S.C. § 1508.

13. Consistent with these principles, as provided in the Gilbert Declaration, the Foreign Representative commenced these Chapter 15 cases as ancillary proceedings to obtain recognition of the CCAA Proceeding with the ultimate goal of giving effect in the United States to the Debtors' Canadian restructuring.

[3] A copy of the Gilbert Declaration is attached as Exhibit B to the Notice of Filing of (I) Certified Copy of Initial Order Made After Application and (II) Declaration of Aaron L. Gilbert in Support of Debtors' Chapter 15 Petitions and First-Day Pleadings in Foreign Proceedings (DN 5).

14. In the interim, as further set forth in the Provisional Relief Motion, the Foreign Representative seeks recognition of the Initial Order to, among other things (i) authorize the Debtors to enter into and grant liens and other lender protections with respect to a financing arrangement to provide the Debtors with the necessary liquidity to continue operations (the "Interim DIP Financing"), (ii) provide a stay with respect to the Debtors' and their directors and officers, including to ensure that no dissident creditors can bypass the CCAA Proceeding by commencing litigation or taking other actions in the United States to obtain a greater recovery than other, similarly situated, creditors, and (iii) provide a limited charge to the directors and officers and certain of the Debtors' and the Monitor's professionals in connection with the restructuring.

15. Further, the Foreign Representative submits that recognition of the CCAA Proceeding will not undermine the rights of U.S. creditors. All creditors of the Debtors, including any in the United States, will have the opportunity to assert their claims or rights in the CCAA Proceeding and are sufficiently protected as they are expected to receive substantially similar treatment under the CCAA Proceeding as they would in bankruptcy proceedings in the United States. The Chapter 15 cases will also provide U.S. creditors notice and time to assert their rights in the CCAA Proceeding.

## A. Recognition of the CCAA Proceeding as a Foreign Main Proceeding and BRON as its Foreign Representative is Appropriate

16. Section 1517(a) of the Bankruptcy Code provides that, after notice and a hearing, the Court shall enter an order recognizing a foreign proceeding as a foreign main proceeding if (1)

such foreign proceeding is a foreign main proceeding within the meaning of Section 1502 of the Bankruptcy Code, (2) the foreign representative applying for recognition is a person or body, and (3) the petition meets the requirements of Section 1515 of the Bankruptcy Code. As explained below, the CCAA Proceeding, the Foreign Representative and the Petitions for Recognition satisfy all of the foregoing requirements.

(i) *The CCAA Proceeding is a Foreign Main Proceeding or in the Alternative a Foreign Nonmain Proceeding*

17. The CCAA Proceeding is a foreign main proceeding and, as such, satisfies the first condition for the entry of an order recognizing such proceeding under Section 1517(a) of the Bankruptcy Code.

(a) *The CCAA Proceeding is a "foreign proceeding"*

18. As an initial matter, the CCAA Proceeding comes within the general definition of a "foreign proceeding" set forth in Section 101(23) of the Bankruptcy Code, which states as follows:

> The term "foreign proceeding" means a collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation.

11 U.S.C. § 101(23).

19. Section 101(23) requires that a "foreign proceeding" (1) be a collective judicial or administrative proceeding relating to insolvency or adjustment of debt, (2) pending in a foreign country, (3) under the supervision of a foreign court and (4) for the purpose of reorganizing or liquidating the assets and affairs of the debtor. *See* 11 U.S.C. § 101(23). The statute defines "foreign court" as "a judicial or other authority competent to control or supervise a foreign proceeding." *See* 11 U.S.C. § 1502(3).

20. The CCAA Proceeding is a foreign proceeding that satisfies the requirements of Section 101(23) of the Bankruptcy Code. As set forth in the Gilbert Declaration filed contemporaneously herewith, a proceeding under the CCAA is (1) a voluntary insolvency proceeding, (2) in Canada, (3) that occurs under the supervision of a Canadian court, (4) in which a debtor reorganizes or liquidates its business.

21. In many ways, the CCAA is similar to a case under Chapter 11. Absent exceptional circumstances, and subject to oversight by a court-appointed monitor and the consent of a Canadian court, the debtor's management and board of directors remain in place and the board maintains its power under Canadian law to approve significant actions, including disposing of important assets, entering into financing arrangements and/or changing corporate structures. Upon the commencement of a CCAA proceeding, the Canadian court appoints a qualified monitor, who functions as an independent observer of the proceedings and the debtor's business and (i) monitors the company's ongoing operations, (ii) reports to the court on any major events affecting the company, (iii) notifies the company's creditors and, if applicable, shareholders of any meetings and tabulates votes at these meetings, if held, (iv) assists with preparing, filing, and holding meetings for voting on the plan of arrangement, (v) approves the disclaimer of contracts and leases, (vi) may prepare reports in conjunction with any interlocutory motions by the company or other stakeholders, and (vii) if applicable, prepares a report on the plan of arrangement, which is usually included in the mailing of the plan, if one is filed. Consent of the monitor is generally not required for the debtor to manage its business, including the sale of assets in the ordinary course, but the monitor may request that the court enjoin any actions that may prove harmful to the debtor and/or its creditors.

22. Upon the commencement of a CCAA proceeding, all actions against the debtor and

its assets are stayed, wherever located. The stay is granted for a maximum period of 10 days, but is typically extended where the debtor can show it continues to act with good faith and due diligence. There is no limit on the number or duration of these extensions of the stay. In CCAA proceedings, subject to limited exceptions, clauses triggering termination rights upon the debtor's commencement of an insolvency proceeding are not enforceable, so contract counterparties may not terminate contracts solely by virtue of the commencement of the proceedings.

23. During a CCAA proceeding, a debtor is also able to obtain post-petition financing (*i.e.*, DIP financing), subject to a hearing and court approval, after showing that the proposed financing is in the best interests of its estate. Such borrowings would typically have priority status in the CCAA proceeding, and, if unsecured financing is unavailable, the debtor is permitted to borrow on a secured basis. The Canadian Court may also approve priority charges against the company's assets, which take priority over existing secured creditors, where notice of the charge approval hearing is given to the potentially affected creditors and the court is of the opinion that such charges are necessary in the circumstances.

24. Given, among other things, the similarities between the CCAA and Chapter 11, the Canadian court and monitor's significant oversight in CCAA proceedings and creditors' ability to meaningfully participate in such proceedings, U.S. courts have routinely and consistently held that Canadian restructuring proceedings under the CCAA qualify as "foreign proceedings" under section 101(23) of the Bankruptcy Code. *See, e.g., In re The Aldo Group, Inc.*, No. 20-11060 (KBO) (Bankr. D. Del. May 8, 2020); *In re U.S. Steel Canada Inc.*, No. 17-11519 (MG) (Bankr. S.D.N.Y. June 29, 2017) [Docket No. 12]; *In re Thane Int'l, Inc.*, No. 15-12186 (KG) (Bankr. D. Del. Dec. 1, 2015) [Docket No 41]; *In re Essar Steel Algoma Inc.*, No. 15-12271 (BLS) (Bankr. D. Del. Dec 2, 2015) [Docket No. 100].

(b) *The CCAA Proceeding is a "foreign main proceeding"*

25. In addition to qualifying as a "foreign proceeding" under Section 101(23), the CCAA Proceeding should be recognized as a "foreign main proceeding," as defined in sections 101(23) and 1502(4) of the Bankruptcy Code. A foreign proceeding will be recognized as a foreign main proceeding if "it is pending in the country where the debtor has the center of its main interests." 11 U.S.C. § 1517(b)(1). Section 1516 of the Bankruptcy Code establishes a rebuttable presumption that the debtor's registered office, which in this case is in British Columbia, is the debtor's center of main interests ("COMI"). *See* 11 U.S.C. § 1516. When considering a debtor's COMI, courts may consider the analogous concept of an entity's "principal place of business" or "nerve center." *Morning Mist Holdings Ltd. v. Krys (In re Fairfield Sentry Ltd.)*, 714 F.3d 127, 132 n.10 (2d Cir. 2013). As such, courts will look to factors such as the location of the debtor's headquarters, the location of those who actually manage the debtor, and the location of the debtor's primary assets, among other things, to determine the foreign debtor's COMI. *Id.* at 130.

26. The above factors conclusively support a finding that the Debtors' COMI is Canada. The Debtors' headquarters is located at 1700-Park Place, 666 Burrard Street, Vancouver, British Columbia (the "Head Office"). All corporate-level decision-making and corporate administrative functions affecting the Debtors were centralized at the Head Office in British Columbia and the Debtors' management team is located in British Columbia. Specifically, all accounting functions, strategic decision-making, communication functions, marketing and pricing decisions, new business development initiatives, negotiations of material contracts and leases, acquisition of equipment, and other key functions were coordinated and/or managed from the Head Office in British Columbia. As such, the CCAA Proceeding constitutes a foreign main proceeding.

27. For all of the reasons set forth above, the CCAA Proceeding is, and should be recognized as, a foreign main proceeding.

(c) *In the Alternative, the CCAA Proceeding of the U.S. Debtors Should Be Recognized as a Foreign Nonmain Proceeding*

28. In the alternative, this Court should grant the CCAA Proceeding recognition as a foreign nonmain proceeding with respect to the U.S. Debtors (as defined in the Gilbert Declaration at ¶ 2). Other courts have granted dual recognition to a foreign proceeding as a main and nonmain proceeding, applying the separate forms of recognition to distinct groups of debtors that are parties to a single foreign proceeding. *See, e.g., In re Mega Brands Inc.*, No. 10-10485 (CSS) (Bankr. D. Del. Mar. 23, 2010) [Docket No. 39]; *In re Rock Well Petroleum (U.S.), Inc.*, No. 08-20797 (Bankr. D. Wyo. Feb. 27, 2009) [Docket No. 106].

29. Pursuant to the Bankruptcy Code, a "foreign nonmain proceeding" is defined as a "foreign proceeding" pending in a country where the debtor has an "establishment" within the meaning of Section 1502. 11 U.S.C. § 1517(b)(2). "Establishment" is broadly defined in the Bankruptcy Code as "any place of operations where the debtor carries out a nontransitory economic activity." 11 U.S.C. § 1502(2). As described above, the U.S. Debtors are operationally and functionally integrated with the Canadian Debtors. Among other things, as discussed above, all the Debtors are organized under centralized senior management and utilize cash management and accounting functions whose nerve center resides in Canada. Given that the center of main interests of the Canadian Debtors is undoubtedly in Canada, and given the relationship among all the U.S. Debtors and Canadian Debtors, each U.S. Debtor clearly has an "establishment" in Canada within the meaning of Bankruptcy Code Section 1502(2).

(ii) *The Petitions for Recognition Meet the Requirements of Section 1515*

30. The third and final requirement for recognition of a foreign proceeding under

Section 1517(a) of the Bankruptcy Code is that the petition for recognition meets the procedural requirements of Section 1515 of the Bankruptcy Code. *See* 11 U.S.C. § 1517(a)(3).

31. Here, all of the requirements of Section 1515 of the Bankruptcy Code have been met. First, the Debtors' Chapter 15 cases were duly and properly commenced by the Foreign Representative through the filing of these Petitions for Recognition as required by Section 1515(a) of the Bankruptcy Code.

32. Second, pursuant to Section 1515(b) of the Bankruptcy Code, a petition for recognition must be accompanied by one of the following:

(a) a certified copy of the decision commencing such foreign proceeding and appointing the foreign representative;

(b) a certificate from the foreign court affirming the existence of such foreign proceeding and of the appointment of the foreign representative; or

(c) in the absence of evidence referred to in paragraphs (1) and (2), any other evidence acceptable to the court of the existence of such foreign proceeding and of the appointment of the foreign representative.

33. Section 1515(b) of the Bankruptcy Code is satisfied. A *Notice of Filing of (I) Certified Copy of Initial Order Made After Application and (II) Declaration of Aaron L. Gilbert in Support of Debtors' Chapter 15 Petitions and First-Day Pleadings in Foreign Proceedings* can be found at Docket No. 5.

34. Third, in accordance with Section 1515(c) of the Bankruptcy Code, the Petitions for Recognition contain a statement identifying the CCAA Proceeding as the only foreign proceeding currently pending with respect to each of the Debtors. Accordingly, the Petitions for Recognition meet the requirements of Section 1515 of the Bankruptcy Code in satisfaction of the third requirement under Section 1517(a) of the Bankruptcy Code.

35. For the foregoing reasons, the Foreign Representative respectfully submits that all

of the requirements of Section 1517(a) have been satisfied and, thus, that the entry of an order recognizing the CCAA Proceeding as a foreign main proceeding (or, alternatively as to the Non-Canadian Debtors, as a foreign nonmain proceeding) is proper.

## B. The Debtor Is Entitled to the Automatic Relief Under 11 U.S.C. § 1520

36. Section 1520(a) of the Bankruptcy Code sets forth a series of statutory protections that automatically result from the recognition of a foreign proceeding as a foreign main proceeding, *see* 11 U.S.C. § 1520(a), including the application of the protection afforded by the automatic stay under Section 362(a) of the Bankruptcy Code to the Debtor and to the Debtor's property that is within the territorial jurisdiction of the United States. Given that the protections set forth in Section 1520(a) flow automatically from the recognition of a foreign main proceeding under Section 1517, the Foreign Representative respectfully submits that no further showing is required to the extent the Court recognizes the CCAA Proceeding as a foreign main proceeding.

37. Alternatively, to the extent this Court determines to grant the CCAA Proceeding recognition as a foreign nonmain proceeding with respect to the U.S. Debtors, the U.S. Debtors hereby request that the protections afforded by the automatic stay under Section 362(a) of the Bankruptcy Code be extended to the U.S. Debtors and their property within the territorial jurisdiction of the United States pursuant to Section 1521 of the Bankruptcy Code. Such relief is necessary and appropriate to protect the assets of the U.S. Debtors, which serve critical roles in the Debtors' structure. Further, the U.S. Debtors' creditors would be sufficiently protected because they can avail themselves of the CCAA Proceeding to assert any and all rights.

## C. The Discretionary Relief Requested is Necessary and Appropriate to Effect the Restructuring and Should Be Granted

38. Upon recognition of a foreign proceeding, Section 1521(a) authorizes the Court to grant "any appropriate relief" at the request of the recognized foreign representative "where

necessary to effectuate the purpose of [Chapter 15] and to protect the assets of the debtor or the interests of the creditors." 11 U.S.C. § 1521(a). Such relief may include, among other things, "granting any additional relief that may be available to a trustee, except for relief available under sections 522, 544, 545, 547, 548, 550, and 724(a)." 11 U.S.C. §1521(a)(7). The Court may grant relief under Section 1521(a) if the interests of "the creditors and other interested entities, including the debtor, are sufficiently protected." 11 U.S.C. § 1522(a).

39. For the reasons that follow and as set forth in the Provisional Relief Motion, incorporated herein by reference, the Foreign Representative asks this Court to exercise its discretion under Section 1521(a) to extend on a final basis the following additional relief sought in the Provisional Relief Motion, including:

(a) recognizing and enforcing in the United States, on a provisional basis, the Initial Order that, among other things:

(i) authorizes the Debtors to enter into, perform and borrow, as an initial draw, up to $1,751,409.00 under that certain interim facility (the "Interim DIP Facility");

(ii) grants the Interim DIP Lender (defined below) a charge against the Debtors' property (save for property subject to encumbrances in favor of Comerica Bank) up to a maximum amount of $1,751,409.00 (the "Interim DIP Lender Charge") as security for all obligations to the Interim DIP Lender under the Interim DIP Facility;

(iii) grants the Debtors' directors and officers a charge against the Debtors' property (save for property subject to encumbrances in favor of Comerica Bank) for an aggregate amount of $250,000.00 (the "Directors' Charge") as security for the Debtors' indemnification obligations owed to the Debtors' directors and officers in their capacity as such; and

(iv) grants the Monitor, the Monitor's legal counsel, the Debtors' (including the Foreign Representatives') legal counsel a charge against the Debtors' property (save for property subject to encumbrances in favor of Comerica Bank) for an aggregate amount of $250,000.00 (the "Administration Charge") as security for the professional fees and expenses incurred in connection with the CCAA Proceeding and Chapter 15 cases;

(b) granting, on a provisional basis, to and for the benefit of the Interim DIP Lender, certain protections afforded by the Bankruptcy Code, including those protections provided by section 364(e) of the Bankruptcy Code; and

(c) applying sections 362 and 365(e) of the Bankruptcy Code in these chapter 15 cases on a provisional basis, pursuant to sections 105(a), 1519(a) and 1521(a)(7) of the Bankruptcy Code.

40. As further explained in the Provisional Relief Motion, the Interim DIP Lender has agreed to provide the Interim DIP Facility upon the terms outlined in the DIP Loan Agreement (as defined in the Gilbert Declaration and attached thereto as Exhibit 2). The Foreign Representative understands that the terms of the Interim DIP Facility were negotiated, proposed and entered into without collusion, in good faith and at arm's length. The Debtors will require access to a portion of the Interim DIP Facility to fund, among other things, working capital requirements, other general corporate expenditures and the costs of administering their bankruptcy cases. As discussed in the Gilbert Declaration, the Debtors have run out of cash to continue operations unless additional, immediate funding is provided through the Interim DIP Facility. The funding provided by the Interim DIP Facility is therefore necessary to give vendors, employees and other critical parties who deal with the Debtors confidence that the Debtors have access to funds to meet their post-filing obligations to such parties. Gilbert Declaration, ¶ 27. The Interim DIP Facility will preserve and maintain the going concern value of the Debtors' estates, which, in turn, is integral to maximizing value of the same.

41. As explained in the Provisional Relief Motion, it is vital to the success of the Debtors' restructuring that actions against the Debtors' directors and officers and their assets within the territorial jurisdiction of the United States are enjoined. The Debtors' directors and officers have indemnification rights and have been granted a Directors' Charge against certain of the Debtors property.

42. As explained in the Provisional Relief Motion, Section 365(e) of the Bankruptcy Code prohibits counterparties from terminating contracts with the debtor solely because of the debtor's bankruptcy filing. The Debtors could face significant harm resulting from the potential termination of critical contracts and leases. Absent the continued relief requested, counterparties may attempt to terminate these valuable contracts and leases.

43. Further, the purpose of Chapter 15 is carried out by granting recognition of and giving effect in full to the Initial Order as it will (a) maximize value of the Debtors' assets, (b) facilitate the fair and efficient cross-border restructuring, and (c) foster cooperation between courts in Canada and the United States.[4]

**D. <u>Relief Sought Herein is Consistent with the Purpose of Chapter 15 and U.S. Public Policy</u>**

44. Section 1506 of the Bankruptcy Code provides that nothing in Chapter 15 shall prevent the court from refusing to take an action otherwise required therein if such action would be manifestly contrary to the public policy of the United States. 11 U.S.C. § 1506. The Foreign Representative submits that the relief requested herein is not manifestly contrary to, and is in fact entirely consistent with, the public policy of the United States.

45. It is well established that one of the fundamental goals of U.S. bankruptcy proceedings is the centralization of disputes involving the debtor. S*ee, e.g., Shugrue v. Air Line Pilots Ass'n, Int'l (In re Ionosphere Clubs, Inc.),* 922 F. 2d 984, 989 (2d Cir. 1990) ("The Bankruptcy Code provides for centralized jurisdiction and administration of the debtor, its estates and its reorganization in the Bankruptcy Court….") (internal quotations and citations omitted); *see also Maritime Elec. Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1207 (3d. Cir. 1991) ("Consolidating all pre-petition claims against the debtor in one collective proceeding before a

[4] To the extent this Court believes Section 1507 of the Bankruptcy Code is the appropriate section to grant any relief requested herein, the Foreign Representative requests such relief be granted thereunder.

bankruptcy court is the essence of bankruptcy."); *In re Irish Bank Resolution Corp. Ltd.*, Case No. 13-12159 (CSS), 2014 WL 9953792, at *21 (Bankr. D. Del. Apr. 30, 2014) (emphasizing "recognition of the [foreign] proceeding . . . would support the strong public policy of the United States in favor of a universalism approach to complex multinational bankruptcy proceedings"). Indeed, as one court has noted, "the firm policy of American courts is the staying of actions against a corporation which is the subject of a bankruptcy proceeding in another jurisdiction." *Cornfeld v. Investors Overseas Servs., Ltd.*, 471 F. Supp 1255, 1259 (S.D.N.Y. 1979).

46. Moreover, the purpose of Chapter 15 is set forth in Section 1501 and includes: (i) cooperation between courts of the United States and the courts and other competent authorities of foreign countries involved in cross-border insolvency cases; (ii) greater legal certainty for trade and investment; (iii) fair and efficient administration of cross-border insolvencies that protect the interests of all creditors, and other interested entities, including the debtor; (iv) protection and maximization of the value of the debtor's assets; and (v) facilitation of the rescue of financially troubled businesses, thereby protecting investment and preserving employment. *See* 11 U.S.C. § 1501.

47. Recognition of the CCAA Proceeding as a foreign main proceeding will, among other things, facilitate the orderly administration of the Debtors' assets and foster cooperation between courts in Canada and the United States in respect of the Debtors' restructuring. Such orderly administration is thus consistent with the public policy of the United States and the Bankruptcy Code.

48. Recognition of the CCAA Proceeding would also promote the fair and efficient administration of a cross-border reorganization procedure that protects the interests of all creditors and interested parties. By recognizing the CCAA Proceeding and granting the relief requested, the

process of resolving claims against the Debtors would be centralized in Canada, from where the Debtors function. Claims would be treated in accordance with Canada's CCAA (which closely resembles a U.S. chapter 11), and any disputes would be subject to the uniform jurisdiction of one tribunal, the Canadian Court.

## NOTICE

49. The Foreign Representative will provide notice of this Motion consistent with Bankruptcy Rule 2002(q). The Foreign Representative proposes to notify all creditors and parties in interest of the filing of the Petitions for Recognition and the Foreign Representative's request for entry of the Final Order in the form and manner set forth in the *Motion of Foreign Representative for Order (I) Scheduling Hearing on Omnibus Petition Under Chapter 15 of The Bankruptcy Code For Recognition of a Foreign Main Proceeding and for Additional Relief and Assistance Under 11 U.S.C. §§105(a), 1507, and 1521 and (II) Specifying Form and Manner of Service of Notice of Hearing*, filed contemporaneously herewith. The Foreign Representative submits that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

[SIGNATURES APPEAR ON THE FOLLOWING PAGE]

WHEREFORE, for the reasons set forth herein, the Foreign Representative respectfully requests that this Court enter an order (i) granting the relief requested herein and (ii) granting the Foreign Representative and the Debtors such other and further relief as the Court deems proper and just.

Dated: July 20, 2023

JONES & WALDEN LLC

*/s/ Cameron M. McCord*
Cameron M. McCord
Georgia Bar No. 143065
Mark Gensburg
Georgia Bar No. 213119
Attorneys for Debtors
699 Piedmont Ave NE
Atlanta, Georgia 30308
(678) 701-9235
cmccord@joneswalden.com
mgensburg@joneswalden.com

*Counsel for Debtors and Foreign Representative*

**EXHIBIT A**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| In re:<br><br>BRON Media Holdings USA Corp.,*et al.*,<br><br>Debtors in a Foreign Proceeding. | Chapter 15<br><br>Case No. 23-56798-pmb<br><br>Jointly Administered |

**ORDER GRANTING OMNIBUS PETITION FOR (I) RECOGNITION OF FOREIGN MAIN PROCEEDINGS (II) RECOGNITION OF FOREIGN REPRESENTATIVE, AND (III) RELATED RELIEF UNDER CHAPTER 15 OF THE BANKRUPTCY CODE**

Upon consideration of the *Omnibus Petition for (I) Recognition of Foreign Main Proceeding (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* (DN. XX) (together with the Chapter 15 petitions filed for each of the Debtors,[1] the "Petitions for Recognition"), the Gilbert Declaration,[2] and the Provisional Relief Motion (together with the Petitions for Recognition and the Gilbert Declaration, the "Chapter 15 Pleadings"), each filed by or on behalf of the Foreign Representative, BRON Media Corp ("BRON"), in its capacity as the duly-appointed foreign representative of the above captioned debtors (the "Debtors"), in a voluntary restructuring proceeding (the "CCAA Proceeding") under the *Companies' Creditors Arrangement Act* (the "CCAA") currently pending before the

[1] The U.S. Debtors in these Chapter 15 cases and the last four digits of their U.S. Federal Employer Identification Numbers are as follows: BRON Creative USA Corp (1363); BRON Digital USA, LLC (0276); BRON Life USA Inc. (1178); BRON Media Holdings USA Corp (0637); BRON Releasing USA Inc. (6368); BRON Studios USA Inc. (8784); BRON Ventures 1 LLC (5066); BRON Studios USA Developments Inc. (7529); Bakhorma, LLC (6944); Drunk Parents, LLC (5462); Fables Holdings USA, LLC (8085); Fables Productions USA INC. (5169); Gossamer Holdings USA, LLC (2582); Gossamer Productions USA, Inc. (7876); Harry Haft Productions, Inc. (6144); Heavyweight Holdings, LLC f/k/a Harry Haft Films, LLC (8193); I am Pink Productions, LLC (6681); Lucite Desk, LLC (2546); National Anthem Holdings, LLC f/k/a BCDC Holdings, LLC (6943); National Anthem ProdCo Inc. (8637); Oakland Pictures Holdings, LLC (4988); Pathway Productions, LLC (Del. Incorporation No. 3081); Robin Hood Digital PC USA Inc. (2499); Robin Hood Digital USA, LLC (4302); Solitary Holdings USA, LLC (3013); Surrounded Holdings USA LLC (8868); and Welcome to Me, LLC (8500) (hereinafter collectively referred to as the "Debtors"). The Debtors' principal offices are located at 1700-Park Place, 666 Burrard Street, Vancouver, British Columbia, Canada.

[2] Capitalized terms not otherwise defined herein have the meaning ascribed to such terms in the Omnibus Petition.

Supreme Court of British Columbia (the "Canadian Court"); and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157; and it appearing that venue is proper before this Court pursuant to 28 U.S.C. § 1410; and the Court having considered and reviewed the Chapter 15 Pleadings and having held a hearing to consider the relief requested in the Petitions for Recognition (the "Hearing"); and it appearing that timely notice of the filing of the Chapter 15 Pleadings and the Hearing has been given pursuant to the *Order Scheduling Hearing and Specifying Form and Manner of Service of Notice Pursuant to Sections 1515 and 105(a) of the Bankruptcy Code and Bankruptcy Rules 2002 and 9007* and that no other or further notice need be provided; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**THIS COURT HEREBY FINDS AND DETERMINES THAT:**

A. This case was properly commenced pursuant to Sections 1504, 1509 and 1515 of the Title 11 of the United States Code (the "Bankruptcy Code").

B. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

C. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

D. Venue is proper in this district pursuant to 28 U.S.C. § 1410.

E. The CCAA Proceeding is a "foreign proceeding" within the meaning of Section 101(23) of the Bankruptcy Code.

F. The CCAA Proceeding is pending in Canada, which is the country in which the Debtors have their center of main interests and, as such, the CCAA Proceeding is a "foreign main proceeding" within the meaning of Sections 1502(4) and 1517(b)(1) of the Bankruptcy Code and entitled to recognition as a foreign main proceeding in respect of each of the Debtors.

G. The Foreign Representative, BRON Media Corp., is a "person," as such term is

defined in Section 101(41) of the Bankruptcy Code, has been duly appointed by the Debtors and has been declared by the Canadian Court as authorized to act as the "foreign representative" with respect to the CCAA Proceeding within the meaning of Section 101(24) of the Bankruptcy Code.

H. The Petitions for Recognition meets all of the requirements set forth in Section 1515 of the Bankruptcy Code and Fed. R. Bankr. P. 1007(a)(4) and 2002(q).

I. The CCAA Proceeding is entitled to recognition by the Court pursuant to Section 1517(a) of the Bankruptcy Code and the Debtors have satisfied the eligibility requirements of Section 109(a) of the Bankruptcy Code, as applicable.

J. The Debtors and the Foreign Representative are entitled to all of the relief set forth in Section 1520 of the Bankruptcy Code.

K. Appropriate notice of the filing of, and the Hearing on, the Petition for Recognition was given, which notice is deemed adequate for all purposes, and no other or further notice need be given.

L. The relief granted hereby is necessary and appropriate, in the interests of the public and of international comity, not inconsistent with the public policy of the United States, warranted pursuant to Sections 105(a), 362, 363, 364, 365(e), 1507(a), 1509(b)(2)-(3), 1520, 1521, 1522 and 1525 of the Bankruptcy Code, and will not cause hardship to creditors of the Debtors or other parties in interests that is not outweighed by the benefits of granting that relief.

M. The relief granted hereby is necessary to effectuate the purposes and objectives of Chapter 15 and to protect the Debtors and the interests of their creditors and other parties in interest.

N. Absent the relief granted hereby, the Debtors and their directors and officers may be subject to the prosecution of judicial, quasi-judicial, arbitration, administrative or regulatory actions or proceedings in connection with the CCAA Proceeding or otherwise against the Debtor

and their directors and officers or their property, thereby interfering with and causing harm to, the Debtors, their creditors, and other parties in interest in the CCAA Proceeding and, as a result, the Debtors, its creditors and such other parties in interest would suffer irreparable injury for which there is no adequate remedy at law.

O. Absent the requested relief, the efforts of the Debtors, the Canadian Court and the Foreign Representative in conducting the CCAA Proceeding and effecting their restructuring therein may be thwarted by the actions of certain creditors, a result that will obstruct the purposes of Chapter 15 as reflected in Section 1501(a) of the Bankruptcy Code.

P. Each of the injunctions contained in this Order (i) is within the Court's jurisdiction, (ii) is essential to the success of the Debtors' restructuring in the CCAA Proceeding, (iii) confers material benefits on, and is in the best interests of, the Debtors and their creditors, and (iv) is important to the overall objectives of the such restructuring.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Petitions for Recognition and the Relief Requested are granted as set forth herein, and any objections thereto are overruled with prejudice.

2. The CCAA Proceeding is granted recognition with respect to each of the Debtors as a foreign main proceeding (as defined in Section 1502 of the Bankruptcy Code) pursuant to Sections 1517(a) and (b)(1) of the Bankruptcy Code.

3. BRON Media Corp. is recognized as the "foreign representative" as defined in Section 101(24) of the Bankruptcy Code in respect of the CCAA Proceeding.

4. The Debtors and the Foreign Representative are granted all of the relief set forth in Section 1520 of the Bankruptcy Code including, without limitation, the application of the protection afforded by the automatic stay under Section 362(a) of the Bankruptcy Code to the

Debtors and to the Debtors' property that is now within or in the future is located within the territorial jurisdiction of the United States.

5. The Foreign Representative is authorized to exercise the powers of a trustee to the extent provided by for in the CCAA Proceeding and by 11 U.S.C. § 1520(a)(3).

6. The Initial Order, including any and all existing and future extensions, amendments, restatements, and/or supplements authorized by the Canadian Court, are hereby given full force and effect, on a final basis, with respect to the Debtors and the Debtors' and their property that now or in the future is located within the territorial jurisdiction of the United States.

7. Pursuant to 11 U.S.C. § 1521(a)(1)-(3), all persons and entities, other than the Foreign Representative and its representatives and agents, are hereby enjoined (to the extent they have not been stayed under Section 1520(a)) from:

a. execution against any of the Debtors' and their directors and officers (the "Protected Parties") assets;

b. the commencement or continuation, including the issuance or employment of process, of a judicial, quasi-judicial, administrative, regulatory, arbitral, or other action or proceeding, or to recover a claim, including, without limitation, any and all unpaid judgments, settlements or otherwise against the Debtors or other Protected Parties, which in either case is in any way related to, or would interfere with, the administration of the Debtors' estates in the CCAA Proceeding;

c. taking or continuing any act to create, perfect or enforce a lien or other security interest, setoff or other claim against the Debtors or other Protected Parties or any of their property or proceeds thereof, other than the filing of any registration to preserve or protect a security interest;

d. transferring, relinquishing or disposing of any property of the Debtors to any person or entity (as that term is defined in section 101(15) of the Bankruptcy Code) other than the Foreign Representative;

e. commencing or continuing an individual action or proceeding concerning the Debtors' or other Protected Parties' assets, rights, obligations or liabilities; and

f. declaring or considering the filing of the CCAA Proceeding or these Chapter 15 cases a default or event of default under any agreement, contract or arrangement;

provided, in each case, that such injunctions shall be effective solely within the territorial jurisdiction of the United States; and provided further that nothing herein shall: (x) prevent any entity from filing any claims against the Debtors in the CCAA Proceeding; or (y) prevent any entity from seeking relief from the Canadian Court in the CCAA Proceeding or this Court in these Chapter 15 cases, as applicable, for relief from the injunctions contained in the Order.

8. Pursuant to 11 U.S.C. § 1521(a)(5), the administration or realization of the Debtors' assets within the territorial jurisdiction of the United States is entrusted to the Foreign Representative and the Foreign Representative is hereby established as the exclusive representative of the Debtors in the United States.

9. Pursuant to 11 U.S.C. §§ 1521(a)(6) and 1521(a)(7), all prior relief granted to the Debtors or the Foreign Representative by this Court pursuant to Section 1519(a) or 1521 of the Bankruptcy Code shall be extended and that certain *Order Granting Provisional Relief* [D.N. __] shall remain in full force and effect, notwithstanding anything to the contrary contained therein.

10. The Foreign Representative, the Debtors and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or local rules of this Court.

11. No action taken by the Foreign Representative, the Debtors, or their respective successors, agents, representatives, advisors, or counsel in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of or in connection with the CCAA Proceeding, this order, these Chapter 15 cases, or any adversary proceeding herein, or any further proceeding commenced hereunder, shall be deemed to constitute a waiver of the rights or benefits afforded such persons under Sections 306 and 1510 of the Bankruptcy Code.

12. Notwithstanding any provision in the Bankruptcy Rules to the contrary, including, but not limited to, Bankruptcy Rules 7062 and 1018, (i) this Order shall be effective immediately

and enforceable upon its entry; (ii) the Foreign Representative and the Interim DIP Lender are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order; and (iii) the Foreign Representative and the Debtors are authorized and empowered, and may in their discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

13. A copy of this Order shall be served within five business days of entry of this order, by electronic mail to the extent email addresses are available and otherwise by U.S. mail, overnight or first-class postage prepaid, upon the Notice Parties (as defined in the *Motion of Foreign Representative for Entry of Order Scheduling Hearing and Specifying Form and Manner of Service of Notice Pursuant to Sections 1515 and 105(a) of the Bankruptcy Code and Bankruptcy Rules 2002 and 9007*) and such other entities as the Court may direct. Such service shall be good and sufficient service and adequate notice for all purposes.

14. The Court shall retain jurisdiction with respect to the enforcement, amendment, or modification of this Order, any request for additional relief and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of the Court.

15. This Order shall be effective and enforceable immediately upon entry and shall constitute a final order within the meaning of 28 U.S.C. § 158(a).

END OF ORDER

Prepared and Presented by:

JONES & WALDEN LLC

*/s/ Cameron M. McCord*
Cameron McCord
Georgia Bar No. 143065
Mark Gensburg
Georgia Bar No. 213119
Attorneys for Debtors
699 Piedmont Ave NE
Atlanta, Georgia 30308
(404)564-9300
cmccord@joneswalden.com
mgensburg@joneswalden.com

*Counsel for Debtors and Foreign Representative*