**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 15 |
| | ) | |
| BRON Media Holdings USA Corp., et al, | ) | CASE NO. 23-56798-pmb |
| | ) | |
| Debtors in a Foreign Proceeding. | ) | (Jointly Administered) |
| | ) | |

**AMENDED HUDSON PRIVATE LP AND HUDSON PRIVATE CORPORATION'S RESPONSE IN OPPOSITION TO BRON MEDIA CORP'S OMNIBUS PETITION FOR (I) RECOGNITION OF FOREIGN MAIN PROCEEDINGS, (II) RECOGNITION OF FOREIGN REPRESENTATIVE, AND (III) RELATED RELIEF UNDER CHAPTER 15 OF THE BANKRUPTCY CODE and MOTION TO TRANSFER VENUE**

COMES NOW Hudson Private LP and Hudson Private Corp. (hereinafter collectively "Hudson Private") creditors of, inter alia, Bron Studios USA, Inc and Bron Creative USA, Inc. and files this their Amended Response in Opposition to the Omnibus Petition For (I) Recognition Of Foreign Main Proceedings, (II) Recognition Of Foreign Representative, And (III) Related Relief Under Chapter 15 Of The Bankruptcy Code filed by BRON Media Corp.[1], coupled with its Motion to Transfer Venue to correct exhibits that were inadvertently omitted and to re-number the exhibits accordingly[2].

---

[1]The U.S. Debtors in these Chapter 15 cases and the last four digits of their U.S. Federal Employer Identification Numbers are as follows: BRON Creative USA Corp (1363); BRON Digital USA, LLC (0276); BRON Life USA Inc. (1178); BRON Media Holdings USA Corp (0637); BRON Releasing USA Inc. (6368); BRON Studios USA Inc. (8784); BRON Ventures 1 LLC (5066); BRON Studios USA Developments Inc. (7529); Bakhorma, LLC (6944); Drunk Parents, LLC (5462); Fables Holdings USA, LLC (8085); Fables Productions USA INC. (5169); Gossamer Holdings USA, LLC (2582); Gossamer Productions USA, Inc. (7876); Harry Haft Productions, Inc. (6144); Heavyweight Holdings, LLC f/k/a Harry Haft Films, LLC (8193); I am Pink Productions, LLC (6681); Lucite Desk, LLC (2546); National Anthem Holdings, LLC f/k/a BCDC Holdings, LLC (6943); National Anthem ProdCo Inc. (8637); Oakland Pictures Holdings, LLC (4988); Pathway Productions, LLC (Del. Incorporation No. 3081); Robin Hood Digital PC USA Inc. (2499); Robin Hood Digital USA, LLC (4302); Solitary Holdings USA, LLC (3013); Surrounded Holdings USA LLC (8868); and Welcome to Me, LLC (8500) (hereinafter collectively referred to as the "Debtors"). The Debtors' principal offices are located at 1700-Park Place, 666 Burrard Street, Vancouver, British Columbia, Canada.

[2]Exhibit 1 is a screenshot of Creative Wealth Media website, which was inadvertently omitted. The former Exhibit 1, a screenshot of the BRON Media website, is now Exhibit 4. The former Exhibit 4 is now re-numbered Exhibit 5.

Hudson Private objects to the Omnibus Petition and this Court's recognition of the Foreign Proceeding on the following grounds:

1. The Proper Venue is New York or Los Angeles where the U.S. entities have offices and employees.
2. The extraordinary relief sought in §§ 105, 1507 and 1521 are not required. There are no facts support extending the stay to prohibit actions against assets of the Directors and officers for matters unrelated to BRON.
3. The DIP Lender's relationship with BRON has not been fully disclosed, as Jason Cloth the Managing Partner of the Managing Member of the DIP Lender is a Board Member of BRON. See screenshot of Creative Wealth Media website, attached as **Exhibit 1**. And Jason Cloth signed an Affidavit of Confession of Judgment as "principal of Bron Creative USA Corp." on July 11, 2022. A true and correct copy is attached as **Exhibit 2**. Bron Creative USA Corp., is a Debtor in this Chapter 15 Proceeding, Case No. 23-56799-pmb. Bron Creative USA Corp supposedly assigned rights to revenue from certain films to Creative Wealth Management, and its affiliate CWM Film Slate 2020 LP dba CWM SP 2020 LP. Comerica Bank currently holds funds ostensibly for CWM SP 2020 LP that was paid by Sony Pictures Entertainment ("SPE") to a BRON Creative account at Comerica.

## I. The Debtors Do Not Meet The Requirements Of Venue As Stated In 28 U.S.C. § 1410 And This Case Should Be Transferred.

Venue is improper in the Northern District of Georgia. 28 U.S.C. § 1410 provides for venue. Venue under § 1410 is appropriate where the principal place of business, or assets are located, or if no principal place of business, then where a case is pending, either Federal or State case; or 3) in a case other as specified in 1 and 2, then in a venue consistent with the interest of justice and the convenience of the parties. 11 U.S.C § 1410.

The Court in *In re Ocean Rig UDW Inc*., 570 B.R. 687, 699-700 (Bankr. S.D.N.Y. 2017)(quoting In Re U.S. Steel Canada, Inc. 571 B.R. 600 Bank.r. SDNY 2017), provided a survey of venue cases:

> The court found venue is proper as petitioner was defendant in a civil case in same district as BR petition filed. See *In Re Betcorp Ltd*., 400 B.R. 266 ( Bankr. Nev. 2009). Assets in the District in which the court sits may be sufficient to establish venue. *In Re Octaviar Admin. Pty Ltd.,* 511 B.R. 361 Bankr. SDNY 2014).
>
> "Further, "[c]ontracts create property rights for the parties to the contract. A debtor's contract rights are intangible property of the debtor." *Berau Capital* , 540 B.R. at 83 (citing *U.S. Bank N.A. v. Am. Airlines, Inc*., 485 B.R. 279, 295 (Bankr. S.D.N.Y. 2013), aff'd, 730 F.3d 88 (2d Cir. 2013)). Those property rights can be and typically are tied to the location of the governing law of the contract. See id. at 84 (holding that the situs of intangible property rights governed by New York law was New York). Accordingly, debt subject to a New York governing law clause and a New York forum selection clause constitutes property in the United States. See *In re Inversora Eléctrica de Buenos Aires S*.A. , 560 B.R. 650, 655 (Bankr. S.D.N.Y. 2016) ("[D]ollar-denominated debt subject to New York governing law and a New York forum selection clause is independently sufficient to form the basis for jurisdiction.") (citation omitted); *Berau Capital*, 540 B.R. at 84 ("The Court concludes that the presence of the New York choice of law and forum selection clauses in the *Berau* indenture satisfies the section 109(a) 'property in the United States' eligibility requirement.")....

In this case, BRON asserts that the retainer held by its U.S. counsel is sufficient to establish venue, as an "asset." The "asset" purported to be in Georga is not disclosed in the Omnibus Petition ¶ 6. ("The Debtors' principal assets in this district are the security retainer paid to and held by the Debtors' counsel in Atlanta, Georgia in advance of filing the Debtors' *Petitions for Recognition.")*[3].

The facts alleged by the Debtors are not sufficient, when viewed by the other facts of BRON and its U.S. entities. As to Georgia, none of the Debtors' United States entities are

[3]Only in an exhibit attached to the Declaration of Aaron L. Gilbert ("Gilbert's Dec.") filed in the Notice of Filing of (I) Certified Copy of Initial Order Made After Application and (II) Declaration of Arron L. Gilbert in Support of the Debtors' Chapter 15 Petition and First-Day Pleadings in Foreign Proceedings ("Notice of Filing of Initial Order"), do we see line item in the proposed budget for US Counsel fees. Notice of Filing of Initial Order, at 51. Hampton Private and all parties in interest are left to "presume" this has been paid and is in fact an asset in Georgia.

organized in the State of Georgia. See List Pursuant to Bankruptcy Rule 1007(a)(4) ("Debtors' Lists") [Docket no. 4] at 3. The Debtors have no offices nor employees in Georga.[4] Id.

But Debtors do have office and employees in New York, NY and Los Angeles, CA. In fact, the proposed budget of BRON, which accompanies the Notice of Initial Filing, has payroll expenses that show the BRON USA entities have the largest payroll. Notice of Initial Filing, Exhibit A to Gilbert Dec. The U.S. employees are presumably at offices in U.S., either New York or Los Angeles.

Hudson Private is a wealth manager which through its investors provided funds to BRON to produce movies and television series. Investments were made for specific projects and revenue earned by that project, for example Ghostbusters, would be used to pay back the investors. Hudson Private's claims against BRON entities in the aggregate of $20 Million, arose because even though the project was completed and BRON received revenue for the project, it did not pay the investors. Hudson obtained a judgment against BRON Creative USA in New York State Court in the total amount of $7,254,614.59. A copy of that judgment is attached as **Exhibit 3.** The contract for this project had New York as the forum.

Venue would also be had under § 1410 (2), as Bron Studios USA, Inc. and Bron Creative USA, Inc. are defendants in a civil action brought by Hudson Private LP pending in the U.S. District Court for the Southern District of New York, Case No. 7:21-cv-08259-cs. See Debtors Lists, at 4. Bron Studios USA, Inc is also Defendant in a civil action brought by Bayshore Capital Advisors, LLC pending in the U.S. District Court for the Southern District of New York, Case No. 7:22-cv-01105-kmk.

---

[4] Further, Debtors have listed only one creditor with a Georgia address-the international law firm Kilpatrick Stockton. Debtors Lists, Exhibit A.

Bron Creative USA Corp, a Nevada organized corporation, has offices at 345 N. Maple Drive, Suite 294 Beverly Hills, CA 90210. Bron's website lists offices in Los Angeles and New York, in the United States. See screenshot of website, attached hereto as **Exhibit 4**; and Letter dated April 4, 2019, attached hereto as **Exhibit 5.**

This Court should find that venue is better situated where the U.S. entities have offices (New York or Los Angeles). Or it should venue is where there are multiple suits pending against U.S. Debtors, the Southern District of New York. See also Notice of Initial Filing, Gilbert Dec. Schedule G, Litigation. Docket No. 5, Page 143 of 143.

Alternatively, this Court may find venue here due to the assets but transfer the case under § 1412 and §1410(3) as being in the interest of justice and the convenience of the parties. The transfer of an asset to Georgia to facilitate Chapter 15 filing with no ties between Georgia and BRON and any of its affiliates is purely manufactured venue, that offends the notion of fair play and due process. BRON lists one creditor with a Georgia address for all of its affiliates. Whereas many creditors have California addresses or in the case of litigation New York. Hudson Private asserts that the Southern District of New York is venue best suited to handle BRON's chapter 15 cases.

## II. The Extraordinary Relief Sought In §1507 And §1521 Should Not Be Granted.

In providing recognition of a foreign proceeding, and allowing the foreign representative to have broad authority, the Court must only if the interests of creditors and parties in interest are protected. 11 U.S.C. § 1522. See generally, In Re AJW Offshore, Ltd., 488 B.R. 551 (Bankr. E.D. N.Y. 2013) BRON seeks the extraordinary relief under §§ 1507 and 1521 so that an Order will "provide a stay with respect to the Debtors' and their directors and offices, including to ensure that no dissident creditors can bypass the CCAA Proceeding by commencing litigation or taking other

actions in the United States to obtain a greater recovery than other, similarly situated, creditors". Omnibus Petitions ¶ 14. However, in only in rare cases does the bankruptcy Court enter injunctive relief in the prospective and requires an adversary proceeding. Fed.R.Bankr.P. 7065 This request is overly broad and offends the due process rights of any creditor who has been harmed by the actions of the individual directors or officers.

In this case, BRON seeks additional authority under §1521. Omnibus Petition ¶ 2(e). The Omnibus Petition further states BRON does seek to "apply sections 362 and 365(e) of the Bankruptcy Code in these Chapter 15 cases on a provisional basis, pursuant to sections 105(a), 1519(a) and 1521(a)(7) of the Bankruptcy Code." Id. at ¶ 39(c). It is the scope of the stay under § 362 to which Hudson Private objects. BRON seeks to stay all actions or commencement of actions against "all directors and officers and their assets within the territorial jurisdiction of the United States are enjoined." Id at ¶ 41. BRON does not articulate a reason to stay actions against the assets of individuals who are not debtors. This relief would in theory and likely practice stop collection of claims not arising from actions as officers or directors of BRON. The proposed order attached to the Omnibus Petition goes farther. The proposed order seeks to expand the stay to prohibit "commencing or continuing an individual action or proceeding concerning the Debtors' or other Protected Parties' assets, rights, obligations or liabilities;" Omnibus Petition, Exhibit A, ¶ 7(e). This language is overly broad. Protected Parties is defined in the order to include "Debtors' and their directors and officers (the "Protected Parties") assets [5][sic];". Id. ¶7(a). A plan reading of clause 7(a) and 7(e), would be that no one could commence any action for whatever reason against the Protected Parties, unlimited to their actions related to the Debtors. The Court must limit this scope.

---

[5] Hudson Private believes BRON meant to write "and their assets."

### III. <u>The Relationship Between BRON and the DIP Lender Has Not Been Disclosed And Warrants Investigation.</u>

BRON has not disclosed that its DIP Lender's Managing Partner is Board Member of BRON, thus an insider. 11 U.S.C. § 101(31). The DIP Lender's relationship with BRON has not been fully disclosed, as Jason Cloth the Managing Partner of the Managing Member of the DIP Lender is a Board Member of BRON. See screenshot of Creative Wealth Media website, attached as Exhibit 1.

The fact that person in charge of the DIP Lender, Jason Cloth signed an affidavit of Confession of Judgment as "principal of Bron Creative USA Corp." on July 11, 2022, is a fact that ought to be disclosed by BRON. Bron Creative USA Corp is a Debtor in this Chapter 15 proceeding, Case no. 23-56799-pmb. But also, Bron Creative USA Corp supposedly assigned rights to revenue from certain film(s) to Creative Wealth Management, and its affiliate CWM Film Slate 2020 LP dba CWM SP 2020 LP. Comerica Bank currently holds funds ostensibly for CWM SP 2020 LP that was paid by Sony Pictures Entertainment ("SPE") to a BRON Creative account at Comerica. Comerica currently holds in excess of $3 million dollars that SPE sent to that BRON account. This United States Bankruptcy Court should consider and allow discovery of the transfer of any BRON Creative property to an affiliate of the DIP Lender.

Hudson Private requests this Court not enter an Order finalizing any DIP financing until the relationship between the Lender and its principals and BRON and its principals are fully disclosed and considered.

WHEREFORE for all the foregoing reasons, Hudson Private LP and Hudson Private Corp. pray that this Honorable Court DENY the Omnibus Petitions or in the alternative transfer venue of these Chapter 15 Proceedings to the Southern District of New York.

Respectfully submitted,

**McBRYAN, LLC**

/s/Louis G. McBryan
Louis G. McBryan, Georgia Bar No. 480993
6849 Peachtree Dunwoody Road
Building B-3, Suite 100
Atlanta, GA 30328
Telephone (678) 733-9322
Fax (678)498-2709
lmcbryan@mcbryanlaw.com
**Attorneys for Hudson Private LP
and Hudson Private Corp.**

EXHIBIT 1

CREATIVE WEALTH MEDIA

# OUR TEAM



## JASON M. CLOTH

CW MEDIA

Jason M. Cloth is a Director of Bron Media Corp. and the founder / Managing Partner of Creative Wealth Media in Toronto, Canada. He began his career in 1988 as a Fixed Income Economist for CIBC/Wood Gundy and holds a graduate degree in Economics. Jason founded Creative Wealth Management Group Inc in 1992 and partnered with a Toronto based Merchant Bank to provide financing on more than 40 film and television productions. Jason joined Bron Studios in September 2014 in a key strategic financial



## PAUL TENNYSON

CW MEDIA

Paul Tennyson graduated from the University of Toronto. He founded a high tech firm in 1990, which focused on home and professional entertainment markets, selling the company in 2006 to a large Chinese public multi-national corporation. Paul has extensive experience in all aspects of business from inception to sale, CEO and President roles. Paul had a role in venture capital, private capital, and merchant banking along with expertise in intellectual property and international business and marketing. Paul has



## RICHARD MCCONNELL

CW MEDIA

Richard McConnell has more than 18 years of experience in the financial services industry. Previously, Richard was the Vice-President of Investment Services and a Portfolio Manager with ROI Capital, a firm specializing in commercial real estate investing. Richard's prior experience includes more than nine years with CIBC Asset Management Inc., where he led the firm's international and global equity manager research. Richard oversaw more than $6 billion of mutual funds and of separately managed accounts at

Case 23-56798-pmb Doc 32 Filed 08/14/23 Entered 08/14/23 10:28:11 Desc Main
Document Page 10 of 20

Washington's FENCES (Paramount), Joaquin Phoenix's JOKER (Warner Bros), Charlize Theron's BOMBSHELL (Lionsgate), and ADDAMS FAMILY (MGM Studios), THE GOOD LIAR (Warner Bros), QUEEN & SLIM (Universal).

IMDb

University of Toronto. He is CFA Charterholder.

IMDb

**PAGES**

Home
About
Press & News
Productions
Contact Us

EXHIBIT

2

exhibitsticker.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| HUDSON PRIVATE CORP.,<br><br>Plaintiff,<br><br>v.<br><br>BRON CREATIVE USA, CORP.,<br><br>Defendant. | Index No.<br><br>**AFFIDAVIT OF CONFESSION OF JUDGMENT** |

JASON CLOTH, hereby affirms pursuant to CPLR 2106(b):

1. I am a principal of defendant Bron Creative USA, Corp. ("Bron Creative").

2. I am duly authorized to make this affidavit on behalf of Bron Creative, which makes this affidavit pursuant to the provisions of Section 3218 of the Civil Practice Law and Rules of the State of New York.

3. Bron Creative confesses judgment and authorizes the entry of judgment in favor of Hudson Private Corp. ("Hudson") against Bron Creative in the total sum of up to Five Million Dollars ($5,000,000), plus contractual interest at the rate of 15% per annum from January 23, 2020 through the date of collection, plus Hudson's reasonable attorneys' fees and expenses incurred in connection with the filing and enforcement of this Confession of Judgment, minus any payments that Bron Creative makes to Hudson pursuant to the Settlement Agreement, dated as of July 8, 2022 by and between Hudson and West Ventures LLC on the one hand, and Bron Creative on the

other hand (the "Settlement Agreement").

4. This confession of judgment is for a debt justly due to Hudson arising out of a default of the Settlement Agreement. Pursuant to the Settlement Agreement, Hudson is authorized to enter this confession of judgment against Bron Creative as a result of such default.

I affirm this 11 day of July 2022, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that I am physically located outside the geographic boundaries of the United States, Puerto Rico, the United States Virgin Islands, or any territory or insular possession subject to the jurisdiction of the United States, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

**BRON CREATIVE USA, CORP.**

By: Jason Cloth

Title: Principal

EXHIBIT
3
exhibitsticker.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| HUDSON PRIVATE CORP., Plaintiff, -against- BRON CREATIVE USA, CORP., Defendant. | Index No.: 653798/2022 **JUDGMENT** |

**UPON** reading and filing the Summons, dated October 14, 2022, the Notice of Motion for Summary Judgment in Lieu of Complaint, dated October 14, 2022; the Affidavit in Support of Motion for Summary Judgment in Lieu of Complaint, sworn to by Christopher Conover on October 14, 2022, and exhibits thereto; the Plaintiff's Memorandum of Law in Support of Its Motion for Summary Judgment in Lieu of Complaint, dated October 14, 2022; the Affirmation in Support of Motion for Summary Judgment in Lieu of Complaint, affirmed to by Kevin Fritz on December 29, 2022, and exhibit thereto; the Decision and Order on Motion of the Honorable Suzanne J. Adams, dated January 3, 2023; and upon all other pleadings and proceedings had herein,

**NOW**, on motion of Meister Seelig & Fein PLLC, attorneys for plaintiff Hudson Private Corp., it is

**ADJUDGED** that plaintiff Hudson Private Corp. with a place of business at 15 East Central Avenue, Pearl River, New York 10965, shall have judgment and recover against defendant Bron Creative USA, Corp., with an address at 345 N. Maple Drive, Suite 294, Beverly Hills, California 90210, the principal amount of $5,000,000.00, plus interest, at the rate

7091/9/8855159.v1

of 15% per annum from January 23, 2020, as calculated by the Clerk, which amounts to $ **2,254,109.59** , plus costs and disbursements of this action as taxed by the Clerk, which amounts to $ **505.00** , for a total judgment in the amount

**X** $ **7,254,614.59** , and that Plaintiff [redacted] have execution thereon.

Judgment signed this 24 th day of Jan. 2023

Milton Adair Tingling

CLERK

FILED
Jan 24 2023
NEW YORK
COUNTY CLERK'S OFFICE

7091/9/8855159.v1

22 653798

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

--------------------------------------------------------------------- x

HUDSON PRIVATE CORP., : Index No. 653798/2022

Plaintiff,

- against -

BRON CREATIVE USA, CORP.,

Defendant.

--------------------------------------------------------------------- x

**JUDGMENT**

1-1
FILED AND
DOCKETED
Jan 24 2023
AT 02:23 P M
N.Y. CO. CLK'S OFFICE

**MEISTER SEELIG & FEIN PLLC**
*Attorneys for Plaintiff*
*Hudson Private Corp.*
125 Park Avenue, 7th Floor
New York, New York 10017
Tel: (212) 655-3500

TO: Service of a copy of the within is hereby admitted.

Dated: ______________________________

*Attorney(s) for* ______________________________

7091/9/8855159.v1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

HUDSON PRIVATE CORP., Plaintiff,

- against -

BRON CREATIVE USA, CORP., Defendant.

Index No. 653798/2022

# BILL OF COSTS

**COSTS**

| | $ |
|---|---|
| Costs before note of issue CPLR §8201 subd. 1 | $200.00 |
| Costs after note of issue CPLR §8201 subd. 2 | |
| Trial of issue CPLR §8201 subd. 3 | |
| Allowance by statute CPLR §8302 (a), (b) | |
| Additional allowance CPLR §8302 (d) | |
| Motion costs CPLR §8202 | |
| Appeal to Appellate Term CPLR §8203 (b) | |
| Appeal to Appellate Division CPLR §8203 (a) | |
| Appeal to Court of Appeals CPLR §8204 | |
| Costs upon frivolous claims and counterclaims CPLR §8303-a | |
| Costs | $200.00 |
| Disbursements | $335.00 |
| **Total** | $535.00 |

**DISBURSEMENTS**

| | $ |
|---|---|
| Fee for index number CPLR §8018(a) | 210.00 |
| Referee's fees CPLR §8301(a)(1), 8003(a) | |
| Commissioner's compensation CPLR §8301(a)(2) | |
| Clerk's fee, filing notice of pend. or attach. CPLR §8021(a)(10) | |
| Entering and docketing judgment CPLR §8301(a)(7), 8016(a)(2) | |
| Paid for searches CPLR §8301(a)(10) | |
| Affidavits & acknowledgements CPLR §8009 | |
| Serving copy summons & complaint CPLR §8011(h)(1), 8301(d) | 15.00 |
| Request for judicial intervention | 95.00 |
| Note of issue CPLR §8020(a) | |
| Paid referee's report CPLR §8301(a)(12) | |
| Certified copies of papers CPLR §8301(a)(4) | |
| Satisfaction piece CPLR §5020(a), 8021 | |
| Transcripts and filing CPLR §8021 | |
| Certified copy of judgment CPLR §8021 | |
| Postage CPLR §8301(a)(12) | |
| Jury fee CPLR §8020(c) | |
| Stenographers' fees CPLR §8002, 8301 | |
| Sheriff's fees on execution CPLR §8011, 8012 | 15.00 |
| Sheriff's fees, attachment, arrest, etc. CPLR §8011 | |
| Paid printing cases CPLR §8301(a)(6) | |
| Clerk's fees Court of Appeals CPLR §8301(a)(12) | |
| Paid copies of papers CPLR §8016(a)(4) | |
| Motion expenses CPLR §8301(b)……………… motion and cross | |
| Fees for publication CPLR §8301(a)(3) | |
| Serving subpoena CPLR §8011(h)1, 8301(d) | |
| Paid for Search CPLR §8301(a)(10) | |
| | |
| | |
| Referee's report | |
| Attendance of witnesses CPLR §8001(a)(b)(c), 8301(a)(1) | |
| | $335.00 |

JANUARY 24 2023
I HEREBY CERTIFY THAT I HAVE ADJUSTED THIS BILL OF COSTS AT
$505.00
[signature]
CLERK

State of New York, County of ss.:

being duly sworn, deposes and says; that deponent is not a party to the action, is over 18 years of age and resides at That on deponent served the within bill of costs and notice of taxation on attorney(s) for herein, at his/her office at during his/her absence from said office

**strike out either (a) or (b)**

(a) by then and there leaving a true copy of the same with his/her clerk; partner; person having charge of said office.

(b) and said office being closed, by depositing a true copy of same, enclosed in a sealed wrapper directed to said attorney(s), in the office letter drop or box.

..............................................................

Sworn to before me on

State of New York, County of ss.:

being duly sworn, deposes and says; that deponent is not a party to the action, is over 18 years of age and resides at That on deponent served the within bill of costs and notice of taxation on attorney(s) for at the address designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in–a post office–official depository under the exclusive care and custody of the United States Postal Service within New York State.

..............................................................

Sworn to before me on

*Index No.* 653798/2022

**SUPREME COURT OF THE STATE OF NEW YORK COUNTY OF NEW YORK**

HUDSON PRIVATE CORP.,

Plaintiff,

- against -

BRON CREATIVE USA, CORP.,

Defendant.

# *Bill of Costs*

## *and Notice of Taxation*

Please Take Notice that the within is a true copy of the items of costs and disbursements in the within action *taxed** *and that the same will be taxed** by the Clerk of Court, at his/her office in the courthouse thereof on at A.M. of that day— and the amount inserted in the judgment.

Yours etc.

Meister Seelig & Fein PLLC
*Attorney(s) for Plaintiff*

To Herrick, Feinstein LLP
2 Park Avenue
New York, New York 10016
*Attorney for Defendant*

FILED
Jan 24 2023
NEW YORK
COUNTY CLERK'S OFFICE

Service of the within bill of costs and notice of taxation is hereby admitted on

..............................................................
*Attorney(s) for*

* Strike out one (CPLR §8402, 8403)

Dated: New York, New York
January 9, 2023

/s/ Kevin Fritz..............................
**Kevin Fritz, Esq.**

EXHIBIT
4
exhibitsticker.com



# ABOUT BRON

BRON is a global media-technology and award-winning production company committed to furthering the art and craft of meaningful commercial storytelling. The company works through an innovative distribution agnostic approach using a blend of studio co-financing deals and in-house productions to create film, tv, audio and non-scripted content as well as interactive gaming, technology, and corporate investments. The company's filmmaker-first approach, built on inclusion, innovation, and respect, has helped BRON solidify creative relationships with elite talent from an array of backgrounds. BRON has been instrumental in more than 120 productions and has built a robust slate of upcoming IP across all platforms. The company has been part of an outstanding 32 Academy Award® nominations and 6 wins.

Various sectors of the company include BRON Studios TV, behind Irish crime drama *Kin* on AMC+ and Netflix's *The Defeated*; BRON Digital, which utilizes Epic Games Unreal Engine technology to create animated content and immersive digital worlds; and BRON Life, whose slate features Nicki Minaj's highly anticipated upcoming docuseries. BRON's recent and upcoming film releases include *Ghostbusters: Afterlife*; Ridley Scott's *House of Gucci*; Paul Thomas Anderson's *Licorice Pizza*; Denzel Washington's *Journal for Jordan*; Joe Wright's *Cyrano*; and Barry Levinson's *The Survivor*. Additional divisions of BRON Media Corp include BRON Creative, BRON Labs and BRON Releasing, the company's sales arm. Founded in 2010 by Aaron L. Gilbert and Brenda Gilbert, BRON is headquartered in Vancouver, with offices in Los Angeles, New York and Toronto, and companies in the UK and New Zealand.

## BRON DIVISIONS




BRON

© 2022 BRON Studios. All rights reserved.

Follow BRON on social

EXHIBIT
5
exhibitsticker.com

BRON

VANCOUVER LOS ANGELES NEW YORK TORONTO

April 4, 2019

Christopher Conover
HUDSON PRIVATE

**RE: Hudson Park Advisors**

Hi Chris -

Sorry for the delay. I have been out of the office the last several days at a BRON Summit then our annual board meeting.

I am writing in reference to the letter Jason Cloth wrote to your colleague Shummi Jindal regarding the receivables outstanding to Creative Wealth. I expect no issues with Mr. Jindal being recouped on his investment in *The Good Liar* within the timelines outlined.

If you have any questions, you're welcome to contact me.

Much thanks,

Aaron L. Gilbert
BRON STUDIOS

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 15 |
| | ) | |
| BRON Media Holdings USA Corp., et al, | ) | CASE NO. 23-56798-pmb |
| | ) | |
| Debtors in a Foreign Proceeding. | ) | (Jointly Administered) |
| | ) | |

**CERTIFICATE OF SERVICE**

This is to certify that I have on this day electronically filed the foregoing **AMENDED HUDSON PRIVATE LP AND HUDSON PRIVATE CORPORATION'S RESPONSE IN OPPOSITION TO BRON MEDIA CORP'S OMNIBUS PETITION FOR (I) RECOGNITION OF FOREIGN MAIN PROCEEDINGS, (II) RECOGNITION OF FOREIGN REPRESENTATIVE, AND (III) RELATED RELIEF UNDER CHAPTER 15 OF THE BANKRUPTCY CODE and MOTION TO TRANSFER VENUE** using the Bankruptcy Court's Electronic Case Filing program, which serves the same upon all participants therein who have appeared in this case. In addition, the following parties were also served via electronic mail:

Cameron McCord
Mark Gensburg
Jones & Walden, LLC
cmccord@joneswalden.com
mgensburg@joneswalden.com

This 14th day of August 2023.

Respectfully submitted,

**McBRYAN, LLC**

/s/Louis G. McBryan
Louis G. McBryan, Georgia Bar No. 480993
6849 Peachtree Dunwoody Road
Building B-3, Suite 100
Atlanta, GA 30328
Telephone (678) 733-9322
Fax (678)498-2709
lmcbryan@mcbryanlaw.com
**Attorneys for Hudson Private LP**
**and Hudson Private Corp.**