**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE:<br><br>**BRON MEDIA HOLDINGS USA CORP.**, *et al.*,<br><br>Debtors in a Foreign Proceeding.<br><br>**BRON MEDIA CORP.**,<br><br>Movant,<br><br>v.<br><br>**COMERICA BANK** and **HUDSON PRIVATE CORP.**,<br><br>Respondents. | **CHAPTER 15**<br><br>**CASE NO. 23-56798-PMB**<br><br>*Jointly Administered*<br><br><br><br>**CONTESTED MATTER** |

**NOTICE OF FILING OF DECLARATION
OF AARON GILBERT IN SUPPORT OF THE MOTION FOR
ORDER AUTHORIZING AND DIRECTING RETURN OF NON-ESTATE PROPERTY**

PLEASE TAKE NOTICE that on August 16, 2023, BRON Media Corp. ("BRON"), in its capacity as the Canadian court-appointed and authorized foreign representative (the "Foreign Representative") for the above captioned jointly administered debtors (the "Debtors") filed its *Motion for Order Authorizing and Directing Return of Non-Estate Property and Granting Related Relief* (the "Motion") (Doc. No. 38). Counsel for Foreign Representative hereby files this *Notice of Filing of Declaration of Aaron Gilbert in Support of the Motion for Order Authorizing and*

*Directing Return of Non-Estate Property* to supplement the Motion. Said supplemental declaration is attached hereto as **Exhibit A**.

Respectfully submitted this 16th day of August, 2023.

**JONES & WALDEN LLC**

*/s/ Cameron M. McCord*
Cameron M. McCord
Georgia Bar No. 143065
Mark Gensburg
Georgia Bar No. 213119
699 Piedmont Ave NE
Atlanta, Georgia 30308
(678) 701-9235
cmccord@joneswalden.com
mgensburg@joneswalden.com

*Counsel for Debtors and Foreign Representative*

## **Exhibit A**

**Declaration of Aaron Gilbert**

Case 23-56798-pmb   Doc 39   Filed 08/16/23   Entered 08/16/23 17:25:06   Desc Main
Document    Page 3 of 9

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>**BRON MEDIA HOLDINGS USA CORP.,** *et al.*,<br><br>Debtors in a Foreign Proceeding.<br><br>**BRON MEDIA CORP.**<br><br>Movant,<br><br>v.<br><br>**COMERICA BANK and HUDSON PRIVATE CORP.,**<br><br>Respondents. | CHAPTER 15<br><br>CASE NO. 23-56798-PMB<br><br>*Jointly Administered*<br><br><br><br>**CONTESTED MATTER** |

**DECLARATION OF AARON GILBERT
IN SUPPORT OF THE MOTION FOR ORDER
AUTHORIZING AND DIRECTING RETURN OF NON-ESTATE PROPERTY**

I, Aaron Gilbert, hereby declare that the following is true and correct to the best of my knowledge, information, and belief.

1. I am Chairman and Chief Executive Officer ("CEO") of the BRON Group of Companies ("BRON Group," or collectively, the "Debtors").[1] I have over 13 years of experience

---

[1] The U.S. Debtors in these Chapter 15 cases and the last four digits of their U.S. Federal Employer Identification Numbers are as follows: BRON Creative USA Corp (1363); BRON Digital USA, LLC (0276); BRON Life USA Inc. (1178); BRON Media Holdings USA Corp (0637); BRON Releasing USA Inc. (6368); BRON Studios USA Inc. (8784); BRON Ventures 1 LLC (5066); BRON Studios USA Developments Inc. (7529); Bakhorma, LLC (6944); Drunk Parents, LLC (5462); Fables Holdings USA, LLC (8085); Fables Productions USA INC. (5169); Gossamer Holdings USA, LLC (2582); Gossamer Productions USA, Inc. (7876); Harry Haft Productions, Inc. (6144); Heavyweight Holdings, LLC f/k/a Harry Haft Films, LLC (8193); I am Pink Productions, LLC (6681); Lucite Desk, LLC (2546); National Anthem Holdings, LLC f/k/a BCDC Holdings, LLC (6943); National Anthem ProdCo Inc. (8637); Oakland Pictures Holdings, LLC (4988); Pathway Productions, LLC (Del. Incorporation No. 3081); Robin Hood Digital PC USA Inc. (2499); Robin Hood Digital USA, LLC (4302); Solitary Holdings USA, LLC (3013); Surrounded Holdings USA LLC (8868); and Welcome to Me, LLC (8500) (hereinafter collectively referred to as the "Debtors"). The Debtors' principal offices are located at 1700-Park Place, 666 Burrard Street, Vancouver, British Columbia, Canada.

as a producer, executive producer and financier of live-action and animated motion pictures and series television. I co-founded the BRON Group in 2010 with my wife, Brenda Gilbert. I am a member of the Academy of Motion Pictures Arts & Sciences. I am also a member of the Academy of Television Arts & Sciences. I am a member of the Producers Guild of America. I began my career in the music industry, then founded and operated a company in the content licensing space, prior to the BRON Group. I have served as producer and executive producer on more than 125 productions, many of which have achieved critical acclaim and commercial success. BRON Media Corp.—a member entity of the BRON Group—is the duly appointed and authorized foreign representative (the "Foreign Representative") for the above captioned Debtors, which Debtors are the subjects of reorganization proceedings (the "CCAA Proceeding") commenced before the Supreme Court of British Columbia (the "Canadian Court") under Canada's *Companies' Creditors Arrangement Act* (the "CCAA"). I submit this declaration in support of the *Motion for Order Authorizing and Directing Return of Non-Estate Property* (the "Motion"), filed contemporaneously herewith.[2]

2.      In my role as Chairman and CEO of the BRON Group, I am familiar with the Debtors' history, day-to-day operations, assets, financial condition, business affairs, and books and records. I am fully aware of, and closely involved in, the financial affairs and overall restructuring of the Debtors. Except as otherwise indicated, all statements in this declaration are based upon my personal knowledge, my review of the Debtors' books and records, information supplied to me by one or more of the Debtors' officers, directors, and/or employees or other professionals retained by the Debtors, or my experience and knowledge of the Debtors' operations and financial condition. If called to testify as a witness, I could and would competently testify to

---

[2] Capitalized terms used but not defined herein shall have the meanings defined to them in the Motion.

each of the facts set forth herein based upon my personal knowledge, review of documents, or opinion. I am authorized to submit this declaration on behalf of the Debtors.

### Prepetition Judgment

3. Debtor BRON Creative USA Corp. ("BRON Creative") prior to the commencement of these cases held and continues to hold a bank account (the "Account") with Comerica Bank ("Comerica") in the United States.

4. On or about January 24, 2023, a judgment (the "Judgment") was entered in favor of Hudson Private Corp. ("Hudson") and against BRON Creative, by the Supreme Court for the State of New York (the "NY Court") in the amount of $7,254,614.59 ("Judgment Amount"). On or about February 7, 2023, in connection with Hudson's enforcement of the Judgment against BRON Creative, Hudson caused a restraining notice (the "Bank Restraint") to be issued and served on Comerica, pursuant to Section 5222(b) of the New York Civil Practice Law and Rules. The Bank Restraint prevented Comerica from distributing funds held in accounts in the name of BRON Creative.

5. BRON Creative and Comerica are party to the Credit Facility through which Comerica lent money to BRON Creative and certain of its affiliates. It is my understanding Comerica has asserted a first priority perfected secured interest in all of BRON Creative's personal and real property, except for the Excluded Collateral.

6. On or about April 3, 2023, the NY Court modified the Bank Restraint to permit Comerica to repay outstanding obligations owed to Comerica under the Credit Facility and to apply any property of BRON Creative that comes within Comerica's possession or custody to the Comerica obligations, except for Excluded Collateral. The Bank Restraint, including as modified, is part of Hudson's successful prepetition efforts to collect on its judgment against BRON Creative.

I have been informed that those efforts are now stayed and enjoined through the orders entered in the CCAA Proceedings as well as through the Provisional Orders. *See e.g.,* July 20, 2023 Provisional Order at ¶s 5-7; July 28, 2023 Provisional Order at ¶s 4-6.

### The Misdirected Wire

7. Prior to the commencement of bankruptcy, BRON Creative and Columbia Pictures Industries, Inc., which is commonly known to be and I understand to be a subsidiary of Sony Pictures Entertainment Inc. ("SPE"), entered into co-financing and distribution agreements. Under the terms of those agreements, BRON Creative received certain payments from SPE in connection with co-financed motion pictures, including certain "Soft Money Benefits," which is an industry financing term.

8. On or about April 11, 2023, a wire transfer in the amount of $4,091,225.16 (the "Wire") was initiated by SPE and credited to the Account. A redacted copy of the subject Wire advice is attached hereto as **Exhibit A**. It is my understanding that $696,560 of the Wire reflected an amount payable to BRON for certain Soft Money Benefits related to the film "*Ghostbusters: Afterlife*" (the "Ghostbusters Funds").

9. On or about April 12, 2023, BRON Creative was notified that a portion of the Wire had been inadvertently sent, and that a portion of the Wire did not belong to BRON Creative. I understand that SPE requested that BRON Creative reject the Wire or cause the funds sent via the Wire to be returned to SPE for distribution to all parties entitled to those funds.

10. Because BRON Creative then agreed, as it does now, that the Wire included funds not payable to BRON Creative, BRON Creative instructed Comerica to either reject the Wire or return it to SPE. Comerica declined and did not return the Wire.

**Hudson Special Proceeding**

11. Thereafter, on or about April 26, 2023, Hudson commenced a special proceeding via the filing of a petition (the "Petition") in the NY Court seeking entry of an order directing Comerica to disburse the Ghostbuster Funds, and no other funds, to Hudson. In connection with the Petition, counsel for Hudson filed an Affirmation with the NY Court, dated April 28, 2023, stating that only $890,487.76 of the Judgment Amount had then been paid and that the remainder of the Judgment Amounts remained unsatisfied.

12. On or about May 31, 2023, the NY Court entered an order (the "Petition Order") approving a stipulation which provides, among other things, that with Comerica's consent the Ghostbuster Funds should be disbursed to Hudson within five business days of entry of the Petition Order and the remaining portion of the Petition is dismissed without prejudice.

13. I understand that the Ghostbuster Funds were timely disbursed to Hudson. I understand that Hudson has asserted an interest in any portion of the Wire other than the Ghostbuster Funds.

14. I understand that Comerica continues to decline to return the Remaining Wire to SPE, even though (i) the Foreign Representative, BRON Creative and the other Debtors acknowledge that they do not have a property interest in any of the Remaining Wire, (ii) Comerica does not assert that any of the Remaining Wire is Comerica's collateral, and (iii) Hudson has not attempted to collect any of it. It is my understanding that Comerica will not disburse the Remaining Wire without entry of an order from a court with appropriate jurisdiction authorizing Comerica to disburse the Remaining Funds to a specific party and making clear that the Bank Restraint does not preclude or impact Comerica's ability to do so, as a result of the pendency of the CCAA Proceedings and/or these cases and orders entered in the CCAA Proceedings and/or these cases.

- 5 -

BRON Creative understands that Comerica consents to entry of the relief sought through this Motion, as do all of the Debtors. SPE seeks the return of the Remaining Wire to SPE, as its property.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: August 16, 2023

*Aaron Gilbert*
Aaron L. Gilbert