IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In re: | Chapter 15 |
| BRON Media Holdings USA Corp.,*et al.*, | Case No. 23-56798-PMB |
| Debtors in a Foreign Proceeding. | Jointly Administered |

**STIPULATED PROTECTIVE ORDER**

THIS MATTER comes before the Court on this *Stipulated Protective Order* (this "Protective Order") by and among: (a) BRON Media Corp.[1] (in its individual capacity, "BRON Media"), and in its capacity as the Canadian Court-appointed and authorized foreign representative (the "Foreign Representative") for the above-captioned debtors (collectively, the "Debtors"); (b) BRON Ventures 1 LLC ("BRON Ventures"); (c) BRON Studios USA Inc. ("BRON Studios", collectively with BRON Media and BRON Ventures, "BRON"); (d) the undersigned Canadian court appointed Monitor (the "Monitor"); and (e) Media Res Studio, LLC, a Delaware limited liability company ("Media Res"), each manifesting their assent herein. Each of the foregoing persons or entities in the foregoing clauses (a) through (d) shall be collectively referred to herein as the "Receiving Parties" or individually as a "Receiving Party." Each of the

---

[1] The U.S. Debtors in these Chapter 15 cases and the last four digits of their U.S. Federal Employer Identification Numbers are as follows: BRON Creative USA Corp (1363); BRON Digital USA, LLC (0276); BRON Life USA Inc. (1178); BRON Media Holdings USA Corp (0637); BRON Releasing USA Inc. (6368); BRON Studios USA Inc. (8784); BRON Ventures 1 LLC (5066); BRON Studios USA Developments Inc. (7529); Bakhorma, LLC (6944); Drunk Parents, LLC (5462); Fables Holdings USA, LLC (8085); Fables Productions USA INC. (5169); Gossamer Holdings USA, LLC (2582); Gossamer Productions USA, Inc. (7876); Harry Haft Productions, Inc. (6144); Heavyweight Holdings, LLC f/k/a Harry Haft Films, LLC (8193); I am Pink Productions, LLC (6681); Lucite Desk, LLC (2546); National Anthem Holdings, LLC f/k/a BCDC Holdings, LLC (6943); National Anthem ProdCo Inc. (8637); Oakland Pictures Holdings, LLC (4988); Pathway Productions, LLC (Del. Incorporation No. 3081); Robin Hood Digital PC USA Inc. (2499); Robin Hood Digital USA, LLC (4302); Solitary Holdings USA, LLC (3013); Surrounded Holdings USA LLC (8868); Welcome to Me, LLC (8500) (hereinafter collectively referred to as the "Debtors"). The Debtors' principal offices are located at 1700-Park Place, 666 Burrard Street, Vancouver, British Columbia, Canada.

foregoing persons or entities in the foregoing clauses (a) through (e) shall be collectively referred to herein as the "Bound Parties" or individually as a "Bound Party."  The Bound Parties hereby stipulate to and petition the Court to enter the following stipulated Protective Order pursuant to 11 U.S.C. § 107(b).

1. On July 19, 2023 (the "Petition Date"), Foreign Representative filed petitions for relief under Chapter 15 of Title 11 for each of the Debtors (the "Cases").  The Foreign Representative continues to serve as the court appoint foreign representative in the Canadian reorganization proceeding (the "CCAA Proceeding") commenced under *Canada's Companies' Creditors Arrangement Act* (the "CCAA") and pending before the Supreme Court of British Columbia (the "Canadian Court").

2. On or about January 2, 2018, BRON and Media Res entered into a series of related transactions including a certain *Series A Preferred Unit Purchase Agreement*.

3. Thereafter, on or about October 27, 2021, BRON, Media Res and Access Road Capital, LLC ("Access Road"), a lender to BRON with a first priority security interest in all of BRON's equity interests in Media Res, entered into a series of related transactions, including (i) that certain *Transactions and Settlement Agreement* among various BRON entities and Media Res, and (ii) that certain Acknowledgement Agreement among various BRON entities, Media Res and Access Road.

4. In connection with these Cases and the CCAA Proceeding, the Monitor requested that Media Res provide financial statements for the fiscal years of 2021, 2022, and year to date for 2023 on account of BRON's continuing ownership interest in Media Res (the "Financial Statements").  The Monitor represents that these Financial Statements are necessary to the analysis of assets in the CCAA Proceeding and, in turn, these ancillary Cases.

5. Media Res asserts that all of the documents and information that it has been requested to produce for use in the CCAA Proceeding or these Cases contain confidential commercial information within the scope of 11 U.S.C. § 107(b). For the purposes of this Protective Order, "Confidential Information" shall include: (i) all of the Financial Statements, and (ii) all ancillary information related to the Financial Statements, including communications regarding the Financial Statements. This provision applies whether the Confidential Information be in a physical document, or electronically-stored, or any other form of storage or recording.

6. The Bound Parties agree that Confidential Information shall not be shared or disclosed in the CCAA Proceeding or these Cases other than as specifically permitted under this Protective Order, and that Confidential Information shall be redacted from any documents, filings, or communications that might otherwise contain said Confidential Information to the extent included in any filing in the CCAA Proceeding or these Cases.

7. This Protective Order shall be without prejudice to any Bound Party seeking further relief either from the Court or from a consensual agreement to designate certain documents "Attorney-Eyes-Only" or similar designation. If any Bound Party seeks such a modified designation and the Bound Parties are unable to reach a consensual resolution, then all Bound Parties agree that this Court may hear such dispute on appropriate notice.

8. "Qualified Person" as used herein means:

(a) Each of the Receiving Parties;

(b) Attorneys for the Receiving Parties, and employees of such attorneys, who are working directly on these Cases and to whom it is necessary that the Confidential Information be disclosed for purposes of such work;

(c) Any employee of any Receiving Party to whom it is necessary that the Confidential Information be disclosed for purposes of working directly on the CCAA Proceeding or this Case;

(d) The Canadian Court its employees and staff and supporting personnel, including, but not limited to, clerks, law clerks, jurors, and alternative jurors;

(e) This Court and its employees and staff and supporting personnel, including, but not limited to, clerks, and law clerks;

(f) Court reporters involved in proceedings related to these Cases or the CCAA Proceedings; and

(g) Any other person(s) that Media Res agrees in writing may be deemed a Qualified Person.

9. With the exception of clauses 8(d)-(f) above, to the extent any Qualified Person is not itself or themself a Bound Party, such Qualified Person shall execute Exhibit A hereto prior to receiving access to Confidential Information and shall be treated as a Bound Party for purposes of this Protective Order. The Bound Parties shall abide by the terms of this Order pending its approval by the Court. If the Court does not enter the Order for any reason, then the Bound Parties shall continue to abide by its terms with respect to any Confidential Information produced prior to the Court's decision not to enter the Order unless the Court otherwise determines.

10. Confidential Information shall not be (a) disclosed by a Receiving Party or any Qualified Person to any other person or entity that is not a Bound Party or Qualified Person under this Protective Order, or (b) used for any purpose other than in connection with performance of the Bound Party or Qualified Person's duties in the above-captioned pending Cases. The only

persons who shall have access to Confidential Information, or to the substance thereof, shall be Qualified Persons.

11. Except as otherwise provided in this Protective Order, documents containing unredacted Confidential Information shall be disclosed only to Qualified Persons. Qualified Persons shall not otherwise permit disclosure of any Confidential Information, its contents, or any portion or summary thereof. Qualified Persons shall undertake reasonable efforts to secure the Confidential Information.

12. Any Bound Party that wishes to challenge the redaction of any document, thing, or testimony containing Confidential Information under Bankruptcy Code section 107(b) may do so at any time by way of motion to this Court. In the event that any Bound Party disagrees at any stage of these proceedings with the use or redaction of any document containing Confidential Information, the Bound Parties shall try first to dispose of such dispute in good faith on an informal basis. If the dispute is not resolved, then the Bound Parties may seek appropriate relief from this Court.

13. Any Receiving Party or Qualified Person that seeks to introduce Confidential Information at a hearing, trial, or other proceeding in connection with the CCAA Proceeding or these Cases shall advise the Canadian Court or this Court (as appropriate), and provide notice to Media Res, at least five (5) business days prior to the time of introduction of said Bound Party's intent to use or introduce that protected Confidential Information. At such time, the Canadian Court or this Court, as appropriate, may review the information, in camera, to determine if its use is necessary and appropriate and, if it is, said court shall determine the appropriate means for ensuring the Confidential Information remains protected from disclosure. No Confidential

Information shared pursuant to this Protective Order may be used in any hearing, trial, or other proceeding outside of the CCAA Proceeding or these Cases.

14. Insofar as the provisions of this Protective Order restrict the disclosure and use of the Confidential Information, this Protective Order shall continue to be binding after the conclusion of the CCAA Proceeding and these Cases. Upon written request from any Bound Party, after the conclusion of the Canadian Proceedings and/or these Case, all originals, all copies, and all facsimiles of all documents containing "Confidential Information" under this Protective Order shall be destroyed or returned to the Bound Party that produced said documents, and the Receiving Party shall confirm in writing its compliance with this provision.

15. This Protective Order is entered without prejudice to the right of the Bound Parties to seek relief from this Court, upon good cause shown and appropriate notice to all Bound Parties, from any of the restrictions provided herein.

16. This Protective Order has been entered to facilitate the administration of these Cases. The entry of this Protective Order shall not constitute evidence with respect to any issue in this action.

17. If any Receiving Party or Qualified Party receives a subpoena, document request or other legal process seeking production or disclosure of Confidential Information, then the Receiving Party or Qualified Party receiving that subpoena, document request or other legal process shall notify Media Res through counsel listed below within five (5) days of their receipt of the subpoena, document request or other legal process and shall forward a copy thereof to Media Res and shall reasonably cooperate in any efforts to quash or obtain a protective order with respect to such subpoena, document request or other legal process. Unless otherwise directed by the Court, the Receiving Party or Qualified Party served with such subpoena, document request or other legal

process shall not provide any Confidential Information in response thereto until it has given notice to Media Res and Media Res has had an opportunity to file an appropriate motion and be heard on such motion, and a final order has been entered in connection with such motion from which no further appeals are available to or sought.

[END OF DOCUMENT]

Agreed to and respectfully submitted on this 12th day of September, 2023.

| **JONES & WALDEN LLC**<br><br>*/s/ Cameron M. McCord*<br>Cameron McCord<br>Georgia Bar No. 143065<br>Mark Gensburg<br>Georgia Bar No. 213119<br>Attorneys for Debtors<br>699 Piedmont Ave NE<br>Atlanta, Georgia 30308<br>(678) 701-9235<br>cmccord@joneswalden.com<br>mgensburg@joneswalden.com<br><br>*Counsel for BRON Media Corp., BRON Ventures 1 LLC, BRON Studios USA Inc., and Foreign Representative* | **MEDIA RES**<br><br>*/s/ Amy C. Quartarolo*<br>LATHAM & WATKINS LLP<br>Bradley A. Helms<br>Amy C. Quartarolo<br>Ted A. Dillman<br>355 South Grand Avenue, Suite 100<br>Los Angeles, CA 90071-1560<br>(213) 485-1234<br>Bradley.Helms@lw.com<br>Amy.Quartarolo@lw.com<br>Ted.Dillman@lw.com<br><br>*Counsel for Media Res Studio, LLC* |
| --- | --- |
| **MONITOR**<br><br>/s/ John Birch<br>CASSELS BROCK & BLACKWELL LLP<br>John Birch<br>Suite 3200, Bay Adelaide Centre- North Tower<br>40 Temperance St.<br>Toronto, ON<br>M5H 0B4 Canada<br><br>*Counsel for the Monitor* | |

# **EXHIBIT A**

## **ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND TO PROTECTIVE ORDER**

1. My name is _____.

2. I reside at _____.

3. My present employer is _____.

4. My present occupation or job title is _____.

5. I have been engaged as _____ on behalf of _____ in the preparation and conduct of the Cases or the CCAA Proceeding.

6. I declare under penalty of perjury that I have read and understand the terms of the Stipulated Protective Order ("Order") that was entered by the U.S. Bankruptcy Court for the Northern District of Georgia. I agree to comply with and be bound by all the provisions of the Order. I agree that I will not use Confidential Information for any purpose other than the Cases and the CCAA Proceeding, and will not disclose or cause Confidential Information to be disclosed to anyone not expressly permitted by the Order to receive Confidential Information. By acknowledging these obligations under the Order, I understand that I am submitting myself to the jurisdiction of the United States Bankruptcy Court for the Northern District of Georgia for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Order could subject me to punishment for contempt of Court.

7. I sign this statement

_____ on behalf of myself as an individual, or

_____ on behalf of the company identified in paragraph five of this Exhibit A.

By: _____       Executed on _____, 20\_\_.