UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>BRON MEDIA HOLDINGS USA CORP., *et al.*,<br><br>DEBTORS IN A FOREIGN PROCEEDING. | CHAPTER 15<br><br>CASE NO. 23-56798-PMB<br><br>JOINTLY ADMINISTERED |

**LIMITED OBJECTION OF WV PARTNERS LLC A/K/A WEST VENTURES LLC
TO MOTION FOR RELIEF FROM STAY FILED BY HUDSON PRIVATE CORP**

COMES NOW, WV Partners LLC a/k/a West Ventures LLC ("West Ventures" or "WV Partners") and files this limited objection (the "Objection") to the *Motion for Relief from Stay* [Docket No. 75], as subsequently amended by the *First Amendment to Hudson Private Corp.'s Motion for Relief from the Automatic Stay* [Docket No. 86] (collectively, the "Motion"), filed by Hudson Private Corp. ("Hudson").  In support hereof, West Ventures respectfully states as follows:

**INTRODUCTION**

1. Hudson seeks a relief from automatic stay in order to permit Hudson to collect $390,354 and keep $353,106.41, respectively, in funds levied by the Los Angeles County Sheriff pre-petition. In its Motion, Hudson disclosed that the Los Angeles County Sheriff had already delivered to Hudson, post-petition, the latter of those amounts ($353,106.41), and now Hudson belatedly asks this Court for permission keep this amount although it had been delivered to Hudson post-petition. Hudson should not be permitted to collect and keep these amounts because Hudson is required to remit those funds to West Ventures.

2. West Ventures does not oppose the entry of an order modifying the stay, but respectfully requests that the funds be directed to West Ventures, or alternatively, held in court

registry pending further adjudication of West Ventures' rights to the funds.

3. In addition, West Ventures requests that Hudson be ordered to immediately deliver $353,106.41 in funds received by Hudson post-petition either to West Ventures or the Court to be held in court registry pending adjudication of West Ventures' rights to the funds.

## FACTUAL BACKGROUND

### A. The Loan

4. On or about January 23, 2020, West Ventures and Hudson entered into a Funding Agreement in the principal amount of $5,000,000.00 (the "Ghostbusters Financing Commitment") whereby WV Partners agreed to fund Hudson's private investment in the motion picture production titled *Ghostbusters: Afterlife* (the "Film") formerly referred to as "Rust City" (the "Ghostbusters Funding Agreement").

5. Pursuant to the Ghostbuster Funding Agreement, West Ventures funded, in the amount of $5,000,000.00 (the "Financing Commitment"), Hudson's loan to BRON Creative USA, Corp.'s ("Bron Creative") for the financing of the Film.

6. Hudson failed to pay West Ventures the $5,000,000 plus interest when due on November 27, 2022. Since that date, West Ventures has demanded repayment of all monies outstanding pursuant to the Ghostbusters Funding Agreement, to no avail.

### B. Settlement

7. On or around July 8, 2022, Hudson and WV Partners, on the one hand, and Bron Creative, on the other hand, entered into a settlement agreement (the "Settlement Agreement") in connection with BRON Creative's default under the loan.

8. Pursuant to the Settlement Agreement, Hudson is obligated to pay the entire settlement amount to West Ventures: "Hudson Corp. further represents that it will remit all of the

2

Settlement Amount paid by Bron Creative to West Ventures LLC. West Ventures LLC acknowledges that such payment by Bron Creative is sufficient consideration for West Ventures LLC's agreement to enter into this Settlement agreement and that absent its agreement to the terms and conditions herein, Bron Creative would not enter into this Settlement Agreement." A copy of the Settlement Agreement is attached as **Exhibit A**.

9. As collateral for the Settlement Payment, Bron Creative delivered to Hudson an Affidavit in Support of Confession of Judgment (the "Confession of Judgment"), which Hudson was entitled to file in the event Bron Creative defaulted on its obligation to make the Settlement Payment.

10. At or around the time of the Settlement Agreement, West Ventures and Hudson entered into an agreement (the "Agreement") to further detail the mechanics for delivery to Hudson of the proceeds of the settlement with Bron. In particular, it states: "Within three (3) business days of receipt of: (a) all or any portion of the Settlement Payment and (b) all or any proceeds recovered in connection with the enforcement of the Confession of Judgment, Hudson Private shall pay such amounts to WV, except for all or any amount recovered for Attorneys' Fees." A copy of the Agreement is attached as **Exhibit B**.

11. Bron Creative defaulted on its obligation under the Settlement Agreement to make the Settlement Payment and, as more fully set forth in Hudson's Motion for Relief from Automatic Stay, Bron Creative confessed to judgment in favor of Hudson in Nevada for the sum of Five Million Dollars ($5,000,000) plus interest and attorney fees, and, based on the confessed judgment, judgments were entered in New York and California of approximately Seven Million Dollars. (*See*, Motion at pp. 2-3 and Judgments attached at Exhibits A-C). On December 23, 2022, the Los

Angeles County Superior Court issued a writ of execution permitting the enforcement of the California Judgment. (*Id*. at 4).

12.    Hudson has failed to deliver to West Venture all of the proceeds it has recovered in connection with the enforcement of the Confession of Judgment against Bron Creative (including but not limited its failure to deliver all funds levied by the Los Angeles County Sheriff from Columbia Pictures("CPII") as called for by the Settlement, the Agreement and the Ghostbusters Funding Agreement.

C.    **The Chapter 15 Case**

13.    On or about July 19, 2023 (the "Petition Date"), BRON Media Corp. ("BRON"), in its capacity as the Canadian court-appointed and authorized foreign representative (the "Foreign Representative") for the above-captioned jointly administered debtors (the "Debtors"),[1] filed petitions for relief under chapter 15 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Northern District of Georgia (the "Court").  The Foreign Representative continues to serve as the court appointed foreign representative in the Canadian reorganization proceeding (the "CCAA Proceeding")

---

[1] The U.S. Debtors in these Chapter 15 cases and the last four digits of their U.S. Federal Employer Identification Numbers are as follows: BRON Creative USA Corp (1363); BRON Digital USA, LLC (0276); BRON Life USA Inc. (1178); BRON Media Holdings USA Corp (0637); BRON Releasing USA Inc. (6368); BRON Studios USA Inc. (8784); BRON Ventures 1 LLC (5066); BRON Studios USA Developments Inc. (7529); Bakhorma, LLC (6944); Drunk Parents, LLC (5462); Fables Holdings USA, LLC (8085); Fables Productions USA INC. (5169); Gossamer Holdings USA, LLC (2582); Gossamer Productions USA, Inc. (7876); Harry Haft Productions, Inc. (6144); Heavyweight Holdings, LLC f/k/a Harry Haft Films, LLC (8193); I am Pink Productions, LLC (6681); Lucite Desk, LLC (2546); National Anthem Holdings, LLC f/k/a BCDC Holdings, LLC (6943); National Anthem ProdCo Inc. (8637); Oakland Pictures Holdings, LLC (4988); Pathway Productions, LLC (Del. Incorporation No. 3081); Robin Hood Digital PC USA Inc. (2499); Robin Hood Digital USA, LLC (4302); Solitary Holdings USA, LLC (3013); Surrounded Holdings USA LLC (8868); and Welcome to Me, LLC (8500) (hereinafter collectively referred to as the "Debtors"). The Debtors' principal offices are located at 1700-Park Place, 666 Burrard Street, Vancouver, British Columbia, Canada.

4

commenced under Canada's Companies' Creditors Arrangement Act and pending before the Supreme Court of British Columbia (the "Canadian Court").

14. On August 15, 2023, the Court entered the *Order Granting Foreign Representative's Omnibus Petition for (I) Recognition of Foreign Main Proceeding (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* [Docket No. 37] (the "Final Recognition Order").

15. On October 6, 2023, Hudson filed its Motion seeking (a) relief from the automatic stay to permit Hudson to receive and keep $390,354 (the "California Funds") delivered to the California Sheriff by CPII pursuant to a writ of execution issued by the Los Angeles County Superior Court and to apply such funds to Bron Creative's debt to Hudson or (b) an order of the Court finding that the California Funds are not the property of BRON.

16. On October 24, 2023, Hudson filed an amendment to the Motion to extend its requests for relief to two checks totaling $353,106.41 (the "Additional Funds") that were delivered by the California Sheriff to counsel for Hudson after the Petition Date even though these funds were purportedly received by the Sheriff from CPII before the Petition Date.

## LIMITED OBJECTION

**A.    The Funds Should Be Directed to WV Partners**

17. Bron Creative, Hudson and WV Partners all expressly acknowledged in the Settlement Agreement that Hudson is obligated to pay the entire settlement payment to WV Partners and Bron entered into the Settlement based on Hudson's representation.

18. When Bron Creative failed to pay the Settlement Payment, Hudson filed the confession of judgment.

5

19. The California and Additional Funds are the result of Hudson's enforcement of Bron Creative's confession of Judgment.

20. Pursuant to the Agreement between Hudson and WV Partners, should these funds be released to Hudson, Hudson must deliver them to WV Partners within two days as these funds are the property of WV Partners.

21. Given Hudson repeatedly has failed to honor its obligation to WV Partners to deliver all proceeds to WV Partners including, but not limited to past funds originating with CPII, WV Partners requests that the Court directs that the funds be delivered to WV Partners.

B. **Alternatively, the Funds Should be Held Pending Further Adjudication**

22. The Settlement Agreement expressly reserved WV Partner's right to take any action against Hudson should West Ventures not receive the proceeds of the Settlement Payment.

23. Because West Ventures did not receive the Settlement Payment from Hudson and Hudson defaulted under the Ghostbuster Funding Agreement, the Settlement Agreement and the Agreement, Hudson has sued Hudson in New York state court. The case is currently pending but no judgment has been yet entered. A copy of the Motion for Summary Judgment in Lieu of Complaint is attached as **Exhibit C**.

24. Should this Court be inclined to grant Movant's relief, as an alternative to directing the California and Additional Funds to Hudson immediately, WV Partners requests that this Court hold the funds in escrow until it can obtain a judgment from the New York court directing that the funds be turned over to WV Partners.

25. WV Partners believes that should the funds be immediately turned over to Hudson, the funds will become unavailable to WV Partners before it is able to secure a judgment.

## RESERVATION OF RIGHTS

26. WV Partners expressly reserves the right to amend, modify, or supplement these objections to the Motion, and to raise further and other objections prior to or at the hearing.

## CONCLUSION

WHEREFORE, for the foregoing reasons, West Ventures requests that (i) the Court modify the stay but direct that all funds be either remitted to West Ventures or to the Court registry, and (ii) direct Hudson to immediately deliver $353,106.41 in funds already received by Hudson post-petition either to West Ventures or the Court to be held in the court registry pending adjudication of West Ventures' rights to the funds, and (iii) grant such other and further relief as may be just and proper.

Dated: October 30, 2023

**GREENBERG TRAURIG, LLP**

/s/ Alison Elko Franklin
Alison Elko Franklin
Georgia Bar No. 243353
3333 Piedmont Road, NE, Suite 2500
Atlanta, Georgia 30305
Telephone:  (678) 553-2100
Facsimile:  (678) 553-2212
Email:     Alison.Franklin@gtlaw.com

*Counsel for West Ventures LLC*

## CERTIFICATE OF SERVICE

This is to certify that I have on this day electronically filed the *Limited Objection of West Ventures LLC to Motion for Relief from Stay Filed by Hudson Private Corp.* using the Court's CM/ECF System, which serves the same upon all participants therein who have appeared in this case.

Dated: October 30, 2023                                  */s/ Alison Elko Franklin*
                                                        Alison Elko Franklin