# Exhibit A

DocuSign Envelope ID: 13DC5277-6C82-423C-8186-4AEB73731E63

## SETTLEMENT AGREEMENT

This Settlement Agreement ("**Agreement**") is made as of July 8, 2022 ("**Effective Date**") by and between Hudson Private Corp. ("**Hudson Corp.**"), Hudson Private LP ("**Hudson LP**" and together with Hudson Corp., "**Hudson**") and West Ventures LLC (collectively with Hudson, the "**Hudson Group**"), on the one hand, and Bron Creative USA, Corp. ("**Bron Creative**"), on the other hand. The Hudson Group and Bron Creative are collectively referred to herein as the "**Parties**," and each entity and individual described in this paragraph a "**Party**".

WHEREAS, Hudson Corp. and Bron Creative entered into a Loan and Security Agreement dated as of January 23, 2020, a Promissory Note dated January 23, 2020, and a Financing Term Sheet dated as of January 23, 2020 (collectively, the "**Financing Agreements**") in connection with the motion picture entitled "Ghostbusters: Afterlife," formerly referred to as "Rust City" (the "**Film**"), pursuant to which Hudson Corp. loaned funds to Bron Creative in respect of the Film (the "**Loan**");

WHEREAS, on or about February 17, 2022, Hudson Corp. filed a motion for summary judgment in lieu of complaint against Bron Creative in the Supreme Court, State of New York, County of New York, styled *Hudson Private Corp. v. Bron Creative USA, Corp.*, Index No. 650797/2022 (Sup. Ct. N.Y. Cnty.) alleging that Bron Creative defaulted under the aforementioned Promissory Note dated January 23, 2020 (the "**Litigation**");

WHEREAS, Bron Creative denies all claims and contentions alleged by Hudson Corp. and all charges of wrongdoing and liability arising out of any of the acts, omissions, facts, transactions, or occurrences alleged in the Litigation or in connection with the Film and/or the Financing Agreements;

WHEREAS, the Parties, solely for the avoidance of additional expense and without any admission of liability, wish to fully and finally resolve their dispute, and any other claims and controversies between them relating to the Film and/or Financing Agreements;

WHEREAS, Bron Creative agrees to enter into this Agreement, in consideration for the Hudson Group agreeing to the terms of this Agreement and the covenant not to sue, set forth below in Paragraph 6 herein;

NOW THEREFORE, in consideration of the terms and conditions contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1.  Incorporation of Recitals. The foregoing recitals are a material part of this Agreement.

2.  Payment.

    (a)  Bron Creative shall pay to Hudson Corp. an aggregate sum of Five Million Dollars ($5,000,000.00) (the "**Settlement Payment**") on or before August 15, 2022;

DocuSign Envelope ID: 13DC5277-6C82-423C-8186-4AE979731E93

     (b)    The Settlement Payment shall be made by wire transfer pursuant to the wire instructions attached as **Exhibit A** to this Agreement.

     (c)    The Settlement Payment is an all-in settlement number, and neither Bron Creative nor any other individual or entity shall have any other payment obligation (or any other obligation to the Hudson Group) under this Agreement.

3.    <u>Dismissal</u>. Within five (5) days of executing this Agreement, Hudson Corp. shall file the Stipulation of Discontinuance, with prejudice, in the form annexed hereto as **Exhibit B**. Hudson Corp. and/or the Hudson Group shall also execute or cause to be executed such other stipulations of dismissal as are necessary to dismiss any other lawsuits, actions, or proceeding against Bron Creative relating to the Film and/or Financing Agreements (whether individually or together), with such stipulations being substantially similar in form to those annexed hereto as **Exhibit B**. If any other actions are necessary to discontinue the Litigation with prejudice (including any not explicitly listed in the recitals above), the Parties agree that they will take any and all such actions as soon as reasonably practicable.

4.    <u>Mutual Releases</u>. Upon execution of this Agreement, the Parties will execute the Full and Final Release attached as **Exhibit C** hereto.

5.    <u>Release of Interest.</u> Upon execution of this Agreement, the Hudson Group hereby releases any and all right, title and interest in and to any amounts payable to the Hudson Group pursuant to any and all of the Financing Agreements and/or otherwise in connection with the Film and/or the Loan, except for the Settlement Payment and additional amounts set forth in the Confession of Judgment (defined below).

6.    <u>Covenant Not to Sue</u>.

     (a)    The Hudson Group hereby covenants and agrees not to file, commence, prosecute and/or maintain any future or current proceeding or complaint (civil, administrative, or criminal), whether as a claim, cross-claim, counterclaim, third-party claim, or otherwise, and they will not accept any relief individually or as a member of a class, against Bron Creative, Bron Creative Corp., BRON Studios, Inc. Bron Studios USA, Inc., Creative Wealth Media Finance Corp., Jason Cloth and/or and Aaron Gilbert, Columbia Pictures Industries, Inc. (the "**Additional Bron Creative Parties**"), and any of their respective affiliates, subsidiaries, members, shareholders, directors, officers, employees and related parties (Bron Creative and the Additional Bron Creative Parties together being the "**Bron Creative Parties**"), in any court of law or equity, before any administrative agency, in arbitration or any other tribunal in any jurisdiction, with respect to any matter arising out of or relating to the Loan, Financing Agreements, Film, and/or the Litigation.

8685441.v1

DocuSign Envelope ID: 13DC5277-6C82-423C-8486-4AE973731E93

    (b)    In the event that one or both of the Hudson Group commences or maintains an action or claim in derogation of the covenant not to sue set forth in subsection (a) of this paragraph, whether justified in law or not, the Hudson Group will immediately discontinue the proceedings and/or claims, and the Hudson Group will be jointly and severally liable to the Bron Creative Parties named in such action or proceeding for the full amount of any legal costs, including attorneys' fees, that such Bron Creative Parties incur in any such action or proceeding.

    (c)    The Bron Creative Parties, or any of them, may plead, submit and/or rely upon this Agreement as a complete bar to any claim, action, complaint or proceeding brought in derogation of this covenant not to sue.

7.    <u>Statement of Finality</u>. The Parties agree that this Agreement and Hudson Corp.'s receipt of the Settlement Payment provides finality to any possible dispute related to the Film, Financing Agreements, and/or Loan, and therefore bars any future legal or administrative action in this regard; except that nothing herein should be construed to bar any action by West Ventures LLC against any other member of the Hudson Group should West Ventures not receive the proceeds of the Settlement Payment.

8.    <u>Confession of Judgment</u>.

    (a)    Simultaneous with the execution of this Agreement, Bron Creative shall execute and deliver to Hudson Corp.'s counsel an Affidavit in Support of Confession of Judgment in the amount of Five Million Dollars ($5,000,000.00), plus contractual interest at the rate of 15% per annum from January 23, 2020 through the date of collection, plus Hudson Corp.'s reasonable attorneys' fees and expenses incurred in connection with the filing and enforcement thereof, and in the form annexed hereto as **Exhibit D** (the "**Confession of Judgment**"), to be held in escrow by Hudson's counsel pending Hudson Corp.'s receipt of the Settlement Payment.

    (b)    Upon Hudson Corp.'s receipt of the Settlement Payment in accordance with Paragraph 2 herein, Hudson Corp. shall return the Confession of Judgment to Bron Creative and destroy any copies of the Confession of Judgment.

    (c)    Upon the failure by Bron Creative to timely make the Settlement Payment by August 15, 2022, counsel for Hudson Corp. shall provide written notice of default to counsel for the Bron Creative by email, pursuant to the notice provision herein. Any default that remains uncured for a period of fifteen (15) days following written notice in accordance with this paragraph shall constitute a "Payment Default."

    (d)    Upon a Payment Default, Hudson Corp. may file the Confession of Judgment and enter judgment against Bron Creative in the amount set forth

8685441.v1

DocuSign Envelope ID: 13DC5277-8C82-423C-8186-AAE95373 1E93

therein, less any amount Bron Creative already paid in connection with its payment obligations under this Settlement Agreement.

9.  Confidentiality.

    (a)    The fact of the settlement represented by this Agreement, the existence of this Agreement, the terms of this Agreement, and any other proprietary or confidential documents or information obtained during the course of negotiating this Agreement, including all communications between the Parties and all communications between the Parties' counsel, shall be kept in strict confidence by the Parties, and shall not be disclosed or made available to any other person or entity except with the express written consent of the Parties and their respective counsel, pursuant to the notice provision, and except for the potential filing and enforcement of the Confession of Judgment.

    (b)    In accordance with this paragraph, no Party shall make any public statement regarding the resolution of this matter and if asked about the matter will respond only that it was resolved and not provide any other information.

    (c)    The terms of this Agreement may be made known by the Parties on an as-needed basis to their accountants, tax professionals, or lawyers, provided that such persons agree to comply with and be bound by the confidentiality and non-disclosure requirements of this paragraph in the same manner as the Parties are bound.

    (d)    If at any time a Party is served with a subpoena or similar court or governmental process that seeks to discover the substance or contents of this Agreement, the Party receiving such subpoena or process shall, unless prohibited by law, within five (5) business days notify the other Parties and their respective counsel and will reasonably cooperate in any effort to prevent access to the substance or contents of this Agreement.

    (e)    The Parties agree that in the event they are subpoenaed by any person or entity to give testimony (in a deposition, court proceeding or otherwise) which in any way relates to any subject matter directly or indirectly relevant to the Litigation, the Financing Agreements, the Loan, the Film, or this Settlement Agreement, the Party will give prompt and reasonable notice of such request (but no later than within five (5) business days of receipt of the request) to the other Parties and will make no disclosure (unless required by law) until the other Parties have had a reasonable opportunity to contest the right of the requesting person or entity to such disclosure.

    (f)    The Parties agree that any breach of the promises contained in this paragraph may cause permanent and irreparable damage to the non-breaching party for which a remedy at law may be inadequate.

-4-

DocuSign Envelope ID: 13DC5277-6C82-423C-8186-4AE973731E93

Consequently, the Parties shall be entitled to injunctive relief prohibiting any such breach or threatened breach or violation, or to specific performance of this Agreement.

(g)    Nothing in this paragraph limits other relief to which the Parties might be entitled in the event of any breach or threatened breach of this Agreement including, but not limited to, an appropriate award of compensatory, punitive and/or liquidated damages.

10.    Governing Law and Jurisdiction. Notwithstanding any terms to the contrary in the Financing Agreements, this Agreement shall be governed by, and construed in accordance with, the laws of the State of New York, without regard to its choice of law rules. The Parties hereby irrevocably and unconditionally consent to and submit to the exclusive jurisdiction of the courts in the State of New York, including the federal courts located therein.

11.    Venue/Forum Selection. Notwithstanding any terms to the contrary in the Financing Agreements, any action commenced to enforce the terms of this Agreement, shall be brought in the state or federal courts in New York, New York. The Parties irrevocably waive any objection to venue or forum as provided in this paragraph.

12.    No Admission:  This Agreement and the payment of the Settlement Payment is not and shall not be construed as an admission or concession of any liability, or as an admission or evidence of any violation of any law, or as an admission as to the truth of any allegation, by any of the Parties.  Neither this Agreement nor any of its provisions nor related comments, nor evidence of any negotiations in pursuit of this Agreement, shall be offered or received in any action or proceeding as an admission or concession of any liability whatsoever on the part of the Parties.

13.    Assignment:  No Party may assign this Agreement (or any of its rights or obligations hereunder), by operation of law or otherwise, to any other person, and any attempted assignment without the express written consent of the other Party shall be null and void.

14.    Representations:  Each Party represents, warrants, and agrees that it: (i) has made such investigation of the facts pertaining to this settlement and this Agreement and of all the matters pertaining thereto as they deem necessary; (ii) has had the opportunity to have counsel of its choosing review this Agreement prior to signing it and to seek appropriate legal advice from counsel regarding this Agreement; (iii) has read this Agreement, understands its contents and has executed it voluntarily, of its own free will, and without any coercion, undue influence, threat or intimidation of any kind or type whatsoever; (iv) has full power and authority to enter into and perform all transactions contemplated by this Agreement on behalf of itself and each of the other parties it purports to represent (including each Releasors/Releasees providing releases on account of its relation to such Party); and (v) is duly authorized to have executed this Agreement.

-5-

DocuSign Envelope ID: 13DC5277-6C82-423C-9486-AAE973734E93

Bron Creative further represents that it has not received any proceeds generated by the Film and acknowledges that such representation is a material inducement for Hudson Corp. to enter into this Settlement Agreement given Hudson Corp.'s right under the Term Sheet to a percentage of any such proceeds received by Bron Creative.

Hudson Corp. further represents that West Ventures LLC is the only entity that provided funds to Hudson Corp. for the purposes of advancing or lending funds to Bron Creative for uses relating to the Film. Hudson Corp. further represents that it is not aware of any other entities or individuals that have threatened, stated their intention to, or might file a claim or initiate any other kind of legal proceeding against Hudson Corp. and/or the Bron Creative Parties in connection with the Loan, Financing Agreements and/or Film.

Hudson Corp. further represents that it will remit all of the Settlement Amount paid by Bron Creative to West Ventures LLC. West Ventures LLC acknowledges that such payment by Bron Creative is sufficient consideration for West Ventures LLC agreement to enter into this Settlement Agreement and that absent its agreement to the terms and conditions herein, Bron Creative would not enter into this Settlement Agreement.

15.   Representation By Counsel. This Agreement reflects the joint drafting of the Parties in consultation with their respective legal counsel. The language used in this Agreement will be deemed to be the language mutually chosen by the Parties to reflect their mutual intent, and no doctrine of construction will be applied against any Party as drafter.

16.   Notices. For the purposes of this Agreement, the Parties hereby agree that any notices, correspondence, communications, and payments shall be directed by email as follows:

*If to Hudson:*

Kevin A. Fritz and Mitchell Schuster
Meister Seelig & Fein LLP
125 Park Avenue
7th Floor
New York, New York 10017
Phone: 212-655-3570
E-mail: kaf@msf-law.com; ms@msf-law.com

*If to West Ventures LLC:*

Miriam G. Bahcall
Greenberg Traurig, LLP

-6-

DocuSign Envelope ID: 13DC5277-6C82-42C4-A4F5-2BC68A4A1C6B

77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
Phone: 312-476-5135
E-mail: bahcailm@gtlaw.com

*If to Bron Creative:*

Eric Golden and Chad Kopach
Blaney McMurtry LLP
2 Queen Street East, Suite 1500
Toronto, Ontario M5C 3G5
Phone: 416-593-3927
E-mail: egolden@blaney.com; ckopach@blaney.com

William R. Fried and Samuel J. Bazian
Herrick Feinstein LLP
2 Park Avenue
New York, New York 10016
Phone: (212) 592-1684
E-mail : wfried@herrick.com; sbazian@herrick.com

Joshua I. Schiller and Benjamin Margulis
55 Hudson Yards
New York, New York 10001
Phone: (212) 446-2300
Email: JiSchiller@bsfllp.com; BMargulis@bsfllp.com

Alexander D. Rose
Stikeman Elliott LLP
5300 Commerce Court West
199 Bay Street
Toronto, Ontario M5L 1B9
Phone: (416) 869-5261
Email: arose@stikeman.com

17.    Entire Agreement. This is the entire agreement of the Parties with respect to the subject matter hereof and supersedes any and all prior agreements or understandings between the Parties, oral or written. The Parties have not relied upon any representation, understanding, undertaking, or agreement not set forth in this Agreement, and each Party expressly disclaims any reliance on any such representation, understanding, undertaking, or agreement.

18.    Amendments. The provisions of this Agreement may not be amended, modified, waived, supplemented, discharged or otherwise changed except by a written instrument signed by the Parties hereto.

8685441.v1

DocuSign Envelope ID: 13DC5277-6C82-423C-8186-4AE95373B1E93

19.    <u>Severability</u>. If any provision of this Agreement is held by a court of competent jurisdiction to be invalid, illegal, or unenforceable, this Agreement shall nevertheless remain in full force and effect and shall not affect the validity or enforceability of the remaining provisions of this Agreement.

20.    <u>Captions</u>. Captions or headings used in this Agreement are for convenience and reference only and will not be construed so as to affect the meaning of the text herein.

21.    <u>Costs</u>.   Each Party shall bear its own attorneys' fees and costs in connection with the negotiation of this Agreement.

22.    <u>Electronic Signature, PDF, or Facsimile</u>.   This Agreement may be executed in counterparts, each of which shall constitute an original but all of which when taken together shall constitute a single contract.   Each party agrees that electronic signatures of the parties included in this Agreement are intended to authenticate this writing and to have the same force and effect as manual signatures.   Electronic signature means any electronic sound, symbol or process attached to or logically associated with a record and executed and adopted by a party with the intent to sign such record pursuant to the New York Electronic Signatures and Records Act (N.Y. State Tech. §§301-309) as amended from time to time.   Delivery of an electronic signature to this Agreement shall be as effective as delivery of an original signed counterpart of this Agreement. The parties expressly acknowledge and consent to the use of DocuSign, facsimile machine, PDF email, or any other electronic signature means for this purpose, any of which shall be considered to have the same binding legal effect as if it were an original signed version thereof delivered in person.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

-8-

8685441.v1

DocuSign Envelope ID: 13DC5277-6C82-423C-9186-AAE973791593

In Witness Whereof, the Parties have executed this Agreement and it is effective as of the Effective Date.

Hudson Private Corp.

By: CHRISTOPHER CONOVER

Date: 7/11/22

Hudson Private LP.

By: CHRISTOPHER CONOVER

Date: 7/11/22

[WEST VENTURES LLC]

By: _____

Date: _____

DocuSigned by:

EAE4868E22E146D9

Bron Creative USA, Corp.

Jason Cloth

By: _____

Date: 07/08/22

-9-

DocuSign Envelope ID: 13DC5277-6C82-423C-8186-4AE973731E93

In Witness Whereof, the Parties have executed this Agreement and it is effective as of the Effective Date.

| | |
|---|---|
| **Hudson Private Corp.** | **Bron Creative USA, Corp.** |
| By: _____ | By: Jason Cloth _____ |
| Date: _____ | Date: 07/08/22 _____ |

**Hudson Private LP**

By: _____

Date: _____

**[WEST VENTURES LLC]**

By: CRAIG PHARES

Date: 7/8/22

-9-

## EXHIBIT A

Wire Instructions

Bank Name:  First Republic Bank
Bank Address: 111 Pine Street, San Francisco, CA 94111
ABA#: 321081669
Account Name: Meister Seelig & Fein LLP
Account Number: ███████5482

-10-

8685441.v1

DocuSign Envelope ID: 13DC5277-6C82-423C-83B9-AE573781563

## EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

|  |  |
|---|---|
| HUDSON PRIVATE CORP., | Index No. 650797/2022 |
| Plaintiff, | |
| v. | **STIPULATION OF DISCONTINUANCE WITH PREJUDICE** |
| BRON CREATIVE USA, CORP., | |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned attorneys of record for the parties to the above-captioned action, that whereas no party hereto is an infant, incompetent person for whom a committee has been appointed or conservatee and no person not a party has an interest in the subject matter of the action, the above entitled action be, and the same hereby is, discontinued in its entirety, with prejudice, and without fees or costs to either party as against the other.

IT IS FURTHER STIPULATED AND AGREED that this Stipulation may be executed in counterparts and that a facsimile copy of this Stipulation shall be as good and binding upon the parties as an original.

Dated: New York, New York
        July 8, 2022

MEISTER SEELIG & FEIN LLP                    HERRICK, FEINSTEIN LLP

By: _____                      By: _____

Mitchell Schuster, Esq.                      William R. Fried, Esq.
Kevin A. Fritz, Esq.                         Samuel J. Bazian, Esq.
125 Park Avenue                              2 Park Avenue
7th Floor                                    New York, New York 10016
New York, NY 10017                           Tel.: (212) 592-1400
Tel.: (212) 655-3570                         *Attorneys for Defendant*
*Attorneys for Plaintiff*

-11-

DocuSign Envelope ID: 13DC5277-6C82-4230-9B9E-AAE95324FF98

## EXHIBIT C

### Full and Final Release

Full and final release, dated July 8, 2022 (the "**Release**"), by and between Hudson Private Corp., Hudson Private LP and West Ventures LLC (collectively the "**Hudson Group**"), on the one hand, and Bron Creative USA, Corp. ("**Bron Creative**"), on the other. The Hudson Group and Bron Creative are collectively referred to herein as the "Parties," and each entity described in this paragraph a "Party." Any undefined terms contained herein shall have the same meaning as in the Settlement Agreement between the Parties, dated as of July 8, 2022.

**IN CONSIDERATION** of the promises of benefits, mutual agreements, payment and other good and valuable consideration contained in the Settlement Agreement, including but not limited to, the Settlement Payment and the covenant not to sue;

**NOW THEREFORE**, THE PARTIES HEREBY FULLY RELEASE, ACQUIT, AND FOREVER DISCHARGE, WITHOUT QUALIFICATION OR LIMITATION, AS FOLLOWS:

(a)　Definitions: As used in this Release:

    (i)　**Hudson Group Releasees** shall mean: The Hudson Group and all of their respective current and former parents, subsidiaries, business units, business divisions, and affiliates, and all of their past, present, and future agents, representatives, members, partners, shareholders, principals, attorneys, officers, directors, investors, trustees, financial or investment advisors, consultants, insurers, advisors, employees, heirs, executors, trustees, representatives, administrators, estates, successors, predecessors, assigns and assignees.

    (ii)　**Bron Creative Releasees** shall mean: Bron Creative, Bron Creative Corp., BRON Studios, Inc. Bron Studios USA, Inc., Creative Wealth Media Finance Corp., Jason Cloth, Aaron Gilbert, and/or Columbia Pictures Industries, Inc., and all of their respective current and former parents, subsidiaries, business units, business divisions, and affiliates, and all of their past, present, and future agents, representatives, members, partners, shareholders, principals, attorneys, officers, directors, investors, trustees, financial or investment advisors, consultants, insurers, advisors and employees, as well as Cloth's and Gilbert's respective executors, trustees, representatives, administrators, agents, estates, successors, predecessors, assigns and assignees.

    (iii)　**Claims** shall mean any and all claims, causes of action, demands, suits, debts, dues, accounts, bonds, covenants, complaints, monies, indemnity, costs, interest, injuries, losses, rights, of any kind or character, in law or

-12-

DocuSign Envelope ID: 13DC5277-6C62-423C-8186-AE953731593

equity, and any and all liability now accrued or hereafter to accrue, known or unknown, suspected or unsuspected, fixed or contingent, liquidated or unliquidated, claimed or unclaimed, arising out of or relating to the Loan, Financing Agreements, Film and/or the Litigation, from the beginning of the world to the Effective Date hereof.

(b)     <u>Dismissal</u>: Upon execution of the Agreement, Hudson Corp. shall file a Stipulation of Discontinuance, with prejudice, in the forms annexed as Exhibit B to the Settlement Agreement.

(c)     <u>Release by the Hudson Group</u>. Upon execution of the Agreement, the Hudson Group, on behalf of themselves, and each of their respective past, present or future partners (whether general, limited, or otherwise), related entities, affiliates, predecessors-in-interest, successors-in-interest, divisions, units, subsidiaries (whether wholly, partially or indirectly owned), licensors, licensees, assignors, assignees, co-venturers, executors, heirs, administrators, parents, owners, principals, officers, managers, shareholders, directors, members, employees, representatives, distributors, insurers, attorneys, consultants, accountants, agents, and each of their respective successors and assigns, past and present, and any and all other persons, corporations or other entities acting under the authority, supervision, direction or on behalf of any of the foregoing ("**Hudson Group Releasors**"), hereby release and discharge the Bron Creative Releasees from all Claims.

(d)     <u>Release by Bron Creative</u>. Upon execution of the Agreement, Bron Creative, on behalf of themselves, and each of their respective past, present or future partners (whether general, limited, or otherwise), related entities, affiliates, predecessors-in-interest, successors-in-interest, divisions, units, subsidiaries (whether wholly, partially or indirectly owned), licensors, licensees, assignors, assignees, co-venturers, executors, heirs, administrators, parents, owners, principals, officers, managers, shareholders, directors, members, employees, representatives, distributors, insurers, attorneys, consultants, accountants, agents, and each of their respective successors and assigns, past and present, and any and all other persons, corporations or other entities acting under the authority, supervision, direction or on behalf of any of the foregoing ("**Bron Creative Releasors**"), hereby release and discharge the Hudson Group from all Claims.

(e)     <u>Waiver of Cal. Civ. Code § 1542</u>. The Parties acknowledge that there is a risk that subsequent to the execution of this Release, one or more of the Parties will incur or suffer damages, loss or injury to person or property that is in some way caused by or connected with the Parties' association with one another, or any of them, but that is unknown and unanticipated at the time of the execution of this Release. The Parties further acknowledge that one or more of the Parties may hereafter discover claims or facts in addition to or different from those which it now knowns or believes to exist with respect to the subject matter of this Release, and which, if known or suspected at the time of executing this Release, may have materially

8685441.v1

DocuSign Envelope ID: 13DC5277-5C82-423C-8186-AAE973781593

affected this Release.  The Parties, on behalf of themselves and, as appropriate, the Hudson Group Releasors and the Bron Creative Releasors, hereby specifically assume such risk and agree that this Release and the releases contained herein shall and do apply to all unknown or unanticipated results of any and all matters causes by or connected with the Parties' association with one another, or any of them, as well as those currently known or anticipated.  Accordingly, each of the Parties, on behalf itself and, as appropriate, the Hudson Group Releasors and the Bron Creative Releasors, acknowledges that it has read California Civil Code Section 1542, which states:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

As part of this general release, and not by way of limitation, the Parties, on behalf themselves and, as appropriate, the Hudson Group Releasors and the Bron Creative Releasors, expressly waive, relinquish and forfeit all rights and benefits accorded by the provisions of Section 1542, and furthermore, waive any rights that they might have to invoke said provisions now or in the future with respect to any rights or claims released in this Release.  The Parties, on behalf themselves and, as appropriate, the Hudson Group Releasors and the Bron Creative Releasors, acknowledge that they understand the significance and consequence of their releases and specific waivers of all known and unknown claims.  For the avoidance of doubt, the Parties make the statements, acknowledgements, assumptions, representations, and waivers in this section on behalf of themselves and, as appropriate, the Hudson Group Releasors and the Bron Creative Releasors, individually and collectively.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

-14-

8685441.v1

DocuSign Envelope ID: 13DC5277-6C82-423C-8186-AAE973731E93

**IT IS UNDERSTOOD AND AGREED**, that this Release may be executed in two or more counterparts, each of which shall be deemed to be an original, and that such separate counterparts shall constitute together one and the same instrument, notwithstanding their date of actual execution.

**IN WITNESS WHEREOF**, the Parties have executed this Release, and it is effective as of the Effective Date.

Hudson Private Corp.

By: _CHRISTOPHER CONOVER_

Date: _7/11/22_

Hudson Private LP

By: _CHRISTOPHER CONOVER_

Date: _7/11/22_

West Ventures LLC

By: _____

Date: _____

Bron Creative USA, Corp.

By: Jason Cloth

Date: 07/08/22

-15-

DocuSign Envelope ID: 13DC5277-6C82-423C-8186-4AE973731E93

IT IS UNDERSTOOD AND AGREED, that this Release may be executed in two or more counterparts, each of which shall be deemed to be an original, and that such separate counterparts shall constitute together one and the same instrument, notwithstanding their date of actual execution.

IN WITNESS WHEREOF, the Parties have executed this Release, and it is effective as of the Effective Date.

| | |
|---|---|
| **Hudson Private Corp.** | **Bron Creative USA, Corp.** |
| By: _____ | By: _Jason Cloth_____ |
| Date: _____ | Date: _07/08/22_____ |

**Hudson Private LP**

By: _____

Date: _____

**West Ventures LLC**

By: _CRAIG PHARES_____

Date: _7/8/22_____

-15-

8685441.v1

## EXHIBIT D

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

|  |  |  |
|---|---|---|
| HUDSON PRIVATE CORP., | : | Index No. |
|  | : |  |
|  | : |  |
| Plaintiff, | : | **AFFIDAVIT OF CONFESSION** |
|  | : | **OF JUDGMENT** |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
| BRON CREATIVE USA, CORP., | : |  |
|  | : |  |
| Defendant. | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JASON CLOTH, hereby affirms pursuant to CPLR 2106(b):

1.    I am a principal of defendant Bron Creative USA, Corp. ("Bron Creative").

2.    I am duly authorized to make this affidavit on behalf of Bron Creative, which makes

this affidavit pursuant to the provisions of Section 3218 of the Civil Practice Law and Rules of the

State of New York.

3.    Bron Creative confesses judgment and authorizes the entry of judgment in favor of

Hudson Private Corp. ("Hudson") against Bron Creative in the total sum of up to Five Million

Dollars ($5,000,000), plus contractual interest at the rate of 15% per annum from January 23, 2020

through the date of collection, plus Hudson's reasonable attorneys' fees and expenses incurred in

connection with the filing and enforcement of this Confession of Judgment, minus any payments

that Bron Creative makes to Hudson pursuant to the Settlement Agreement, dated as of July 8,

2022 by and between Hudson and West Ventures LLC on the one hand, and Bron Creative on the

-16-

other hand (the "Settlement Agreement").

4.    This confession of judgment is for a debt justly due to Hudson arising out of a

default of the Settlement Agreement. Pursuant to the Settlement Agreement, Hudson is authorized

to enter this confession of judgment against Bron Creative as a result of such default.

I affirm this ___11___ day of July 2022, under the penalties of perjury under the laws of New York,
which may include a fine or imprisonment, that I am physically located outside the geographic
boundaries of the United States, Puerto Rico, the United States Virgin Islands, or any territory or
insular possession subject to the jurisdiction of the United States, that the foregoing is true, and I
understand that this document may be filed in an action or proceeding in a court of law.

BRON CREATIVE USA, CORP.

By: Jason Cloth

Title: Principal

-17-