# Exhibit B

## AGREEMENT

**WHEREAS,** Hudson Private Corp. ("Hudson Private"), Hudson Private LP (the "Fund"), and WV Partners LLC a/k/a West Ventures LLC ("WV" and collectively with Hudson Private and the Fund, the "Parties") entered into a Funding Agreement (the "Agreement") in connection with the motion picture entitled "Ghostbusters: Afterlife," formerly referred to as "Rust City" (the "Picture");

**WHEREAS,** WV funded, in the amount of $5,000,000.00 (the "Financing Commitment"), Hudson Private's loan to Bron Creative USA, Corp. ("Bron Creative") for the financing of the Picture (the "Loan");

**WHEREAS,** Hudson Private entered into a Settlement Agreement with Bron Creative in connection with Bron Creative's default under the Loan;

**WHEREAS,** pursuant to the Settlement Agreement, Bron Creative is obligated to pay an aggregate of $5,000,000.00 (the "Settlement Payment") to Hudson Private on or before August 15, 2022;

**WHEREAS,** pursuant to the Settlement Agreement, Hudson Private is obligated to pay all of the Settlement Payment to WV;

**WHEREAS,** as collateral for the Settlement Payment, Bron Creative delivered to Hudson Private an Affidavit in Support of Confession of Judgment (the "Confession of Judgment") pursuant to which, upon an uncured default by Bron Creative to timely and fully pay the Settlement Payment, Hudson Private may file the Confession of Judgment with the Supreme Court, New York County in the amount of the Settlement Payment, plus certain interest, plus Hudson Private's reasonable attorneys' fees and expenses incurred in connection with the filing and enforcement thereof (the "Attorneys Fees"), less any amount Bron Creative had already paid pursuant to the Settlement Agreement,

8692574.v1

and

WHEREAS, the Parties, solely for the avoidance of additional expense and without any admission of liability, wish to fully and finally resolve their dispute, and any other claims and controversies between them relating to the Agreement or the Picture;

NOW THEREFORE, in consideration of the terms and conditions contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. <u>Delivery of the Proceeds.</u>  Within three (3) business days of its receipt of: (a) all or any portion of the Settlement Payment and (b) all or any proceeds recovered in connection with the enforcement of the Confession of Judgment, Hudson Private shall pay such amounts to WV, except for all or any amount recovered for Attorneys' Fees.

2. <u>Release by WV.</u> Upon WV's receipt of funds in accordance with Section 1 above (the "Financing Repayment"), WV and all of its respective current and former parents, subsidiaries, business units, business divisions, and affiliates, and all of their past, present, and future agents, representatives, members, partners, shareholders, principals, attorneys, officers, directors, investors, trustees, financial or investment advisors, consultants, insurers, advisors, employees, heirs, executors, trustees, representatives, administrators, estates, successors, predecessors, assigns and assignees (collectively, the "WV Releasors") release and discharge Hudson Private, the Fund, and all of their past, present, and future agents, representatives, members, partners, shareholders, principals, attorneys, officers, directors, investors, trustees, financial or investment advisors, consultants, insurers, advisors, employees, heirs, executors, trustees, representatives, administrators, estates, successors, predecessors, assigns and assignees (collectively, the "Hudson Releasees") from any and all claims, causes of action, demands, suits,

8692574.v1

debts, dues, accounts, bonds, covenants, complaints, monies, indemnity, costs, interest, injuries, losses, rights, of any kind or character, in law or equity, and any and all liability now accrued or hereafter to accrue, known or unknown, suspected or unsuspected, fixed or contingent, liquidated or unliquidated, claimed or unclaimed, arising out of or relating to the Agreement, the Picture, and the Financing Commitment, up to and including the amount of the Financing Repayment received by WV. <u>In the event that Bron Creative timely and fully pays the Settlement Payment and Hudson Private timely and fully delivers $5,000,000.00 to WV, the release contained herein will no longer be limited to the amount of the Financing Repayment received by WV.</u>

3.  <u>Release by Hudson Private and the Fund.</u>  Upon WV's execution of this agreement, Hudson Private and the Fund, and all of their respective current and former parents, subsidiaries, business units, business divisions, and affiliates, and all of their past, present, and future agents, representatives, members, partners, shareholders, principals, attorneys, officers, directors, investors, trustees, financial or investment advisors, consultants, insurers, advisors, employees, heirs, executors, trustees, representatives, administrators, estates, successors, predecessors, assigns and assignees (collectively, the "Hudson Releasors") release and discharge WV, WV Partners LLC, and all of their past, present, and future agents, representatives, members, partners, shareholders, principals, attorneys, officers, directors, investors, trustees, financial or investment advisors, consultants, insurers, advisors, employees, heirs, executors, trustees, representatives, administrators, estates, successors, predecessors, assigns and assignees (collectively, the "WV Releasees") from any and all claims, causes of action, demands, suits, debts, dues, accounts, bonds, covenants, complaints, monies, indemnity, costs, interest, injuries, losses, rights, of any kind or character, in law or equity, and any and all liability now accrued or hereafter to accrue, known or unknown, suspected or unsuspected, fixed or contingent, liquidated

8692574.v1

or unliquidated, claimed or unclaimed, arising out of or relating to the Agreement, the Picture, and the Financing Commitment.

4. <u>No Admission.</u>  This Agreement does not contain or constitute any admission, concession or agreement by any Party concerning the merits of any issues related hereto and this Agreement shall not be construed as constituting or containing any such admission, concession or agreement.

5. <u>Benefit of Successors.</u>  This Agreement shall inure to the benefit of the Parties hereto and their respective successors, partners and assigns.

6. <u>Counterparts.</u>  This Agreement may be executed in counterparts, which together shall constitute but one and the same agreement.

7. <u>Further Cooperation.</u>  The Parties agree to cooperate with one another, and to provide such further documentation as may be reasonably necessary, to effect the comprehensive and integrated settlement represented by this Agreement and the Releases of the Parties.

8. <u>Choice of Law.</u>  This Agreement shall be governed by, subject to, and construed in accordance with the laws of the State of New York without regard to its internal conflicts of law principles.

9. <u>Choice of Venue.</u>  All parties hereto agree to submit to the exclusive jurisdiction of the Supreme Court of the State of New York, County of New York, for the purpose of adjudicating any disputes arising out of this Agreement.

10. <u>Severability.</u>  The provisions of this Agreement are severable.  If any provision of this Agreement is found to be invalid or unenforceable, then such provision shall be deemed to be deleted only to the extent that it is found to be invalid or unenforceable.  Such an invalid or unenforceable provision shall not affect the validity of the remainder of this Agreement, and the

8692574.v1

remaining provisions shall continue in full force and effect. This Agreement shall survive the termination of any arrangements contained herein.

11. <u>Representation by Counsel.</u> The Parties represent and acknowledge that they fully understand their right to discuss any and all aspects of this Agreement with legal counsel of their own choosing; and they have availed themselves of this right; that they have carefully read and fully understand all the provisions of this Agreement; that they voluntarily enter into this Agreement; and that they have the capacity to enter into this Agreement.

12. <u>No Prior Representation.</u> Each of the Parties acknowledges to the other Parties that neither the other Parties nor any agent or attorney of the other Parties has made any representation, promise or warranty whatsoever, express or implied, written or oral, not contained in this Agreement concerning the subject matter hereof to induce it to execute this Agreement, and each of the Parties acknowledges that it has not executed this Agreement in reliance on any representation, promise or warranty not contained herein or therein.

13. <u>Authority to Bind.</u> The Parties represent and warrant to each other that the persons or legal entities executing this Agreement on its respective behalf have the right, power and authority to do so, and to bind their respective principals.

8692574.v1

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed the foregoing Agreement.

Hudson Private Corp.

_____
By: Christopher J. Conover
Its: President

Hudson Private LP

_____
By: Hudson Valley Management, Inc.
Its: General Partner

WV Partners, LLC

_____
By: Craig Phares
Its: Managing Member

8692574.v1