# Exhibit C

NYSCEF DOC. NO. 21

INDEX NO. 654392/2023

RECEIVED NYSCEF: 09/08/2023

Case 23-56798-pmb    Doc 92-3    Filed 10/30/23    Entered 10/30/23 12:31:28    Desc
Exhibit C - Motion for Summary Judgment in Lieu of Complaint    Page 2 of 51

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION
-------------------------------------------------------------------x

| | | |
|---|---|---|
| WV PARTNERS LLC, | : | Index No. _____/2023 |
| | : | |
| Plaintiff, | : | |
| | : | **NOTICE OF MOTION FOR** |
| - against - | : | **SUMMARY JUDGMENT** |
| | : | **IN LIEU OF COMPLAINT** |
| HUDSON PRIVATE | : | **PURSUANT TO CPLR 3213** |
| CORP., | : | |
| | : | |
| Defendant. | : | |
| | : | |

-------------------------------------------------------------------x

PLEASE TAKE NOTICE that, upon the summons dated September 8, 2023, the annexed

Affidavit of Craig Phares in Support of Plaintiff's CPLR 3213 Motion for Summary Judgment in

Lieu of Complaint, sworn to the 6 day of September 2023, and upon all the exhibits annexed

thereto, Plaintiff will move this Court at the Supreme Court Building, 60 Center Street, Motion

Support Office, Room 130, New York, New York, on October 6, 2023, at 9:30 a.m., or as soon

thereafter as counsel may be heard, which date is not less than 30 days from the date of service of

the summons, for an order:   (a) pursuant to New York Civil Practice Law and Rules

("CPLR") 3213 granting summary judgment in lieu of complaint (i) in favor of Plaintiff and

against Defendant Hudson Private Corp. in the sum of $14,144,154.10 as of August 31, 2023, plus

unpaid interest thereon to the date of the entry of judgment; (ii) directing the subsequent entry of

further judgment in favor of the Plaintiff and against the Defendant for such costs and expenses,

including attorneys' fees, as incurred by Plaintiff in enforcing said Defendant's obligations herein;

and (iii) granting such other and further relief as the Court deems just and proper, all on the grounds

that this is an action based on instruments for the payment of money only and there are no triable

issues of material fact and no defenses to this action.

PLEASE TAKE FURTHER NOTICE that pursuant to CPLR 3213 and CPLR 2214(b), all

answering papers, if any, must be served so as to be received by undersigned at least ten (10) days

prior to the return date of this motion.

Dated: New York, New York

September 8, 2023

**GREENBERG TRAURIG, LLP**

By:   */s/ Robert J. Kirshenberg*
     Robert J. Kirshenberg
     Sarah E. Atlas
     One Vanderbilt Avenue
     New York, New York 10017
     kirshenbergr@gtlaw.com
     atlass@gtlaw.com
     (212) 801-9200

     *Attorneys for Plaintiff*

TO:    Hudson Private Corp.
     Att: Hudson Valley Wealth Management
     15 East Central Avenue
     Pearl River, NY 10965

2

Case 23-56798-pmb    Doc 92-3    Filed 10/30/23    Entered 10/30/23 12:31:28    Desc
Exhibit C - Motion for Summary Judgment in Lieu of Complaint    Page 4 of 51

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION
------------------------------------------------------------------x

WV PARTNERS LLC,                               :
                                               :        Index No. _____/2023
                              Plaintiff,        :
                                               :
              - against -                       :
                                               :        **SUMMONS**
HUDSON PRIVATE                                  :
CORP.,                                         :
                                               :
                              Defendant.        :
                                               :
------------------------------------------------------------------x

**TO THE ABOVE-NAMED DEFENDANT:**

     **YOU ARE HEREBY SUMMONED** and required to serve upon Plaintiff's attorneys your answering papers to this motion pursuant to New York Civil Practice Law and Rules Section ("CPLR") 3213 for summary judgment in lieu of complaint based upon instruments for the payment of money only, within ten (10) days prior to the return date of October 6, 2023 set forth in the accompanying Notice of Motion annexed hereto. In case of your failure to submit answering papers, summary judgment will be taken against you by default for the relief demanded in the Notice of Motion.

[THIS SPACE LEFT INTENTIONALLY BLANK]

Case 23-56798-pmb    Doc 92-3    Filed 10/30/23    Entered 10/30/23 12:31:28    Desc
Exhibit C - Motion for Summary Judgment in Lieu of Complaint    Page 5 of 51

Jurisdiction and the venue is proper as designated by the express agreement of the parties as demonstrated in the Affidavit of Craig Phares in Support of Plaintiff's CPLR 3213 Motion for Summary Judgment in Lieu of Complaint and the exhibits attached thereto. Further, Defendant Hudson Private Corp. is a New York corporation with its principal place of business in the State of New York. Finally, a substantial portion of the events surrounding this dispute occurred in the State and County of New York.

Dated: New York, New York
September 8, 2023

GREENBERG TRAURIG, LLP

By:  /s/ Robert J. Kirshenberg
Robert J. Kirshenberg
Sarah E. Atlas
One Vanderbilt Avenue
New York, New York 10017
kirshenbergr@gtlaw.com
atlass@gtlaw.com
(212) 801-9200

*Attorneys for Plaintiff*

TO:  Hudson Private Corp.
Att: Hudson Valley Wealth Management
15 East Central Avenue
Pearl River, NY 10965

2

Case 23-56798-pmb    Doc 92-3    Filed 10/30/23    Entered 10/30/23 12:31:28    Desc
Exhibit C - Motion for Summary Judgment in Lieu of Complaint    Page 6 of 51

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION
-------------------------------------------------------------------x

WV PARTNERS LLC,

          Plaintiff,

    - against -

HUDSON PRIVATE
CORP.,

          Defendant.

-------------------------------------------------------------------x

Index No. 654392/2023

**REPLY AFFIRMATION OF
ROBERT J. KIRSHENBERG**

Robert Kirshenberg, affirms the following under penalties of perjury pursuant to CPLR § 2106:

1.  I am an attorney admitted to practice law in the state of New York and I am a shareholder of Greenberg Traurig, LLP, counsel to Plaintiff WV Partners LLC's ("WV Partners"). I submit this affirmation in further support of WV Partners' motion for summary judgment in lieu of complaint ("Motion") and in opposition to Defendant Hudson Private Corp.'s ("Hudson") cross-motion to dismiss. I have personal knowledge of the matters set forth herein.

2.  Hudson has argued in its opposition to the pending Motion that it was not afforded the statutorily required number of days to oppose the motion. In fact, had counsel for Hudson contacted me I would have consented to any reasonable request for an extension of time for Hudson to prepare opposition papers and/or to adjourn the return date of the Motion. I never received such a request. Likewise, to my knowledge, Hudson did not seek additional time from the Court to oppose the Motion.

3.  Attached hereto as <u>Exhibit A</u> is a true and correct copy of the Affidavit of John DiCanio, sworn on October 4, 2023.

4.      Attached hereto as <u>Exhibit B</u> is the "Team" page of Hudson's website, last visited on October 4, 2023 at 7:27 pm ET.

5.      Attached hereto as <u>Exhibit C</u> is: (1) Hudson's memorandum of law in support of its motion for summary judgement in lieu of complaint, filed in the Supreme Court of the State of New York, County of New York, against production company Bron Creative USA, Corp. on February 18, 2022; (2) the underlying promissory note, dated January 23, 2020, similarly filed; and (3)  Jason Cloth's Affidavit of Confession of Judgment on behalf of Bron Creative USA, Corp., dated July 11, 2022, filed in the District Court of Clark County, Nevada.

Dated: New York, New York
          October 5, 2023

_____
                Robert J. Kirshenberg

2

FILED: NEW YORK COUNTY CLERK 10/05/2023 04:39 PM          INDEX NO. 654392/2023
NYSCEF DOC. NO. 13                                                                    RECEIVED NYSCEF: 10/05/2023

Case 23-56798-pmb   Doc 92-3   Filed 10/30/23   Entered 10/30/23 12:31:28   Desc
Exhibit C - Motion for Summary Judgment in Lieu of Complaint   Page 8 of 51

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION
-----------------------------------------------------------------x

WV PARTNERS LLC,

               Plaintiff,

- against -

HUDSON PRIVATE
CORP.,

               Defendant.

-----------------------------------------------------------------x

Index No. 654392/2023

**AFFIDAVIT OF
JOHN DICANIO**

STATE OF NEW YORK   )
                        )   ss.:
COUNTY OF NEW YORK )

JOHN DICANIO, being duly sworn, deposes and says:

     1.    I, John DiCanio, being duly sworn, depose and state that I am not a party in this action, reside in the state of New York and am over the age of eighteen years.

     2.    I am an employee of Serving by Irving, Inc. I have worked at Serving by Irving, Inc. for 43 years.

     3.    I was asked to effectuate service of a Notice of Electronic Filing, Summons and Notice of Motion for Summary Judgment in Lieu of Complaint Pursuant to CPLR 3213, Affidavit of Craig Phares in Support of Plaintiff's CPLR 3213 Motion for Summary Judgment in Lieu of Complaint with Exhibits A-B, Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment in Lieu of Complaint, Request for Judicial Intervention, Commercial Division Request for Judicial Intervention Addendum upon Hudson Private Corp., Attn: Hudson Valley Wealth Management.

4.      On September 11, 2023 at 3:25 pm I arrived at 15 East Central Avenue, Pearl River, NY 10965. A female was sitting at the front desk. I asked for Hudson Private Corp. She told me that the person in charge of them is not there right now. I asked the woman if she was authorized to accept service for Hudson Private Corp. and if she would accept service. She represented to me that she was authorized to accept service and gave me her name, Marlene Koch. I announced service on her and she accepted the documents.

5.      A true and correct copy of the Amended Affidavit of Service, correctly identifying Ms. Koch as female, is attached hereto as <u>DiCanio Aff. Exhibit A</u>.

Dated: New York, New York
       October 4, 2023

                                                    John DiCanio

Sworn to before me this
4 of October, 2023

            Notary Public

DI CONG JIANG
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01JI0004030
Qualified in Queens County
Commission Expires 03/27/2027

FILED: NEW YORK COUNTY CLERK 10/05/2023 04:39 PM INDEX NO. 654392/2023

NYSCEF DOC. NO. 13 RECEIVED NYSCEF: 10/05/2023

Case 23-56798-pmb    Doc 92-3    Filed 10/30/23    Entered 10/30/23 12:31:28    Desc
Exhibit C - Motion for Summary Judgment in Lieu of Complaint    Page 11 of 51

# DICANIO AFF.

# EXHIBIT A

FILED: NEW YORK COUNTY CLERK 10/05/2023 04:39 PM INDEX NO. 654392/2023
NYSCEF DOC. NO. 3 RECEIVED NYSCEF: 10/05/2023

Case 23-56798-pmb    Doc 92-3    Filed 10/30/23    Entered 10/30/23 12:31:28    Desc
Exhibit C - Motion for Summary Judgment in Lieu of Complaint    Page 12 of 51

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK: COMMERCIAL DIVISION**

**WV PARTNERS LLC**

INDEX NUMBER: 654392/2023

*Plaintiff*

**vs**

**HUDSON PRIVATE CORP.**

*Defendant*

## AMENDED AFFIDAVIT OF SERVICE

State of New York }
County of New York }  ss.:

The undersigned, being duly sworn, deposes and says;

Deponent is not a party herein, is over 18 years of age and resides in Rye Brook, New York

That on **09/11/2023** at **3:25 PM** at **15 East Central Avenue, Pearl River, NY 10965**

deponent served a(n) **Notice of Electronic Filing, Summons and Notice of Motion for Summary Judgment in Lieu of Complaint Pursuant to CPLR 3213, Affidavit of Craig Phares in Support of Plaintiff's CPLR 3213 Motion for Summary Judgment in Lieu of Complaint with Exhibits A-B, Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment in Lieu of Complaint, Request for Judicial Intervention, Commercial Division Request for Judicial Intervention Addendum**

on **Hudson Private Corp., Attn: Hudson Valley Wealth Management**, a domestic corporation,

by delivering thereat a true copy of each to **Marlene Koch** personally,

deponent knew said corporation so served to be the corporation described in said documents as said defendant and knew said individual to be **authorized to accept service** thereof.

Description of Person Served:
Gender : Female
Skin :  White
Hair : Brown
Age : 36 - 50 Yrs.
Height : 5' 4" - 5' 8"
Weight :131-160 Lbs.
Other :

Sworn to before me this
27th day of September, 2023

NOTARY PUBLIC
DI CONG JIANG
NOTARY PUBLIC STATE OF NEW YORK
QUEENS COUNTY
LIC. # 01JI0004030
COMM EXP. 03/27/2027

John DiCanio

FILED: NEW YORK COUNTY CLERK 10/05/2023 04:39 PM
NYSCEF DOC. NO. 19

INDEX NO. 654392/2023
RECEIVED NYSCEF: 10/05/2023

Case 23-56798-pmb   Doc 92-3   Filed 10/30/23   Entered 10/30/23 12:31:28   Desc
Exhibit C - Motion for Summary Judgment in Lieu of Complaint   Page 13 of 51

# EXHIBIT B



# HUDSON

About    Services    Team    Contact    Client Login



## Chris Conover
### *Founder and President*

Chris founded Hudson Companies in 2008 after nearly a decade on Wall Street with Guardian Life Insurance and Van Eck Global. He manages client relationships and sources investment and capital-raising opportunities through a deep network of industry connections. Chris earned a B.A. in Economics, M.B.A. in Finance, and completed coursework toward a PhD in Behavioral Economics, all at Fordham University.



## Marlene Koch
### *Client Service Associate*

Marlene leads Hudson's administrative efforts and ensures our clients receive the highest level of attention and service. She joined the firm in 2022 after working in administrative roles for the past 13 years. Marlene earned a B.S. in Business Administration from Iona College.

© 2022 Hudson Valley Wealth Management, Inc. ("Hudson Companies")

15 E. Central Ave
Pearl River, New York 10965
P: 845.920.1600
F: 845.735.5903

Use Terms

Privacy Policy

Disclaimers

FILED: NEW YORK COUNTY CLERK 10/05/2023 04:39 PM
INDEX NO. 654392/2023
NYSCEF DOC. NO. 12
RECEIVED NYSCEF: 10/05/2023

Case 23-56798-pmb    Doc 92-3    Filed 10/30/23    Entered 10/30/23 12:31:28    Desc
Exhibit C - Motion for Summary Judgment in Lieu of Complaint    Page 15 of 51

# EXHIBIT C

FILED: NEW YORK COUNTY CLERK 02/08/2023 04:39 PM                    INDEX NO. 650392/2023
NYSCEF DOC. NO. 11                                               RECEIVED NYSCEF: 02/08/2023

Case 23-56798-pmb    Doc 92-3    Filed 10/30/23    Entered 10/30/23 12:31:28    Desc
Exhibit C - Motion for Summary Judgment in Lieu of Complaint    Page 16 of 51

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------x
HUDSON PRIVATE CORP.,                                    :
                                                        :    Index No.
                                    Plaintiff,          :
                                                        :    Motion Seq. No. 001
                            v.                          :
                                                        :
BRON CREATIVE USA, CORP.,                                :
                                                        :
                                    Defendant.          :
------------------------------------------------------------------------x

---

**PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT
IN LIEU OF COMPLAINT**

---

**MEISTER SEELIG & FEIN LLP**
Kevin Fritz, Esq.
125 Park Avenue, 7th Floor
New York, NY 10017
Phone: (212) 655-3500

## TABLE OF CONTENTS

FACTS ........................................................................................................................1

ARGUMENT ..............................................................................................................2

    A.  The Note is an Instrument for the Payment of Money Only ............................2

    B.  Defendant Defaulted on the Note ...................................................................2

CONCLUSION............................................................................................................3

i

## TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*DD Partners, LLC v. Celenza,*
   6 A.D.3d 347 (1st Dep't 2004) ........................................................... 3

*Poah One Acq. Holdings V Ltd. v. Armenta,*
   96 A.D.3d 560 (1st Dep't 2012) ......................................................... 2

*Seaman-Andwall Corp. v. Wright Machine Corp.,*
   31 A.D.2d 136 (1st Dep't 1968) ......................................................... 3

*Weissman v. Sinorm Deli, Inc.,*
   88 N.Y.2d 437, 646 N.Y.S.2d 308, 669 N.E.2d 242 (1996) .................... 2


**Rules**

CPLR § 3213 ........................................................................................ 1, 2

Plaintiff Hudson Private Corp. ("Plaintiff") respectfully submits this memorandum of law in support of its motion, pursuant to CPLR § 3213, for summary judgment in lieu of complaint. This is an action to recover sums due to Plaintiff pursuant to a written promissory note executed by defendant Bron Creative USA, Corp. ("Defendant").

### **FACTS**

On January 23, 2020, Defendant executed the Promissory Note (the "Note") in the principal amount of $5,000,000.00 (the "Principal Note Amount"). (Conover Aff., Ex. A). The Note provides for the accrual of interest on the outstanding principal from the date of the Note at the rate of 15% per annum. (*Id.*, p. 1).

In the Note, Defendant promised to pay the Principal Note Amount plus accrued interest thereon on the date which is the later of: (a) one year from the date of the Note; or (b) 90 days after the motion picture entitled *Ghostbusters: Afterlife* (the "Picture") is released to the public (the "Maturity Date"). (*Id.*, §§ 1, 2.1).

The Picture was released to the public on November 19, 2021, and thus the Maturity Date is February 17, 2022. (Conover Aff., ¶ 7).

As set forth in Section 4.1 of the Note, an "Event of Default" includes Defendant's failure to pay the Principal Note Amount or accrued interest thereon by the Maturity Date. (Conover Aff., Ex. A, § 4.1). In the Note, Defendant waived diligence, presentment, protest, demand and notice of protest, demand, dishonor and nonpayment of the Note except as expressly required by the Note. (*Id.*, § 5.1). The Note does not require notice of an occurrence of an Event of Default under Section 4.1, and Plaintiff may exercise any and all rights and remedies available to Plaintiff under applicable law, including, without limitation, the right to collect from Defendant all amounts due under the Note. (*Id.*, § 4.5).

1

9441/3/7956935.v1

In Section 5.5 of the Note, Defendant agreed to reimburse Plaintiff for all reasonable attorneys' fees and expenses incurred by Plaintiff in connection with the collection and enforcement of the Note. (*Id.*, § 5.5).

The Note is governed by New York law. (*Id.*, § 5.7).In Section 5.7 of the Note, Defendant irrevocably and unconditionally submitted to the jurisdiction of the state courts of New York and the United States District Court for the Southern District of New York, "in each case sitting in the Borough of Manhattan," and waived any objection to venue of suit therein. (*Id.*).

Defendant failed to pay the Principal Note Amount, plus interest, or any portion thereof, to Plaintiff on or before the Maturity Date. (Conover Aff. ¶ 15).

## **ARGUMENT**

### A.    **The Note is an Instrument for the Payment of Money Only**

CPLR § 3213 provides that:

> [w]hen an action is based upon an instrument for the payment of money only … the plaintiff may serve with the summons and notice of motion for summary judgment and the supporting papers in lieu of a complaint.

(CPLR § 3213). Documents that qualify as "instruments for the payment of money only" are those upon which a *prima facie* case can be made out by the instrument itself, plus proof that the payments required under the terms of the instrument were not made. *Weissman v. Sinorm Deli, Inc.*, 88 N.Y.2d 437, 646 N.Y.S.2d 308, 669 N.E.2d 242 (1996). A motion under CPLR § 3213 is an appropriate means to collect on a promissory note. *Poah One Acq. Holdings V Ltd. v. Armenta*, 96 A.D.3d 560 (1st Dep't 2012).

### B.    **Defendant Defaulted on the Note**

A plaintiff in an action seeking summary judgment in lieu of a complaint pursuant to CPLR § 3213 on a promissory note establishes *prima facie* its entitlement to judgment as a matter of law

2

9441/3/7956935.v1

FILED: NEW YORK COUNTY CLERK 02/08/2023 04:39 PM
NYSCEF DOC. NO. 4

INDEX NO. 650392/2023
RECEIVED NYSCEF: 02/08/2023

Case 23-50798-pmb    Doc 92-3    Filed 10/30/23    Entered 10/30/23 12:31:28    Desc
Exhibit C - Motion for Summary Judgment in Lieu of Complaint    Page 21 of 51

by (i) producing and establishing the existence of the promissory note executed by the defendant, and (ii) demonstrating that the defendant has defaulted thereon. *DD Partners, LLC v. Celenza*, 6 A.D.3d 347, 348 (1st Dep't 2004); *Seaman-Andwall Corp. v. Wright Machine Corp.*, 31 A.D.2d 136, 137 (1st Dep't 1968), *aff'd*, 29 N.Y.2d 617, 273 N.E.2d 138, 324 N.Y.S.2d 410 (1971).

Defendant executed the Note but has defaulted thereon. Specifically, under the Note, Defendant was obligated to pay the Principal Note Amount plus accrued interest thereon, to Plaintiff on or before February 17, 2022. (Conover Aff. ¶¶ 6 – 7). However, Defendant failed to pay the Principal Note Amount, plus interest, or any portion thereof, to Plaintiff on or before the Maturity Date. (*Id.* ¶ 14).

Thus, Plaintiff has established a *prima facie* case. Where, as here, a *prima facie* case is established, it is "incumbent on defendants to come forward with evidentiary proof sufficient to raise an issue as to the defenses." *Seaman-Andwall Corp.*, 31 A.D.2d at 137-38.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in the accompanying affidavit, Plaintiff is entitled to summary judgment against Defendant in the amount of $5,000,000.00, plus contractual interest at the rate of 15% per annum from January 23, 2020 through the date of collection, plus Plaintiff's reasonable attorneys' fees and expenses incurred in connection with the collection and enforcement of the Note.

Dated:  New York, NY
       February 17, 2022

**MEISTER SEELIG & FEIN LLP**

By:   /s/ Kevin Fritz
     Kevin Fritz, Esq.
     125 Park Avenue, 7th Floor
     New York, NY 10017
     Tel: (212) 655-3500
     *Attorneys for Plaintiff*

Case 23-56798-pmb Doc 92-3 Filed 10/30/23 Entered 10/30/23 12:31:28 Desc
Exhibit C - Motion for Summary Judgment in Lieu of Complaint Page 22 of 51

**<u>Certificate of Compliance</u>**

I hereby certify that the number of words in the foregoing document, according to the word count on the word processing program utilized, inclusive of point headings and footnotes, and exclusive of the caption, tables of contents and tables of authorities (if any), signature block and this certificate of compliance is **734**.

Dated: New York, NY
      February 17, 2022

/s/ Kevin Fritz
_____
KEVIN FRITZ

4

FILED: NEW YORK COUNTY CLERK 02/05/2023 05:39 PM
NYSCEF DOC. NO. 13
INDEX NO. 650392/2023
RECEIVED NYSCEF: 02/05/2023

Case 23-56798-pmb    Doc 92-3    Filed 10/30/23    Entered 10/30/23 12:31:28    Desc
Exhibit C - Motion for Summary Judgment in Lieu of Complaint    Page 23 of 51

Bron Creative USA, Corp

PROMISSORY NOTE

January 23, 2020                                                    $5,000,000

FOR VALUE RECEIVED, Bron Creative USA, Corp, a Nevada corporation with offices at 345 N. Maple Drive, Suite 294, Beverly Hills, California 90210 (the "Borrower"), promises to pay to Hudson Private Corp., with offices at 15 East Central Avenue, Pearl River, New York 10965, or its permitted assignees, transferees and successors as provided herein (the "Holder"), or as the Holder may direct, at the address of the Holder provided on the signature page hereto or at such other location as the Holder may designate, $5,000,000, or such lesser principal amount as shall be outstanding hereunder (the "Principal Note Amount"), plus any interest thereon from the date of this Promissory Note ("Note") at an interest rate equal to 15.0% per annum, on the outstanding principal amount of this Note (the "Interest Rate").

1.      Note.  This Note is issued by the Borrower on the date first set forth above to fund production costs for the motion picture currently entitled "Ghostbusters: Afterlife" (the "Picture").

2.      Principal and Interest Payments.

2.1     The entire Principal Note Amount together with accrued and unpaid interest thereon will be due and payable on the date which is the later of (i) one year from the date hereof or (ii) 90 days after the Picture is released to the public ("Maturity Date") unless this Note has been previously repaid in accordance with Section 3. If Holder has not received the Principal Note Amount plus Interest by the Maturity Date, Holder shall be entitled to additional interest of 1.5% per month ("Additional Interest") commencing on the first business day of the next month, on the entire outstanding balance, until such time as all amounts due are fully repaid. The Additional Interest shall not be compounded.

2.2     The Principal Note Amount and interest on this Note will be payable in the lawful currency of the United States of America by wire transfer of immediately available funds to the account set forth on Appendix A and without set-off or counterclaim, free and clear of and without deduction for any present or future taxes, restrictions or conditions of any nature.

2.3     Whenever any payment on this Note is stated to be due on a day which is not a business day, the payment will be made on the next succeeding business day and the extension of time will be included in the computation of the payment of interest of this Note.

3.      Prepayment.  This Note may be prepaid by the Borrower at any time, in whole or in part.

4.      Default; Acceleration. The occurrence of any one or more of the following events with respect to the Borrower constitutes an event of default hereunder ("Event of Default"):

4.1     The Borrower fails to pay the Principal Note Amount or the accrued interest thereon when due;

FILED: NEW YORK COUNTY CLERK 02/05/2023 05:39 PM          INDEX NO. 650392/2023
NYSCEF DOC. NO. 11                                      RECEIVED NYSCEF: 02/05/2023

Case 23-56798-pmb    Doc 92-3    Filed 10/30/23    Entered 10/30/23 12:31:28    Desc
Exhibit C - Motion for Summary Judgment in Lieu of Complaint    Page 24 of 51

4.2     The Borrower breaches any covenant, representation or warranty in this Note and the Borrower fails to cure such breach within ten days after receipt of written notice thereof from the Holder;

4.3     The Borrower (a) voluntarily becomes subject to any proceeding under the U.S. Bankruptcy Code or any similar remedy under state statutory or common law, or (b) admits in writing its inability to pay debts generally as they become due;

4.4     Within 60 days after the commencement of proceedings against the Borrower seeking any bankruptcy, insolvency, liquidation, dissolution or similar relief under any present or future statute, law or regulation (a) such action has not been dismissed or all orders or proceedings thereunder affecting the operations or the business of the Borrower has not been stayed, or (b) the stay of any such order or proceedings has been set aside, or, within 60 days after the appointment without the consent or acquiescence of the Borrower of any trustee, receiver or liquidator of the Borrower or of all or any substantial part of the properties of the Borrower, the appointment has not been vacated; and

4.5     A final judgment is rendered against the Borrower that, together with other outstanding final judgments against the Borrower, exceeds an aggregate of $250,000 and within 60 days after its entry the judgment has not been discharged or its execution stayed pending appeal and within 60 days after the expiration of any stay the judgment has not been discharged.

Upon the occurrence of an Event of Default under this Note, (a) except in the case of an Event of Default under Section 4.1, the Borrower shall give the Holder prompt notice of the occurrence of such Event of Default and (b) the Holder may, at its option, (i) declare the entire unpaid principal balance of this Note, together with all accrued interest thereon, immediately due and payable regardless of any prior forbearance upon written notice to the Borrower and/or (ii) exercise any and all rights and remedies available to them under law or this Note; provided, however, in the case of an Event of Default under Section 4.3 or Section 4.4 of this Note, without any notice to the Borrower or any other act by the Holder, the unpaid principal balance and interest accrued on this Note shall immediately become due and payable without presentment, demand, protest or further notice of any kind, all of which are hereby expressly waived by the Borrower. The Holder may exercise any and all rights and remedies available to the Holder under applicable law, including, without limitation, the right to collect from the Borrower all amounts due under this Note.

5.     <u>Miscellaneous</u>.

5.1     <u>Waiver by the Borrower</u>. The Borrower waives diligence, presentment, protest, demand and notice of protest, demand, dishonor and nonpayment of this Note except to the extent expressly required by this Note, and expressly agrees that this Note, and any payment under it, may be extended by the Holder from time to time without in any way affecting the liability of the Borrower.

5.2     <u>Waiver by the Holder and Amendment</u>. Any term of this Note may be amended or waived only the written consent of the Borrower and the Holder. Any amendment or waiver effected in accordance with this Section 5.2 shall be binding upon the Borrower, the Holder and each transferee of this Note.

FILED: NEW YORK COUNTY CLERK 02/05/2023 05:39 PM          INDEX NO. 650392/2023
NYSCEF DOC. NO. 11                                        RECEIVED NYSCEF: 02/05/2023

Case 23-56798-pmb    Doc 92-3    Filed 10/30/23    Entered 10/30/23 12:31:28    Desc
Exhibit C - Motion for Summary Judgment in Lieu of Complaint    Page 25 of 51

     5.3    <u>Restrictions on Assignment</u>. The Borrower will not assign this Note or any of its rights, duties or obligations under this Note without first obtaining the written consent of the Holder.

     5.4    <u>Successors; Permitted Assign</u>. All rights and obligations of the Borrower and the Holder shall be binding upon and benefit the affiliates, members, managers, successors, assigns, heirs and administrators of the parties. For the purposes of this Section 5.4, Holder means any person who is at the time the registered holder of this Note.

     5.5    <u>Costs of Collection</u>. The Borrower agrees to reimburse the Holder for all reasonable attorneys' fees and expenses incurred by the Holder in connection with the collection and enforcement of this Note.

     5.6    <u>Rights and Remedies Cumulative</u>. The rights and remedies of the Holder under this Note and as may otherwise be available at law or in equity are cumulative and concurrent and at the sole discretion of the Holder may be pursued singly, successively or together and exercised as often as the Holder desires.

     5.7    <u>Governing Law; Consent to Jurisdiction</u>. This Note will be governed and construed in accordance with the laws of the State of New York. The parties (a) hereby irrevocably and unconditionally submit to the jurisdiction of the state courts of New York and to the jurisdiction of the United States District Court for the Southern District of New York, in each case sitting in the Borough of Manhattan, for the purpose of any suit, action or other proceeding arising out of or based upon this Agreement, (b) agree not to commence any suit, action or other proceeding arising out of or based upon this Agreement except in the state courts of New York or the United States District Court for the Southern District of New York, in each case sitting in the Borough of Manhattan, and (c) hereby waive, and agree not to assert, by way of motion, as a defense, or otherwise, in any such suit, action or proceeding, any claim that it is not subject personally to the jurisdiction of the above-named courts, that its property is exempt or immune from attachment or execution, that the suit, action or proceeding is brought in an inconvenient forum, that the venue of the suit, action or proceeding is improper or that this Agreement or the subject matter hereof may not be enforced in or by such court.

     5.8    <u>TRIAL BY JURY</u>. THE BORROWER HEREBY WAIVES AND AGREES THAT THE BORROWER WILL NOT ASSERT IN ANY CAPACITY ANY RIGHT TO TRIAL BY JURY IN ANY FORUM WITH RESPECT TO ANY ISSUE, CLAIM, DEMAND OR ACTION ARISING OUT OF OR BASED UPON THIS NOTE, WHETHER FOUNDED IN CONTRACT, TORT OR OTHERWISE.

     5.9    <u>Notices</u>. Any notice required or permitted hereunder shall be given in writing and shall be conclusively deemed effectively given upon personal delivery or delivery by courier, or five days after deposit in the United States mail, by registered or certified mail, postage prepaid, addressed (a) if to the Borrower, as set forth herein, and (b) if to the Holder, at the Holder's address as set forth herein, or at such other address as the Borrower or the Holder may designate by at least ten days' advance written notice to the other party hereto.

FILED: NEW YORK COUNTY CLERK 02/05/2022 05:39 PM INDEX NO. 650392/2022

NYSCEF DOC. NO. 11 RECEIVED NYSCEF: 02/05/2022

Case 23-56798-pmb   Doc 92-3   Filed 10/30/23   Entered 10/30/23 12:31:28   Desc
Exhibit C - Motion for Summary Judgment in Lieu of Complaint   Page 26 of 51

   5.10 <u>Lost or Stolen Note</u>. Upon receipt of evidence reasonably satisfactory to the Borrower of the loss, theft, destruction or mutilation of this Note and, in the case of loss, theft or destruction, upon receipt of an indemnity reasonably satisfactory to the Borrower, or in the case of mutilation, upon surrender and cancellation of this Note, the Borrower, at its expense, will make and deliver a new Note, of like tenor, in lieu of the lost, stolen, destroyed or mutilated Note.

   5.11 <u>Severability</u>. If one or more provisions of this Note are held unenforceable under applicable law, the unenforceable provision will be excluded from this Note and the balance of this Note will be interpreted as if such provision were so excluded and will be enforceable in accordance with its terms. The parties to this Note agree to replace any void or unenforceable provision of this Note with a valid and enforceable provision that will achieve, to the extent possible, the economic, business and other purposes of the void or unenforceable provision.

   5.12 <u>Headings; References</u>. All headings used herein are used for convenience only and will not be used to construe or interpret this Note. Except where otherwise indicated, all references herein to Sections refer to Sections of this Note.

   5.13 <u>Entire Agreement</u>. This instrument represents the entire agreement between the parties hereto with respect to this Note, the debt evidence by this Note, and its terms and conditions.

[SIGNATURE PAGE FOLLOWS]

FILED: NEW YORK COUNTY CLERK 02/05/2023 05:39 PM
NYSCEF DOC. NO. 13

INDEX NO. 650392/2023

RECEIVED NYSCEF: 02/05/2023

Case 23-56798-pmb   Doc 92-3   Filed 10/30/23   Entered 10/30/23 12:31:28   Desc
Exhibit C - Motion for Summary Judgment in Lieu of Complaint   Page 27 of 51

IN WITNESS WHEREOF, the Borrower has executed this Note by it duly authorized officer as of the date and year first written above.

BRON CREATIVE USA, CORP

By: _____
Jason Cloth, Authorized Signing Officer

By: _____
Aaron L Gilbert, Authorized Signing Officer

Address:   345 N. Maple Drive, Suite 294,
Beverly Hills, California 90210

[PROMISSORY NOTE]

FILED: NEW YORK COUNTY CLERK 02/05/2023 05:39 PM INDEX NO. 650392/2023
NYSCEF DOC. NO. 17 RECEIVED NYSCEF: 02/05/2023

Case 23-56798-pmb   Doc 92-3   Filed 10/30/23   Entered 10/30/23 12:31:28   Desc
Exhibit C - Motion for Summary Judgment in Lieu of Complaint   Page 28 of 51

**Appendix A**

**Wiring Instructions**

Hudson Private Corp.
15 East Central Avenue
Pearl River, NY 10965
(845) 920-1600

Wire Information:
TD Bank
105 East Central Avenue
Pearl River, NY 10965

49811243_1

Electronically Filed
9/20/2022 9:56 AM
Steven D. Grierson
CLERK OF THE COURT

**CONF**
MCNUTT LAW FIRM, P.C.
Daniel R. McNutt, Esq., Bar No. 7815
Matthew C. Wolf, Esq., Bar No. 10801
11441 Allerton Park Drive, #100
Las Vegas, Nevada 89135
Tel.: (702) 384-1170 / Fax.: (702) 384-5529
drm@mcnuttlawfirm.com
mcw@mcnuttlawfirm.com
*Counsel for Plaintiff Hudson Private Corp.*

CASE NO: A-22-858612-C
Department 13

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| HUDSON PRIVATE CORP., | Case No.: |
| Plaintiff, | Dept. No.: |
| BRON CREATIVE USA, CORP., | **CONFESSION OF JUDGMENT** |
| Defendant. | |

Pursuant to NRS 17.090, NRS 17.100, and NRS 17.110, Plaintiff Hudson Private Corp.,

by and through their attorneys, McNutt Law Firm, P.C., hereby requests the clerk of the court to

enter the judgment attached hereto as Exhibit 1 against Defendant Bron Creative USA, Corp.

DATED September 20, 2022.

MCNUTT LAW FIRM, P.C.

*/s/ Dan McNutt*
Daniel R. McNutt, Esq., Bar No. 7815
Matthew C. Wolf, Esq., Bar No. 10801
11441 Allerton Park Drive, #100
Las Vegas, Nevada 89135
*Counsel for Plaintiff Hudson Private Corp.*

1

FILED: NEW YORK COUNTY CLERK 10/05/2023 04:39 PM INDEX NO. 654392/2023
NYSCEF DOC. NO. 17 RECEIVED NYSCEF: 10/05/2023

Case 23-56798-pmb    Doc 92-3    Filed 10/30/23    Entered 10/30/23 12:31:28    Desc
Exhibit C - Motion for Summary Judgment in Lieu of Complaint    Page 30 of 51

# Exhibit 1

## EXHIBIT D

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |
|---|---|
| HUDSON PRIVATE CORP., | :     Index No. |
|  | : |
|              Plaintiff, | :     **AFFIDAVIT OF CONFESSION** |
|  | :     **OF JUDGMENT** |
|  | : |
|              v. | : |
|  | : |
|  | : |
| BRON CREATIVE USA, CORP., | : |
|  | : |
|              Defendant. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JASON CLOTH, hereby affirms pursuant to CPLR 2106(b):

1.     I am a principal of defendant Bron Creative USA, Corp. ("Bron Creative").

2.     I am duly authorized to make this affidavit on behalf of Bron Creative, which makes

this affidavit pursuant to the provisions of Section 3218 of the Civil Practice Law and Rules of the

State of New York.

3.     Bron Creative confesses judgment and authorizes the entry of judgment in favor of

Hudson Private Corp. ("Hudson") against Bron Creative in the total sum of up to Five Million

Dollars ($5,000,000), plus contractual interest at the rate of 15% per annum from January 23, 2020

through the date of collection, plus Hudson's reasonable attorneys' fees and expenses incurred in

connection with the filing and enforcement of this Confession of Judgment, minus any payments

that Bron Creative makes to Hudson pursuant to the Settlement Agreement, dated as of July 8,

2022 by and between Hudson and West Ventures LLC on the one hand, and Bron Creative on the

FILED: NEW YORK COUNTY CLERK 10/05/2023 04:39 PM
INDEX NO. 654392/2023
NYSCEF DOC. NO. 7
RECEIVED NYSCEF: 10/05/2023

Case 23-56798-pmb    Doc 92-3    Filed 10/30/23    Entered 10/30/23 12:31:28    Desc
Exhibit C - Motion for Summary Judgment in Lieu of Complaint    Page 32 of 51

other hand (the "Settlement Agreement").

4.      This confession of judgment is for a debt justly due to Hudson arising out of a

default of the Settlement Agreement.  Pursuant to the Settlement Agreement, Hudson is authorized

to enter this confession of judgment against Bron Creative as a result of such default.

I affirm this  11  day of July 2022, under the penalties of perjury under the laws of New York,
which may include a fine or imprisonment, that I am physically located outside the geographic
boundaries of the United States, Puerto Rico, the United States Virgin Islands, or any territory or
insular possession subject to the jurisdiction of the United States, that the foregoing is true, and I
understand that this document may be filed in an action or proceeding in a court of law.

**BRON CREATIVE USA, CORP.**

By: Jason Cloth

Title: Principal

-17-

Case 23-56798-pmb    Doc 92-3    Filed 10/30/23    Entered 10/30/23 12:31:28    Desc
Exhibit C - Motion for Summary Judgment in Lieu of Complaint    Page 33 of 51

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION

-------------------------------------------------------------x
                                       :

WV PARTNERS LLC,                  :
                                         :

                         Plaintiff,   :    Index No.  654392/2023
                                       :

         - against -          :

                                         :

HUDSON PRIVATE
CORP.,                           :
                                       :

                       Defendant.  :
-------------------------------------------------------------x

 

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT IN LIEU OF COMPLAINT AND IN
<u>OPPOSITION TO DEFENDANT'S CROSS-MOTION TO DISMISS</u>**

Greenberg Traurig LLP
One Vanderbilt Avenue
New York, New York 10017
(212) 801-9200

Attorneys for Plaintiff WV Partners LLC

FILED: NEW YORK COUNTY CLERK 10/05/2023 04:39 PM    INDEX NO. 654392/2023
NYSCEF DOC. NO. 19    RECEIVED NYSCEF: 10/05/2023

Case 23-56798-pmb    Doc 92-3    Filed 10/30/23    Entered 10/30/23 12:31:28    Desc
Exhibit C - Motion for Summary Judgment in Lieu of Complaint    Page 34 of 51

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................ 1

STATEMENT OF FACTS ..................................................................................... 2

ARGUMENT ..................................................................................................... 3

    POINT I:      PERSONAL SERVICE WAS EFFECTED ON HUDSON ...................... 3

    POINT II:     HUDSON WAIVED ITS PURPORTED JURISDICTIONAL
                 DEFENSE BY SUBMITTING A MERITS-BASED
                 OPPOSITION AND IT HAS SUFFERED NO PREJUDICE ................... 5

    POINT III:    THE FUNDING AGREEMENTS CONSTITUTE
                 INSTRUMENTS FOR THE PAYMENT OF MONEY ONLY ................ 9

CONCLUSION .................................................................................................. 13

FILED: NEW YORK COUNTY CLERK 10/05/2023 04:39 PM
INDEX NO. 654392/2023
NYSCEF DOC. NO. 13
RECEIVED NYSCEF: 10/05/2023

Case 23-56798-pmb    Doc 92-3    Filed 10/30/23    Entered 10/30/23 12:31:28    Desc
Exhibit C - Motion for Summary Judgment in Lieu of Complaint    Page 35 of 51

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bank of Am., N.A. v. Lightstone Holdings, LLC,*
    938 N.Y.S.2d 225 (Sup. Ct. N.Y. Cty. 2011) ................................................................10, 11

*Bankers Tr. Co. v. Nat'l Union Fire Ins. Co.,*
    261 A.D.2d 286 (1st Dep't 1999) ...........................................................................................11

*Belluardo v. Nationwide Ins. Co.,*
    231 A.D.2d 661 (2d Dep't 1996) ..............................................................................................4

*Bhanti v. Jha,*
    140 A.D.3d 685 (2d Dep't 2016) ..............................................................................................6

*Blue Line Drywall & Builder, Inc. v. SAM NJ 44 Stelton, LLC,*
    2023 NY Slip Op 50477(U) (Sup. Ct. N.Y. Cty. 2023)............................................................6

*Blue Lagoon, LLC v. Reisman*
    214 A.D.3d 938 (2d Dep't 2023) ..............................................................................................6

*Bond Street Servicing LLC v. Merchant Mechanics, Inc.,*
    No. 651932/2020, 2020 WL 5201125 (Sup. Ct. N.Y. Cty. Aug. 27, 2020) ............................6

*Brooklyn Fed. Sav. Bank v. Crosstown W. 28 LLC,*
    958 N.Y.S.2d 644 (Sup. Ct. Kings Cty. 2010).........................................................................7

*Commissiong v. Mark Greenberg Real Estate Co. LLC,*
    203 A.D.3d 657 (1st Dep't 2022) ..............................................................................................4

*Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Int'l," N.Y.*
    *Branch v. Navarro,*
    25 N.Y.3d 485 (N.Y. 2015) ......................................................................................................9

*D & L Holdings, LLC v. RCG Goldman Co. LLC,*
    287 A.D.2d 65 (1st Dep't 2001) .............................................................................................12

*DDS Partners, LLC v. Celenza,*
    6 A.D.3d 347 (1st Dep't 2004) ...........................................................................................9, 12

*Diversified Inv'rs Corp. v. DiversiFax, Inc.,*
    239 A.D.2d 231 (1st Dep't 1997) ...........................................................................................11

*Fashion Page, Ltd. v. Zurich Ins. Co.,*
    50 N.Y.2d 265 (N.Y. 1980) ..................................................................................................3, 4

*Flushing Natl. Bank v. Brightside Mfg.,*
    298 N.Y.S.2d 197 (Sup. Ct. Queens Cty. 1969) ...................................................................5, 9

*Gallant Funding, L.P. v. Tocci,*
    34 Misc. 3d 1220(A) (Sup. Ct. Kings Cty. 2011).......................................................6, 7, 9, 11

ii

FILED: NEW YORK COUNTY CLERK 10/05/2023 04:39 PM INDEX NO. 654392/2023
NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 10/05/2023

Case 23-56798-pmb Doc 92-3 Filed 10/30/23 Entered 10/30/23 12:31:28 Desc
Exhibit C - Motion for Summary Judgment in Lieu of Complaint Page 36 of 51

*Goldstein v. Saltzman*,
  821 N.Y.S.2d 746 (Sup. Ct. Nassau Cty. 2006) ........................................................... 6

*Hessel v. Goldman, Sachs & Co.*,
  281 A.D.2d 247 (1st Dep't 2001) .............................................................................. 3

*ICICI Bank UK PLC Antwerp Branch v. Manilal*,
  2020 NY Slip Op 31606(U) (Sup. Ct. N.Y. Cty. 2020) ....................................... 5, 7, 9

*JPMorgan Chase Bank v. Lucia*,
  No. 2018-51487, 2019 NY Misc LEXIS 1473 (Sup. Ct. Dutchess Cty. Jan. 25,
  2019) ........................................................................................................................ 5

*Kerin v. Kaufman*,
  296 A.D.2d 336 (1st Dep't 2002) ............................................................................ 10

*Kosachuk v. Quality Choice Healthcare, Inc.*,
  2019 NY Slip Op 32871 [U] (Sup Ct. N.Y. Cty. 2019) .............................................. 5

*Maglich v. Saxe, Bacon & Bolan, P. C.*,
  97 A.D.2d 19 (1st Dep't 1983) ................................................................................ 10

*Maguire Ft. Hamilton LLC v. Pfeiffer*,
  No. 650852/2021, 2021 WL 1851099 (Sup. Ct. N.Y. Cty. May 06, 2021) ................... 6

*Moriches Indus. Park, LLC v. Rosenberg*,
  No. 204/2016, 2017 WL 6806298 (Sup. Ct. Suffolk Cty. Dec. 05, 2017) ................... 6

*National Bank of Canada v. Skydell*,
  181 A.D.2d 645 (1st Dep't 1992) .............................................................................. 7

*Park Union Condo. v. 910 Union St., LLC*,
  140 A.D.3d 673 (1st Dep't 2016) ............................................................................ 11

*Peck v. Church*,
  160 A.D.2d 854 (2d Dep't 1990) .............................................................................. 3

*Plaza 400 Owners Corp. v. Resnicoff*,
  640 N.Y.S.2d 984 (N.Y. Civ. Ct. 1996) ............................................................. 5, 7, 8, 9

*Quartix Finance Inc. v. KSH Brands LLC*,
  No. 654957/2022, 2023 WL 4464105 (Sup. Ct. N.Y. Cty. July 10, 2023) ................... 6

*Ross Bicycles v. Citibank*,
  149 A.D.2d 330 (1st Dep't 1989) .............................................................................. 7

*Segway of N.Y., Inc. v. Udit Grp., Inc.*,
  120 A.D.3d 789 (2d Dep't 2014) .............................................................................. 6

*Shaoul v. Dominguez*,
  No. 154998/2019, 2019 WL 4737927 (Sup. Ct. N.Y. Cty. Sep. 24, 2019) ................... 6

*Stevens v. PHLO Corp.*,
  288 A.D.2d 56 (1st Dep't 2001) .............................................................................. 10

*Swig Equities, LLC v. Gindi*,
  No. 104522/2009, 2009 WL 2135135 (Sup. Ct. N.Y. Cty. July 09, 2009) ................... 6

FILED: NEW YORK COUNTY CLERK 10/05/2023 04:39 PM
INDEX NO. 654392/2023
NYSCEF DOC. NO. 13
RECEIVED NYSCEF: 10/05/2023

Case 23-56798-pmb    Doc 92-3    Filed 10/30/23    Entered 10/30/23 12:31:28    Desc
Exhibit C - Motion for Summary Judgment in Lieu of Complaint    Page 37 of 51

*TD Bank, N.A. v. Excelsior Syndication of New York LLC*,
    No. 163126/15, 2016 WL 1301747 (Sup. Ct. N.Y. Cty. Mar. 28, 2016) ................................6

*Weissman v. Sinorm Deli*,
    88 N.Y.2d 437 (N.Y. 1996) ........................................................................................10

**Statutes**

NY CLS Unif Rules, Civil Cts § 202.70.......................................................................................2

CPLR § 311.............................................................................................................................1, 3

CPLR § 3213..................................................................................................................*Passim*

iv

FILED: NEW YORK COUNTY CLERK 10/05/2023 04:39 PM
INDEX NO. 654392/2023
NYSCEF DOC. NO. 18
RECEIVED NYSCEF: 10/05/2023

Case 23-56798-pmb    Doc 92-3    Filed 10/30/23    Entered 10/30/23 12:31:28    Desc
Exhibit C - Motion for Summary Judgment in Lieu of Complaint    Page 38 of 51

Plaintiff WV Partners LLC respectfully submits this memorandum: 1) in further support of its motion for summary judgment in lieu of complaint pursuant to CPLR § 3213 against Hudson Private Corp. (the "Motion"); and 2) in opposition to Hudson's Cross-Motion to Dismiss.

## PRELIMINARY STATEMENT

Confronted with overwhelming evidence that the two Funding Agreements constitute instruments for the payment of money only, and that it defaulted long ago, Hudson proffers two meritless defenses. First, Hudson cross-moves to dismiss, arguing service was improper or, if served properly, it was entitled to an additional six days to submit opposition. Alternatively, Hudson argues the Funding Agreements do not constitute instruments for the payment of money only, thus the Motion should be substantively denied. Both arguments fail.

As set forth in the accompanying Affidavit of John DiCanio (the "DiCanio Aff."),[1] the Motion was personally served on Hudson at its Pearl River, New York headquarters consistent with CPLR § 311. Hudson offers no admissible proof, through affidavit or otherwise, rebutting that showing. Similarly, WV Partners followed the language of CPLR § 3213 when it noticed its Motion, contrary to Hudson's claim that it was purportedly entitled to an additional six days to file opposition. But assuming *arguendo* that Hudson's claim is correct, it is irrelevant because, as a matter of law, Hudson waived this argument by submitting a substantive response to the Motion (the "Opposition" or "Opp.", Dkt. No. 12). Under New York law, Hudson's decision to oppose the Motion substantively - rather than merely cross-move for dismissal on jurisdictional grounds - effects a waiver of that defense. If Hudson truly required additional days to respond, Hudson could and would have simply called WV Partners' counsel, which it did not do.

---

[1] Exhibit A to the Reply Affirmation of Robert J. Kirshenberg, sworn to the 5th day of October 2023 (the "Kirshenberg Reply Affirm.").

Finally, the Funding Agreements plainly qualify as CPLR § 3213 instruments for the payment of money only, and New York common law and common sense rebut Hudson's misplaced assertion that its repayment obligations were somehow conditioned on "future events."

Hudson's demands a second bite at the apple and its Cross-Motion seeks improperly to game the system by seeking delay for delay's sake. This Commercial Division is designed to provide a "cost-effective, predictable and fair adjudication of complex commercial cases[,]" and Hudson's procedural ploy to further delay adjudication of this dispute is at odds with the very purpose of this Division. *See* NY CLS Unif Rules, Civil Cts § 202.70(g).  New York law precludes this legal sleight of hand.  The Motion should be granted; Hudson's Cross-Motion should be denied.

### STATEMENT OF FACTS

Notwithstanding Hudson's filing, the following facts remain undisputed:

First, Hudson failed to repay WV Partners more than ten million dollars pursuant to two Funding Agreements in connection with the production of two movies, although repayment was duly demanded. Both Funding Agreements constitute instruments for the payment of money only, as they are both unconditional promises to pay a sum certain, signed by the parties, and the amounts were due to be repaid at a readily identifiable date.

Second, the Motion was personally served on Hudson by a professional process server on September 11, 2023 and Hudson does not contest that it received the Motion, neither has it proffered an affidavit or any other admissible proof from anyone at Hudson that Ms. Koch was not authorized to accept service.

## ARGUMENT

## POINT I:

## PERSONAL SERVICE WAS EFFECTED ON HUDSON

On September 11, 2023, a professional process server personally served the Motion on Hudson by delivering it to Ms. Marlene Koch, a person employed by Hudson at its headquarters in Pearl River, New York, consistent with CPLR § 311(a)(1).  That statute provides:

> [p]ersonal service upon a corporation … shall be made by delivering the summons … upon any domestic … corporation, to … <u>any []</u> <u>agent authorized by appointment … to receive service</u>.

(Emphasis added). There is no question Ms. Koch is employed by Hudson and represented to Mr. DiCanio that she was authorized to accept service on behalf of Hudson. *See* DiCanio Aff. ¶ 4 and Kirshenberg Reply Affirm. at <u>Exhibit B</u>.  Consequently, the requirements of the statute were met, Hudson was personally served, and its specious claim contesting service should be rejected.

Where a corporate employee represents herself as authorized to accept service on behalf of a company, the intent and requirements of CPLR § 311(a)(1) are met. *See, e.g.*, *Fashion Page, Ltd. v. Zurich Ins. Co.*, 50 N.Y.2d 265, 272 (N.Y. 1980) ("Reliance may be based on the corporate employees to identify the proper person to accept service. … [I]f service is made in a manner which, objectively viewed, is calculated to give the corporation fair notice, the service should be sustained."); *Hessel v. Goldman, Sachs & Co.*, 281 A.D.2d 247, 247-48 (1st Dep't 2001) (service on legal assistant who stated she was authorized to accept service on behalf of company proper because process server "acted reasonably and with due diligence under the circumstances and since the manner of service, objectively viewed, was calculated to give and did give the corporate defendant fair notice of the commencement of [] action" (citation omitted)); *Peck v. Church*, 160 A.D.2d 854, 854-55 (2d Dep't 1990) (service on church effective where evidence demonstrated

3

FILED: NEW YORK COUNTY CLERK 10/05/2023 04:39 PM
NYSCEF DOC. NO. 13
INDEX NO. 654392/2023
RECEIVED NYSCEF: 10/05/2023
Case 23-56798-pmb    Doc 92-3    Filed 10/30/23    Entered 10/30/23 12:31:28    Desc
Exhibit C - Motion for Summary Judgment in Lieu of Complaint    Page 41 of 51

that the process server "asked the [  ] pastor . . . if the papers could be served upon him, and [he] replied that they could" and "accepted the papers …").

Further, "when the corporation is regularly doing business in the State, it generally cannot be heard to complain that the summons was delivered to the wrong person when the process server has gone to its offices, made proper inquiry of the defendant's own employees, and delivered the summons according to their directions." *Fashion Page, Ltd.*, 50 N.Y.2d at 273. If, as Hudson contends, "the summons has been served on the wrong person, the fault lies with [Hudson] and not with the process server, who made the appropriate inquiries and did all that she should be expected to do to see that the corporation was properly served." *Belluardo v. Nationwide Ins. Co.*, 231 A.D.2d 661, 661-62 (2d Dep't 1996).

The caselaw relied on by Hudson is inapposite. *Commissiong v. Mark Greenberg Real Estate Co. LLC* stands only for the proposition that service on a corporation via a receptionist may be deemed ineffective where "the affidavit of service did not state that the 'receptionist' who accepted service at the management office was an officer, authorized agent, or member of the defendant entities to qualify as proper service …" 203 A.D.3d 657, 658 (1st Dep't 2022).  That is not this case here.

Finally, Hudson fails to proffer any admissible proof that Ms. Koch was not authorized to accept service. Hudson offers no affidavit from Ms. Koch, or anyone else employed by Hudson, to rebut WV Partners' showing or support its claim that Ms. Koch was unauthorized to accept service. That failure is telling. Personal service was properly effectuated on Hudson at its corporate headquarters in Pearl River, New York on September 11, 2023.

4

FILED: NEW YORK COUNTY CLERK 10/05/2023 04:39 PM
NYSCEF DOC. NO. 18

INDEX NO. 654392/2023
RECEIVED NYSCEF: 10/05/2023

Case 23-56798-pmb    Doc 92-3    Filed 10/30/23    Entered 10/30/23 12:31:28    Desc
Exhibit C - Motion for Summary Judgment in Lieu of Complaint    Page 42 of 51

## POINT II:

### HUDSON WAIVED ITS PURPORTED JURISDICTIONAL DEFENSE BY SUBMITTING A MERITS-BASED OPPOSITION AND IT HAS SUFFERED NO PREJUDICE

It is well settled that "where a defendant appears and opposes [a] motion on the merits, the court may disregard the fact that the return date did not satisfy the time requirements set forth in CPLR 3213." *ICICI Bank UK PLC Antwerp Branch v. Manilal*, 2020 NY Slip Op 31606(U), ¶ 9 (Sup. Ct. N.Y. Cty. 2020); *Kosachuk v. Quality Choice Healthcare, Inc.*, 2019 NY Slip Op 32871 [U], ¶ 3 (Sup Ct. N.Y. Cty. 2019); *JPMorgan Chase Bank v. Lucia*, No. 2018-51487, 2019 NY Misc LEXIS 1473, at *7-9 (Sup. Ct. Dutchess Cty. Jan. 25, 2019); *Plaza 400 Owners Corp. v. Resnicoff*, 640 N.Y.S.2d 984, 986-89 (N.Y. Civ. Ct. 1996); *Flushing Natl. Bank v. Brightside Mfg.*, 298 N.Y.S.2d 197, 199-200 (Sup. Ct. Queens Cty. 1969). In fact, Hudson's Opposition acknowledges that "[b]y contesting the merits of a motion pursuant to CPLR Section 3213, a defendant waives any issue regarding the adequacy of notice." Opp. at 16. Yet, by electing to oppose WV Partners' Motion with merits arguments, rather than merely cross-moving to dismiss on jurisdictional grounds, Hudson waived its entitlement to argue for dismissal arising from purported short service on the grounds it is entitled to an additional six days to oppose the Motion.

As an initial matter, there is no dispute that Hudson filed substantive merits-based arguments in opposition to the Motion. Indeed, the very title of Hudson's brief is: "Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment in Lieu of Complaint and in Support of Defendant's Cross-Motion to Dismiss." (Emphasis added). The entirety of Point III of Hudson's Opposition is merits based. In those pages, Hudson argues the Motion fails as a matter of both fact and law and should be denied, on the merits. It further parses the language of the Funding Agreements, and goes so far as to distinguish WV Partners' cited case law. *See* Opp. at 5-6. In fact, Hudson explicitly argues the Motion should be denied "because the Funding

5

FILED: NEW YORK COUNTY CLERK 10/05/2023 04:39 PM INDEX NO. 654392/2023
NYSCEF DOC. NO. 19 RECEIVED NYSCEF: 10/05/2023

Case 23-56798-pmb    Doc 92-3    Filed 10/30/23    Entered 10/30/23 12:31:28    Desc
Exhibit C - Motion for Summary Judgment in Lieu of Complaint    Page 43 of 51

Agreement are not instruments for the payment of money only" — certainly a merits based, if flawed argument. *See* Opp. at Conclusion. *See also Gallant Funding, L.P. v. Tocci*, 34 Misc. 3d 1220(A) (Sup. Ct. Kings Cty. 2011).

Hudson's strategic decision to oppose the Motion on the merits effected a waiver of its ability to seek dismissal based on purported short service or obtain a technical jurisdictional dismissal, despite its attempt to reserve its rights. Hudson's own citations prove the point. In *Goldstein v. Saltzman*, the principal citation relied upon by Hudson, the trial court held: "where the defendant is not given the statutorily required time but appears and opposes the motion on the merits, the court may disregard the short service and decide the merits on the motion. By appearing and contesting on the merits, the defendant waives any issue regarding the adequacy of the notice." 821 N.Y.S.2d 746, 748 (Sup. Ct. Nassau Cty. 2006). In fact, nearly every case cited by Hudson where a Court dismissed a 3213 motion on account of short service involved a defendant who either defaulted or failed to oppose the motion on the merits.[2] Neither is this situation, where Hudson was served, appeared, and substantively opposed the Motion.

---

[2] Cases involving defendants that failed to answer, appear, or oppose the 3213 motion. *See, e.g.*, *Goldstein*, 821 N.Y.S.2d at 750; *Bond Street Servicing LLC v. Merchant Mechanics, Inc.*, No. 651932/2020, 2020 WL 5201125, at *1 (Sup. Ct. N.Y. Cty. Aug. 27, 2020); *Shaoul v. Dominguez*, No. 154998/2019, 2019 WL 4737927, at *1 (Sup. Ct. N.Y. Cty. Sep. 24, 2019); *Moriches Indus. Park, LLC v. Rosenberg*, No. 204/2016, 2017 WL 6806298, at *1 (Sup. Ct. Suffolk Cty. Dec. 05, 2017); *TD Bank, N.A. v. Excelsior Syndication of New York LLC*, No. 163126/15, 2016 WL 1301747, at *1 (Sup. Ct. N.Y. Cty. Mar. 28, 2016); *Segway of N.Y., Inc. v. Udit Grp., Inc.*, 120 A.D.3d 789, 790 (2d Dep't 2014); *Swig Equities, LLC v. Gindi*, No. 104522/2009, 2009 WL 2135135 (Sup. Ct. N.Y. Cty. July 09, 2009); *Blue Line Drywall & Builder, Inc. v. SAM NJ 44 Stelton, LLC*, 2023 NY Slip Op 50477(U), ¶ 1 (Sup. Ct. N.Y. Cty. 2023); *Maguire Ft. Hamilton LLC v. Pfeiffer*, No. 650852/2021, 2021 WL 1851099, at *1 (Sup. Ct. N.Y. Cty. May 06, 2021). *See also Quartix Finance Inc. v. KSH Brands LLC*, No. 654957/2022, 2023 WL 4464105, at *5 (Sup. Ct. N.Y. Cty. July 10, 2023) (discussing *Bhanti v. Jha*, 140 A.D.3d 685 (2d Dep't 2016) and explaining "[t]o the extent that *Bhanti* can be interpreted as finding an improper return date to be a fatal jurisdictional defect in all circumstances, it is superseded by a more recent Second Department decision, *Blue Lagoon, LLC v Reisman* (214 AD3d 938, 941-42 [2d Dept 2023]), where the court determined that 'plaintiff's failure to provide an adequate return date on its original notice of motion was not a fatal defect that deprived the Supreme Court of jurisdiction over the

This rule makes sense because: "short service [is] immaterial when the defendant has appeared and contested on the merits." *Plaza 400*, 640 N.Y.S.2d at 988. Indeed, it has long been the law that "short service has been viewed as a nonfatal irregularity if the opponent mailed a response before the return date," precisely what occurred here. *Plaza 400*, 640 N.Y.S.2d at 987. As the *Plaza 400* Court reasoned, "[i]f the adversary is afforded an adequate opportunity to respond before the motion is submitted to the court for decision, substantial prejudice is unlikely. The court need not automatically deny the motion without prejudice; it must exercise its discretion according to the circumstances." *Id*. *See also Brooklyn Fed. Sav. Bank v. Crosstown W. 28 LLC*, 958 N.Y.S.2d 644, 644 (Sup. Ct. Kings Cty. 2010) ("jurisdiction is not the issue where an adverse party has not been afforded enough time to respond to a motion, complaint, or summons"); *Skydell*, 181 A.D.2d at 646 (affirming denial, not dismissal, of the plaintiff's CPLR § 3213 motion while maintaining jurisdiction over the defendant).

Finally, Hudson has not, and cannot demonstrate any prejudice here. Having been personally served, Hudson chose not to request additional days to respond, electing instead to oppose the Motion substantively while cross-moving on jurisdictional grounds, seeking to delay adjudication of the parties' dispute. The issue of a default or inadequate time to oppose the Motion is not present here and not relevant to this case, which involves Funding Agreements signed by Hudson years ago that it refused to repay. *See, e.g.*, *Gallant*, 34 Misc. 3d at 1220A ("[w]here short service does not cause a default, 'the issue is not the lateness of the service, but whether it caused the respondent substantial prejudice.' In the absence of substantial prejudice, lack of jurisdiction

---

action'"); *ICICI Bank*, 2020 NY Slip Op 31606(U), at ¶¶ 10-11 (discussing *National Bank of Canada v. Skydell*, 181 A.D.2d 645 (1st Dept. 1992) and explaining that court "cited *Ross Bicycles v Citibank* (149 AD2d 330, 539 N.Y.S.2d 906 [1st Dept 1989]), indicating that the defendant may have been in default because in that case" because "[t]he court in *Ross* held that 'the default should be vacated and appellant given an opportunity to appear and contest the motion for summary judgment in lieu of complaint'").

7

FILED: NEW YORK COUNTY CLERK 10/05/2023 04:39 PM                INDEX NO. 654392/2023
NYSCEF DOC. NO. 19                                                        RECEIVED NYSCEF: 10/05/2023

Case 23-56798-pmb    Doc 92-3    Filed 10/30/23    Entered 10/30/23 12:31:28    Desc
Exhibit C - Motion for Summary Judgment in Lieu of Complaint    Page 45 of 51

by the Court, or evidence of deliberate wrongdoing which would implicate 'significant ethical and constitutional issues,' requiring the parties to resubmit motions would be unfairly burdensome and needlessly delay resolution of the dispute." (quoting *Plaza 400*, 640 N.Y.S.2d at 988)).

The Court's language in *Plaza 400* is again applicable on this point as well: "[t]here is no indication here that [WV Partners] attempted to provoke a default. Neither is there evidence of any other deliberate wrongdoing. Rather, the delivery and mailing were effected in a manner and at times reasonably calculated to be received. Indeed, it is undisputed that [Hudson] received the papers well in advance of the return date. Service satisfied due process standards. Although the short service here did not give [Hudson] the minimum appearance/answer time, it did not vitiate the service itself[.] … Neither did it prejudice [Hudson], who received an adequate opportunity to defend. Thus, there is no legal basis for deeming the short service a 'jurisdictional' defect. Neither does any policy consideration require dismissal." 640 N.Y.S.2d at 988.

Finally, Hudson proffers no evidence that it was prejudiced by receiving only 25-days' notice of the Motion and over two weeks to submit answering papers.[3] Tellingly, Hudson chose not to reach out to WV Partners' counsel, or the Court, for additional time to oppose the Motion, but instead embarked on a tactical jurisdictional Cross-Motion to avoid adjudication of its sizeable, and growing, debt. *See* Kirshenberg Reply Affirm. ¶ 2. The failure to reach out to counsel speaks volumes as to the purpose of the Cross-Motion – delay. Had Hudson sought otherwise, it need only have picked up the phone and asked for an extension. *Id.*

---

[3] WV Partners served Hudson on September 11, 2023 – 25 days before its Motion was noticed to be heard, which is more than the minimum 20 days required by personal service under CPLR § 3213. *See* CPLR § 3213 and Dkt. No 2. CPLR § 3213 permits a plaintiff that sets a hearing date "later than the minimum time" to "require the defendant to serve a copy of his answering papers upon him within such extended period of time, not exceeding ten days, prior to such hearing date." WV Partners complied with the express language of CPLR § 3213.

8

Because "there is no evidence of substantial prejudice or deliberate wrongdoing on the part of [WV Partners], any short service would not be a fatal defect." *Gallant*, 34 Misc. 3d at 1220A. Accordingly, even assuming *arguendo* that Hudson was entitled to an additional six days to respond (which WV Partners denies), this Court should "disregard the fact that the return date missed the time requirements set forth in CPLR 3213" and grant WV Partners' Motion. *ICICI Bank*, 2020 NY Slip Op 31606(U), at ¶ 10. [4]

**POINT III**

**THE FUNDING AGREEMENTS CONSTITUTE INSTRUMENTS
FOR THE PAYMENT OF MONEY ONLY**

In its moving memorandum, WV Partners demonstrated that the Funding Agreements were (a) duly executed, and (b) not repaid when due, establishing a prima facie case for summary judgment. WV Partners also established the Funding Agreements are "typical example[s] of [] instrument[s] within the meaning of the statute" because they are "negotiable instrument[s] for the payment of money [and] unconditional promise[s] to pay a sum certain, signed by the maker and due on demand or at a definite time." *DDS Partners, LLC v. Celenza*, 6 A.D.3d 347, 348 (1st Dep't 2004) (citation omitted). Thereafter, "the burden shift[ed] to [Hudson] to establish, by admissible evidence, the existence of a triable issue with respect to a bona fide defense." *Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Int'l," N.Y. Branch v. Navarro*, 25 N.Y.3d 485, 492 (N.Y. 2015) (citation omitted). Hudson's Opposition fails to rebut

---

[4] Even if the Court finds Hudson has been prejudiced by "short service," motions for summary judgment in lieu of complaint are meant to expedite presumptively meritorious claims in a simple and direct manner. Thus courts "should further this legislative intent without setting up hypertechnical barriers…" *Flushing Nat'l Bank*, 298 N.Y.S.2d at 199. Accordingly, even if the Court finds prejudice here, "it is better practice to adjourn the motion for adequate response time." *Plaza 400*, 640 N.Y.S.2d at 987.

9

this showing through admissible evidence and none of its caselaw supports its defenses.[5] Instead, Hudson proffers a hodgepodge of meritless defenses unsupported by governing law, hoping one sticks.

Hudson first proffers the convoluted argument that because Hudson's "obligation to repay . . . is conditioned upon Plaintiff's performance – the transfer of $5 million to Defendant to fund the production of each Picture," the Funding Agreements do not constitute instruments for the payment of money only. *See* Opp. at 5-6. Hudson seems to posit that because the Funding Agreements required WV Partners first to wire funds to Hudson following the Agreements' executions (like most commercial loan agreements), that required step disqualifies the Funding Agreements from qualifying for CPLR § 3213 treatment. The argument finds no support in the common law, or common sense. Requiring WV Partners to transfer money to Hudson which must later be repaid pursuant to the parties' agreement did not "require additional performance by" any party "as a condition precedent to payment, or otherwise make [Hudson's] promise to pay something other than unconditional." *Stevens v. PHLO Corp.*, 288 A.D.2d 56, 56 (1st Dep't 2001). It simply effectuated the Funding Agreements.

---

[5] *Cf. Weissman v. Sinorm Deli*, 88 N.Y.2d 437, 444-45 (N.Y. 1996) (reversing order granting 3213 motion where "[t]here [was] no written instrument by which the individual shareholders explicitly obligated themselves to make a required payment of a sum certain" and "defendants never signed any commercial paper"); *Maglich v. Saxe, Bacon & Bolan, P. C.*, 97 A.D.2d 19, 23 (1st Dep't 1983) (*reversing denial* of 3213 motion where the parties' correspondence "unequivocally establishes the loan, the renewals for stated periods and the fixed rates of interest"); *Kerin v. Kaufman*, 296 A.D.2d 336, 337-38 (1st Dep't 2002) (defendants' obligation to pay money was contingent upon the plaintiff refraining from making disparaging comments about former employer). *See also Bank of Am., N.A. v. Lightstone Holdings, LLC*, 938 N.Y.S.2d 225, 225 (Sup. Ct. N.Y. Cty. 2011) (discussing *Kerin* and explaining "there is a significant distinction between a condition precedent that is well-defined 'within the four corners of the debt instrument' and a condition precedent that requires something outside the agreement to determine what constitutes this condition, for example, a judicial proceeding. The latter condition does not qualify for the CPLR 3213 motion").

10

Similarly, the formula used to calculate when repayment was owed placed no future performance obligations or conditions on Hudson's unequivocal promise to repay WV Partners a sum certain at a date certain. Rather, this formula merely provided two dates in order to calculate when Hudson's unconditional promise to pay became due. *See, e.g.*, *Gallant*, 34 Misc. 3d at 1220A ("Defendants point to the words 'Guaranty of Payment and Performance' to imply that there is performance required other than payment, although they do not point to any specific action that defendants are meant to perform.").

In sum, the law in the First Department crisply holds that an instrument that provides "for payment of a sum certain upon the easily verified failure of specified events, [] is deemed 'an instrument for the payment of money only.'" *Bankers Tr. Co. v. Nat'l Union Fire Ins. Co.*, 261 A.D.2d 286, 286 (1st Dep't 1999) (citation omitted). Instruments that include repayment formulas that depend on future dates or occurrences, like the Funding Agreements, qualify as instrument for the payment of money only. *See, e.g.*, *id.* at 286 (bond that provided that sum certain was payable "upon failure of the principal to either successfully appeal … money judgment … or to pay the amount of such judgment" qualifies as instrument for the payment of money only); *Park Union Condo. v. 910 Union St., LLC*, 140 A.D.3d 673, 673-74 (1st Dep't 2016) (agreement "contain[ing] an unconditional promise by defendant to pay plaintiffs upon the execution of releases attached to the agreement… required no additional performance by plaintiffs as a condition precedent to payment or otherwise made defendant's promise to pay something other than unconditional"); *Diversified Inv'rs Corp. v. DiversiFax, Inc.*, 239 A.D.2d 231, 233 (1st Dep't 1997) (agreement an "instrument for the payment of money only" where "[b]y its own terms, the agreement provided that the debt would be automatically reinstated and unconditionally due on October 13, 1995, upon the failure of Fax to register the shares"); *Bank of Am., N.A.*, 938 N.Y.S.2d at 225 (loan agreements

11

FILED: NEW YORK COUNTY CLERK 10/05/2023 04:39 PM
INDEX NO. 654392/2023
NYSCEF DOC. NO. 143
RECEIVED NYSCEF: 10/05/2023

Case 23-56798-pmb    Doc 92-3    Filed 10/30/23    Entered 10/30/23 12:31:28    Desc
Exhibit C - Motion for Summary Judgment in Lieu of Complaint    Page 49 of 51

that provided for repayment if any borrower "files a voluntary petition under the Bankruptcy Code" qualifies).

Alternatively, Hudson argues that because the Funding Agreements are not promissory notes or guarantees, they are not "negotiable instruments." *See* Opp. at 6. But CPLR § 3213 contains no such limitations. The statute only requires that the note be "an instrument for the payment of money only …" Specific types of repayment arrangements are not dispositive – the instrument need only be "an unconditional promise to pay a sum certain, signed by the maker and due on demand or at a definite time." *DDS Partners*, 6 A.D.3d at 348 (citation omitted). Those elements are met by the Funding Agreements.

Finally, Hudson should be judicially estopped from arguing the Funding Agreements are not instruments for the payment of money only. In a prior case pending before this Court, Hudson took the opposite position with respect to a funding agreement entered into with the company producing the Ghostbusters movie, which has a nearly identical payment formula and terms. Hudson successfully secured a confession of judgment there by arguing that funding agreement constituted an instrument for the payment only subject to CPLR § 3213. *See* Kirshenberg Reply Affirm. at <u>Exhibit C</u>. New York law precludes Hudson from now arguing the contrary. *See, e.g.*, *D & L Holdings, LLC v. RCG Goldman Co. LLC*, 287 A.D.2d 65, 71-72 (1st Dep't 2001) (judicial estoppel "preclude[s] a party who assumed a certain position in a prior legal proceeding and who secured a judgment in his or her favor from assuming a contrary position in another action simply because his or her interests have changed" (citation omitted)).

Hudson failed to refute that the Funding Agreements are instruments for the payment of money only within the meaning of CPLR § 3213.

## CONCLUSION

For all the foregoing reasons, WV Partners' Motion for Summary Judgment in Lieu of Complaint should be granted in its entirety, together with such other and further relief that the Court deems just and proper, and Hudson's Cross-Motion should be denied.

Dated:    New York, New York
          October 5, 2023

                              Respectfully submitted,

                              **GREENBERG TRAURIG, LLP**

                              By:  /s/ Robert J. Kirshenberg
                                   Robert J. Kirshenberg
                                   Sarah E. Atlas
                                   One Vanderbilt Avenue
                                   New York, New York 10017
                                   kirshenbergr@gtlaw.com
                                   atlass@gtlaw.com
                                   (212) 801-9200

                                   *Attorneys for Plaintiff*

13

FILED: NEW YORK COUNTY CLERK 10/05/2023 04:39 PM                    INDEX NO. 654392/2023
NYSCEF DOC. NO. 19                                              RECEIVED NYSCEF: 10/05/2023

Case 23-56798-pmb    Doc 92-3    Filed 10/30/23    Entered 10/30/23 12:31:28    Desc
Exhibit C - Motion for Summary Judgment in Lieu of Complaint    Page 51 of 51

## **Certificate of Compliance**

I hereby certify that the number of words in the foregoing document, according to the word count on the word processing program utilized, inclusive of point headings and footnotes, and exclusive of the caption, tables of contents and tables of authorities, signature block and this certificate of compliance is 4,156.


Dated: New York, NY
October 5, 2023

By: ___*/s/ Robert J. Kirshenberg*_____

14