**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| In re:<br><br>BRON Media Holdings USA Corp., *et al.*,<br><br>Debtors in a Foreign Proceeding. | Chapter 15<br><br>Case No. 23-56798-pmb<br><br>Jointly Administered |

## NOTICE OF FILING OF CCAA TERMINATION ORDER

BRON Media Corp., in its capacity as the Canadian Court-appointed and authorized foreign representative (the "Foreign Representative") for the above-captioned debtors (collectively, the "Debtors") which are the subjects of a reorganization proceeding (the "CCAA Proceeding") commenced before the Supreme Court of British Columbia (the "Canadian Court") under Canada's *Companies' Creditors Arrangement Act*, hereby files the following **CCAA Termination Order** attached hereto as **Exhibit A** entered by the Canadian Court on March 22, 2024 in the case styled *In the Matter of the Companies' Creditors Arrangement Act, R.S.C. 1985, c. C-36, As Amended and In the Matter of the Business Corporations Act, S.B.C. 2002, c. 57, As Amended and the Business Corporations Act, R.S.O. 1990, C. B. 16, As Amended and In the Matter of a Plan of Compromise or Arrangement of Bron Media Cop. And the Entities Listed on Schedule "A"*.

Dated: March 26, 2024.

**JONES & WALDEN LLC**

*/s/ Cameron M. McCord*
Cameron McCord
Georgia Bar No. 143065
Mark Gensburg
Georgia Bar No. 213119
Attorneys for Debtors
699 Piedmont Ave NE
Atlanta, Georgia 30308
(678) 701-9235
cmccord@joneswalden.com
mgensburg@joneswalden.com
*Counsel for Debtors and Foreign Representatives*

# **EXHIBIT A**

*CCAA Termination Order*

```
SUPREME COURT
OF BRITISH COLUMBIA
VANCOUVER REGISTRY

MAR 2 2 2024

ENTERED
```

No. S-235084
Vancouver Registry

IN THE SUPREME COURT OF BRITISH COLUMBIA

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,
R.S.C. 1985, c. C-36, AS AMENDED

AND

IN THE MATTER OF THE *BUSINESS CORPORATIONS ACT*,
S.B.C. 2002, c. 57, AS AMENDED AND THE BUSINESS CORPORATIONS ACT, R.S.O. 1990,
C. B.16, AS AMENDED

AND

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF
BRON MEDIA CORP. AND THE ENTITIES LISTED AT **SCHEDULE "A"**

PETITIONERS

PETITIONERS
O R D E R MADE AFTER APPLICATION

(CCAA Termination Order)

| BEFORE THE HONOURABLE | ) | |
|---|---|---|
| | ) | MARCH 22, 2024 |
| JUSTICE GOMERY | ) | |

THE APPLICATION of the Petitioners coming on for hearing at Vancouver, British Columbia, on the 22nd day of March, 2024 (the "**Application**"); AND ON HEARING Asim Iqbal and Bryan Hicks, counsel for the Petitioners and those other counsel listed on **Schedule "B"** hereto and no one else appearing although duly served; AND UPON READING the material filed, including the Affidavit of Aaron Gilbert affirmed March 12, 2024, the Sixth Report of Grant Thornton Limited in its capacity as the Court-appointed Monitor (in such capacity, the "**Monitor**"), dated March 15, 2024 (the "**Sixth Report**"), the Fee Affidavit of Mark Wentzell dated March 15, 2024 (the "**Grant Thornton Fee Affidavit**"), and the Fee Affidavit of Forrest Finn dated March 15, 2024 (the "**Cassels Fee Affidavit**");

AND pursuant to the *Companies' Creditors Arrangement Act*, R.S.C. 1985 c. C-36 as amended ("**CCAA**"), the British Columbia *Supreme Court Civil Rules* and the inherent jurisdiction of this Honourable Court;

- 2 -

**THIS COURT ORDERS AND DECLARES THAT:**

**SERVICE**

1. The time for service of the Application and the supporting materials is hereby abridged such that the Application is property returnable today.

**INTERPRETATION**

2. All capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Initial Order of Justice Gomery dated January 17, 2024, as further amended and/or restated ("**Initial Order**").

**TERMINATION OF CCAA PROCEEDINGS**

3. Upon service by the Monitor of an executed certificate substantially in the form attached hereto as Schedule "C" (the "**Monitor's Termination Certificate**") on the service list in these CCAA proceedings ("**Service List**") certifying that, to the best of the knowledge and belief of the Monitor, all matters to be attended to in connection with the CCAA proceedings have been completed, the within CCAA proceedings shall be terminated without any further act or formality (the "**CCAA Termination Time**"), save and except as provided in this Order, and provided that nothing herein impacts the validity of any Orders made in these CCAA proceedings or any actions or steps taken by any Person (as defined in the Initial Order).

4. The Monitor is hereby directed to file a copy of the Monitor's Termination Certificate with the Court and post a copy of the Monitor's Termination Certificate on its website as soon as is practicable following the CCAA Termination Time.

5. The Administration Charge, the KERP Charge, and the Director's Charge shall terminate effective as of the CCAA Termination Time, without any further act or formality.

**STAY PERIOD**

6. The Stay Period is extended until the earlier of (a) the CCAA Termination Time, and (b) April 30, 2024.

**TERMINATION OF INTERIM LENDER'S CHARGE**

7. The Interim Lender's Charge is hereby terminated as of the date of this Order without any further act or formality.

**APPROVAL OF FEES AND ACTIVITIES**

8. The activities of the Monitor as described in the Sixth Report are hereby approved; provided however that only Grant Thornton Limited in its personal capacity and only with respect to its own personal liability, shall be entitled to rely upon or utilize in any way such approval.

9. The Monitor's fees in the amount of CAD$97,404, plus applicable taxes for the period from January 2, 2024 to March 11, 2024, as set out in the Grant Thornton Fee Affidavit, be and are hereby approved.

LEGAL*62042370.2

10. The Monitor's estimated future fees up to March 29, 2024 consisting of USD$75,000, and the fee accrual of USD$25,000 to cover the fees and disbursements incurred from March 29, 2024 to the CCAA Termination Time, as outlined in the Sixth Report, are hereby approved.

11. The fees of the Monitor's legal counsel, Cassels, Brock and Blackwell LLP ("**Cassels**") in the amount of CAD$156,712.23, and the disbursements of Cassels in the amount of CAD$3,796.17, plus applicable taxes, for the period from January 1, 2024 and March 12, 2024, as set out in the Cassels Fee Affidavit, be and are hereby approved.

12. The fees of U.S. counsel to the Monitor, Alexander Law APC in the amount of USD$9,450 are hereby approved.

13. Cassels's estimated future fees up to March 29, 2024 consisting of USD$55,000, and the fee accrual of USD$25,000 to cover the fees and disbursements incurred from March 29, 2024 to the CCAA Termination Time, as outlined in the Sixth Report, are hereby approved.

**DISCHARGE OF MONITOR**

14. Effective at the CCAA Termination Time, Grant Thornton Limited shall be and is hereby discharged from its duties as the Monitor and shall have no further duties, obligations or responsibilities as Monitor from and after the CCAA Termination Time, provided that, notwithstanding its discharge as Monitor, Grant Thornton Limited shall have the authority to carry out, complete or address any matters in its role as Monitor that are ancillary or incidental to these CCAA proceedings following the CCAA Termination Time, as may be required or appropriate ("**Monitor Incidental Matters**").

15. For greater certainty, the Monitor's powers to address the Monitor Incidental Matters shall include the power and authorization to sign any documents or take any step on behalf of Gossamer Productions BC Inc. ("**Gossamer**") and Fables Productions BC Inc. ("**Fables**") that may reasonably be required to assist in the realization from the Canada Revenue Agency of the proceeds of any tax credits assigned to Three Point Capital Holdings LLC ("**TPC**"), as described in the Sixth Report, including but not limited to the execution of any direction with respect to the Blocked Account Agreement dated February 22, 2024 between the National Bank of Canada, Gossamer, and TPC and the Blocked Account Agreement dated February 22, 2024 between the National Bank of Canada, Fables, and TPC dated February 22, 2024 (the "**TPC Tax Credit Matters**"). Upon reasonable request by the Monitor, all Persons shall deliver to the Monitor of the any documents in such Person's possession and control that may reasonably be required by the to resolve TPC Tax Credit Matters, and/or (ii) preserve and grant the Monitor immediate and continued access to any documents reasonably required to resolve TPC Tax Credit Matters. All reasonable and documented fees and expenses incurred by the Monitor and its counsel in respect of TPC Tax Credit Matters shall be paid directly by TPC and no Person other than TPC shall have any liability to the Monitor for the payment of such incurred fees and expenses.

16. The Monitor may only file the Monitor Termination Certificate on or after the date that is the earlier of the following: (i) the date upon which the Monitor receives written confirmation from the Guilds and CWML that requirement to enter into assignment and assumption agreements under paragraph 13 of the Approval and Vesting Order (Creative Wealth Transaction) of this Court dated January 17, 2024 (the "**AVO**") has been satisfied; or (ii) April 30, 2024. Nothing in in this order, or the occurrence of the CCAA Termination

LEGAL*62042370.2

- 4 -

Time, shall prevent the Guilds from applying to a court of competent jurisdiction to enforce the terms of paragraph 13 of the AVO.

17. Notwithstanding any provision of this Order, the Monitor's discharge or the termination of these CCAA proceedings, nothing herein shall affect, vary, derogate from, limit or amend, and the Monitor shall continue to have the benefit of, all of the rights, approvals and protections in favour of the Monitor at law or pursuant to the CCAA, the Initial Order, or any other Order of this Court in these CCAA proceedings or otherwise, all of which are expressly continued and confirmed following and after the CCAA Termination Time, including in connection with any Monitor Incidental Matters and other actions taken by the Monitor following the CCAA Termination Time with respect to the Petitioners or these CCAA proceedings.

18. No action or other proceeding shall be commenced against the Monitor in any way arising from or related to its capacity as Monitor, including in connection with any Monitor Incidental Matters taken after the CCAA Termination Time, except with prior leave of this Court on not less than fifteen (15) days prior notice to the Monitor.

**GENERAL**

19. The Petitioners, the Monitor, and any interested parties may from time to time apply to a court of competent jurisdiction for advice and directions with respect to this Order and their rights, powers, and duties hereunder.

20. All courts, tribunals, regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance to the Petitioners, to the Monitor, as an officer of this Court, and to the interested parties, as applicable, as may be necessary or desirable to give effect to, or in carrying out the terms of, this Order.

21. Each of the Petitioners, the Monitor, and the Interested Parties are at liberty and are authorized and empowered to apply to any court, tribunal, regulatory, or administrative body, wherever located, for the recognition of this Order and for assistance in carrying out the terms of this Order.

22. Endorsement of this Order by counsel appearing on this application, other than counsel for the Petitioners, is hereby dispensed with.

LEGAL*62042370.2

- 5 -

23. This Order and all of its provisions are effective as of 12:01 a.m. local Vancouver time on the date hereof.

24. The Petitioners have leave to apply for a release substantially in the form attached as **Schedule "D"**.

THE FOLLOWING PARTIES APPROVE THE FORM OF THIS ORDER AND CONSENT TO EACH OF THE ORDERS, IF ANY, THAT ARE INDICATED ABOVE AS BEING BY CONSENT:

_____
Signature of  *Bryan Hicks*
☐ Party  ☑ Lawyer for the Petitioners

for  Asim Iqbal

BY THE COURT

_____
REGISTRAR

AS TO FORM
KM

Certified a true copy according to
the records of the Supreme Court
at Vancouver, B.C.
DATED:    MAR 22 2024

_____
Authorized Signing Officer
Kade Chapman

LEGAL*62042370.2

- 6 -

# Schedule A

## List of Petitioners

|     | Debtor Company | Jurisdiction |
|-----|----------------|--------------|
| 1.  | BRON Animation Inc. | British Columbia |
| 2.  | BRON Creative Corp. | Ontario |
| 3.  | BRON Developments Inc. | British Columbia |
| 4.  | BRON Media Corp. | British Columbia |
| 5.  | BRON Media Holdings Intl. Corp. | British Columbia |
| 6.  | BRON Media Holdings USA Inc. | British Columbia |
| 7.  | BRON Releasing Inc. | British Columbia |
| 8.  | BRON Studios Inc. | British Columbia |
| 9.  | BRON Ventures 1 (Canada) Corp | British Columbia |
| 10. | BRON Everest Productions Inc. | Ontario |
| 11. | Fables Productions BC Inc. | British Columbia |
| 12. | Gossamer Productions BC Inc. | British Columbia |
| 13. | Hench 2 BC Productions Inc. | British Columbia |
| 14. | Henchmen Productions Inc. | British Columbia |
| 15. | Robin Hood Digital PC BC Inc. | British Columbia |
| 16. | Windor Productions BC Inc. | British Columbia |
| 17. | BRON Creative USA, Corp. | Nevada |
| 18. | BRON Digital USA, LLC | Delaware |
| 19. | BRON Life USA Inc. (BRON Legacy USA Inc.) | Delaware |
| 20. | BRON Media Holdings USA Corp. | Delaware |
| 21. | BRON Releasing USA Inc. | Delaware |
| 22. | BRON Studios USA Inc. | Nevada |
| 23. | BRON Ventures 1, LLC | Delaware |
| 24. | BRON Studios USA Developments Inc. | Nevada |
| 25. | Bakhorma, LLC | Washington |
| 26. | Drunk Parents, LLC | New York |
| 27. | Fables Holdings USA, LLC | Delaware |
| 28. | Fables Productions USA Inc | Delaware |

LEGAL*62042370.2

-7-

| 29. | Gossamer Holdings USA, LLC | Delaware |
|---|---|---|
| 30. | Gossamer Productions USA Inc. | Delaware |
| 31. | Harry Haft Productions, Inc. | New York |
| 32. | Heavyweight Holdings, LLC (previously Harry Haft Films, LLC) | Delaware |
| 33. | I Am Pink Productions, LLC | Delaware |
| 34. | Lucite Desk, LLC | Delaware |
| 35. | National Anthem Holdings, LLC (f. k. a. BCDC Holdings, LLC) | Delaware |
| 36. | National Anthem ProdCo Inc. | New Mexico |
| 37. | Oakland Pictures Holdings, LLC | Delaware |
| 38. | Pathway Productions, LLC | Delaware |
| 39. | Robin Hood Digital PC USA Inc. | Delaware |
| 40. | Robin Hood Digital USA, LLC | Delaware |
| 41. | Solitary Holdings USA, LLC | Delaware |
| 42. | Surrounded Holdings USA LLC | Delaware |
| 43. | Welcome to Me, LLC | California |
| 44. | Front Runner Productions, Inc. | Georgia |
| 45. | Brown Amy, LLC | Nevada |
| 46. | Fonzo Production Services Inc. | Louisiana |
| 47. | Fonzo, LLC | Nevada |
| 48. | Front Runner, LLC | Nevada |
| 49. | Green Moon Inc. | Washington |
| 50. | Harmon Films, LLC | New York |
| 51. | Harmon Monster Films, Inc. | New York |
| 52. | Needle In A Timestack, LLC | Delaware |

LEGAL*62042370.2

- 8 -

| 53. | Para Productions, LLC | Nevada |
| --- | --- | --- |
| 54. | Red Sea LLC | Nevada |
| 55. | Red Sea Productions Inc. | Nevada |
| 56. | Tully Productions, LLC | Nevada |
| 57. | TWWMD Holdings, LLC | Delaware |
| 58. | TWWMD Productions, Inc. | Nevada |
| 59. | Villains Pictures, LLC | Nevada |
| 60. | Villains Production Services, Inc. | New York |
| 61. | Surrounded Productions USA Inc. | Delaware |
| 62. | October Series Holdings, LLC | Delaware |

LEGAL*62042370.2

## Schedule B

### List of Counsel

| NAME | PARTY |
|---|---|
| John Birch, Cassels Brock & Blackwell LLP | Counsel to the Monitor |
| Claire Hildebrand, Blake, Cassels & Graydon LLP | Counsel to Three Point Capital Holdings, LLC |

LEGAL*62042370.2

## Schedule C

No. S-235084
Vancouver Registry

**IN THE SUPREME COURT OF BRITISH COLUMBIA**

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,

R.S.C. 1985, c. C-36, AS AMENDED

AND

IN THE MATTER OF THE *BUSINESS CORPORATIONS ACT*,

S.B.C. 2002, c. 57, AS AMENDED AND THE BUSINESS CORPORATIONS ACT, R.S.O. 1990, C. B.16, AS AMENDED

AND

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF BRON MEDIA CORP. AND THE ENTITIES LISTED AT SCHEDULE "A"

PETITIONERS

### MONITOR'S TERMINATION CERTIFICATE

**RECITALS**

1. Grant Thornton Limited ("**GT**") was appointed as the Monitor of the Petitioners in the within proceedings commenced under the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended (the "**CCAA**") pursuant to an Initial Order of the British Columbia Superior Court of Justice (the "**Court**") dated July 19, 2023 (as amended, the "**Initial Order**").

2. Pursuant to an Order of this Court dated March 22, 2024 (the "**CCAA Termination Order**"), among other things, GT shall be discharged as the Monitor and the Petitioners' CCAA proceedings shall be terminated upon the service of this Monitor's Termination Certificate on the Service List in these CCAA proceedings, all in accordance with the terms of the CCAA Termination Order.

**THE MONITOR HEREBY CERTIFIES** the following:

3. To the knowledge of the Monitor, all matters to be attended to in connection with the Petitioners' CCAA Proceedings (Court File No. S-235084) have been completed.

[*Signature page follows*]

DATED at Vancouver, British Columbia this _____ day of _____, 2024.

**Grant Thornton Limited, in its capacity of the Monitor of the Petitioners, and not in its personal or corporate capacity**

Per:
Name:
Title:

## Schedule A to Termination Certificate

## List of Petitioners

75482933.8
LEGAL*62042370.2

## Schedule D

Effective at the CCAA Termination Time, in addition to the protections in favour of the Monitor in any Order of this Court in the CCAA proceedings or the CCAA, the Monitor and the Petitioners, their respective counsel, and each of the Petitioners' officers, directors, partners, employees and agents, as applicable, (collectively, the "**Released Parties**") are hereby released and forever discharged from any and all liability that the Released Parties now or may hereafter have by reason of any act, omission, transaction, dealing or other occurrence in any way relating to arising out of, or in respect of these CCAA proceedings, including in carrying out any Monitor Incidental Matters, whether known or unknown, matured or unmatured, foreseen or unforeseen, relating to matters that were raised, or could have been raised, in the within proceedings, save and except for any gross negligence or wilful misconduct.

<u>**EXHIBIT B**</u>
**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In re: | Chapter 15 |
| BRON Media Holdings USA Corp., *et al.*, | Case No. 23-56798-pmb |
| Debtors in a Foreign Proceeding. | Jointly Administered |

**CERTIFICATE OF SERVICE**

This is to certify that on this day I have filed the foregoing *Notice of Filing of CCAA Termination Order* (the "Notice") using the Bankruptcy Court's Electronic Case Filing program which sent a notice of and an accompanying link to the Notice to the following parties who have appeared in this case under the Bankruptcy Court's ECF Program:

- **Bryan E. Bates**    bbates@phrd.com
- **Kennedy Bodnarek**    kbodnarek@phrd.com
- **Alison Elko Franklin**    Alison.Franklin@gtlaw.com, fieldss@gtlaw.com
- **Brian P. Hall**    bhall@sgrlaw.com, sgr.notifications@gmail.com
- **Michael F. Holbein**    mholbein@sgrlaw.com
- **Walter E. Jones**    wjones@balch.com, fednoticesatl@balch.com
- **David B. Kurzweil**    kurzweild@gtlaw.com, brattons@gtlaw.com
- **Louis G. McBryan**    lmcbryan@mcbryanlaw.com, alepage@mcbryanlaw.com
- **Office of the United States Trustee**    ustpregion21.at.ecf@usdoj.gov
- **Matthew Petrie**    petriem@gtlaw.com
- **Patrick Silloway**    psilloway@balch.com, ddaley@balch.com
- **J. Nevin Smith**    tpauley@smithconerly.com, jsmith@smithconerly.com;R40523@notify.bestcase.com

This 26th day of March, 2024.

**JONES & WALDEN LLC**

<u>*/s/ Cameron M. McCord*</u>
Cameron M. McCord
Georgia Bar No. 143065
699 Piedmont Ave, NE
Atlanta, Georgia 30308
(404) 564-9300
cmccord@joneswalden.com
*Counsel for Debtors and Foreign Representative*