**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In re:<br><br>BRON Media Holdings USA Corp. *et al*.,<br><br>Debtors in a Foreign Proceeding. | Chapter 15<br><br>Case No. 23-56798-PMB<br><br>Jointly Administered |

**NOTICE OF MOTION OF FOREIGN**
**REPRESENTATIVE FOR ENTRY OF A FINAL DECREE**
**CLOSING CHAPTER 15 CASES AND DISCHARGING FOREIGN REPRESENTATIVE**

PLEASE TAKE NOTICE that on May 14, 2024, BRON Media Corp., in its capacity as the Canadian Court-appointed and authorized foreign representative (the "Foreign Representative") for the above-captioned Debtors[1] (the "Debtors") which are the subjects of a reorganization proceeding commenced before the Supreme Court of British Columbia under Canada's *Companies' Creditors Arrangement Act*, by and through Foreign Representative's undersigned counsel, filed the *Motion of Foreign Representative for Entry of a Final Decree Closing Chapter 15 Cases and Discharging Foreign Representative* (the "Motion") with the United States Bankruptcy Court for the Northern District of Georgia (the "Bankruptcy Court"). A copy of the Motion is served upon you with this notice.

---

[1] The U.S. Debtors in these Chapter 15 cases and the last four digits of their U.S. Federal Employer Identification Numbers are as follows: BRON Creative USA Corp (1363); BRON Digital USA, LLC (0276); BRON Life USA Inc. (1178); BRON Media Holdings USA Corp (0637); BRON Releasing USA Inc. (6368); BRON Studios USA Inc. (8784); BRON Ventures 1 LLC (5066); BRON Studios USA Developments Inc. (7529); Bakhorma, LLC (6944); Drunk Parents, LLC (5462); Fables Holdings USA, LLC (8085); Fables Productions USA INC. (5169); Gossamer Holdings USA, LLC (2582); Gossamer Productions USA, Inc. (7876); Harry Haft Productions, Inc. (6144); Heavyweight Holdings, LLC f/k/a Harry Haft Films, LLC (8193); I am Pink Productions, LLC (6681); Lucite Desk, LLC (2546); National Anthem Holdings, LLC f/k/a BCDC Holdings, LLC (6943); National Anthem ProdCo Inc. (8637); Oakland Pictures Holdings, LLC (4988); Pathway Productions, LLC (Del. Incorporation No. 3081); Robin Hood Digital PC USA Inc. (2499); Robin Hood Digital USA, LLC (4302); Solitary Holdings USA, LLC (3013); Surrounded Holdings USA LLC (8868); Welcome to Me, LLC (8500) (hereinafter collectively referred to as the "Debtors"). The Debtors' principal offices are located at 1700-Park Place, 666 Burrard Street, Vancouver, British Columbia, Canada.

PLEASE TAKE FURTHER NOTICE that objections or responses, if any, to the Motion must be filed with the Clerk, U.S. Bankruptcy Court, United States Bankruptcy Court, 75 Ted Turner Drive, SW, Room 1340, Atlanta, GA 30303, on or before **June 21, 2024 at 4:00 p.m. (prevailing Eastern Time)**, and served upon the undersigned counsel to Foreign Representative.

PLEASE TAKE FURTHER NOTICE that a hearing on the Motion will be held only to the extent necessary and as directed by the Bankruptcy Court.

PLEASE TAKE FURTHER NOTICE THAT IF YOU FAIL TO RESPOND TO THE MOTION IN ACCORDANCE WITH THIS NOTICE, THE BANKRUPTCY COURT MAY GRANT THE RELIEF REQUESTED IN THE MOTION WITHOUT FURTHER NOTICE OR A HEARING.

This 14th day of May, 2024.

**JONES & WALDEN LLC**

*/s/ Cameron M. McCord*
Cameron M. McCord
Georgia Bar No. 143065
Mark Gensburg
Georgia Bar No. 213119
699 Piedmont Ave NE
Atlanta, Georgia 30308
(404)564-9300
cmccord@joneswalden.com
mgensburg@joneswalden.com

*Counsel for Debtors and Foreign Representative*

**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| In re:<br><br>BRON Media Holdings USA Corp. *et al.*,<br><br>    Debtors in a Foreign Proceeding. | Chapter 15<br><br>Case No. 23-56798-PMB<br><br>Jointly Administered |

**MOTION OF FOREIGN
REPRESENTATIVE FOR ENTRY OF A FINAL DECREE
CLOSING CHAPTER 15 CASES AND DISCHARGING FOREIGN REPRESENTATIVE**

COMES NOW BRON Media Corp. ("BRON"), individually and in its capacity as the

Canadian Court-appointed and authorized foreign representative (the "Foreign Representative")

for the above captioned Debtors[2] (the "Debtors"), by and through undersigned counsel, and hereby

files this *Motion of Foreign Representative for Entry of a Final Decree Closing Chapter 15 Cases*

*and Discharging Foreign Representative* (this "Motion"). Debtors are the subjects of a

reorganization proceeding (the "CCAA Proceeding") commenced before the Supreme Court of

British Columbia (the "Canadian Court") under Canada's *Companies' Creditors Arrangement Act*

(the "CCAA"). Through this Motion Foreign Representative respectfully requests the entry of an

order, pursuant to Sections 105(a), 350, and 1517(d) of Title 11 of the United States Code, 11

U.S.C. §§ 101— *et seq.* (the "Bankruptcy Code"), and Rule 5009 of the Federal Rules of

---

[2] The U.S. Debtors in these Chapter 15 cases and the last four digits of their U.S. Federal Employer Identification Numbers are as follows: BRON Creative USA Corp (1363); BRON Digital USA, LLC (0276); BRON Life USA Inc. (1178); BRON Media Holdings USA Corp (0637); BRON Releasing USA Inc. (6368); BRON Studios USA Inc. (8784); BRON Ventures 1 LLC (5066); BRON Studios USA Developments Inc. (7529); Bakhorma, LLC (6944); Drunk Parents, LLC (5462); Fables Holdings USA, LLC (8085); Fables Productions USA INC. (5169); Gossamer Holdings USA, LLC (2582); Gossamer Productions USA, Inc. (7876); Harry Haft Productions, Inc. (6144); Heavyweight Holdings, LLC f/k/a Harry Haft Films, LLC (8193); I am Pink Productions, LLC (6681); Lucite Desk, LLC (2546); National Anthem Holdings, LLC f/k/a BCDC Holdings, LLC (6943); National Anthem ProdCo Inc. (8637); Oakland Pictures Holdings, LLC (4988); Pathway Productions, LLC (Del. Incorporation No. 3081); Robin Hood Digital PC USA Inc. (2499); Robin Hood Digital USA, LLC (4302); Solitary Holdings USA, LLC (3013); Surrounded Holdings USA LLC (8868); Welcome to Me, LLC (8500) (hereinafter collectively referred to as the "Debtors").

Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), substantially in the form attached hereto as **<u>Exhibit A</u>** (the "<u>Closing Order</u>"), discharging Foreign Representative and closing the above-captioned cases (the "<u>Chapter 15 Cases</u>"). In support of the relief requested herein, Foreign Representative respectfully represents as follows:

**JURISDICTION AND VENUE**

1.      The United States Bankruptcy Court for the Northern District of Georgia (this "<u>Court</u>") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1410.

**BACKGROUND**

3.      On July 19, 2023, the Canadian Court entered an initial order (the "<u>Initial Order</u>") that, among other things, appointed Grant Thornton Limited (the "<u>Monitor</u>") to monitor and assist the Debtors in their business and financial affairs in accordance with Section 23 of the CCAA. The Canadian Court also appointed Foreign Representative to assist the Debtors in accordance with paragraphs 52-53 of the Initial Order.

4.      On July 28, 2023, the Canadian Court entered an amended and restated initial order (the "<u>ARIO</u>") and an order approving (the "<u>SISP Order</u>") a sale and investment solicitation process (a "<u>SISP</u>") with respect to all of the assets, undertakings, and businesses of the Petitioners and the Non-Petitioner Entities (as defined in the Eighth Affidavit of Aaron Gilbert (Affirmed January 10, 2024) at Docket No. 112, Exhibit B (the "<u>Eighth Affidavit</u>")).

5.      On August 15, 2023, after notice and hearing, the Court issued its *Order Granting Omnibus Petition for (I) Recognition of Foreign Main Proceedings, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* (Docket No.

4

37), which granted the Petitions for Recognition and recognized the ARIO and the SISP Order on

a final basis (the "Recognition Order").

6.      The Petitioners and the Monitor ran the SISP from August through October 2023.

The sole viable—and highest and best—transaction to have materialized in the Canadian sale and

investment solicitation process (a "SISP") was the transaction proposed by Creative Wealth Media

Lending LP 2016 ("CW Lending") pursuant to an asset purchase agreement (the "CW Lending

Purchase Agreement").

7.      Accordingly, on October 24, 2023, the Petitioners filed applications under the

CCAA requesting an order approving the CW Lending Purchase Agreement. The application came

before the Canadian Court on November 7, 2023 and November 24, 2023 and was supported by

Petitioners, Non-Petitioner Entities, the Monitor and CW Lending.

8.      On November 29, 2023, the Canadian Court rendered its decision and filed its

Reasons for Judgement, denying in part, the relief requested by the Petitioners in the October 24,

2023 applications, notice of which was filed with this Court (Docket No. 111).

9.      On December 5, 2023, the Petitioners sought, and the Canadian Court granted, a

stay extension through January 29, 2024.

10.      Extensive negotiations between the Petitioners, the Monitor, and Petitioners'

senior secured creditors, CW Lending and Access Road Capital, LLC ("Access Road"), has

resulted in a global settlement with the parties that allows the Petitioners to consensually divest

substantially all of their assets to parties with the primary economic interests in those assets and

conclude the CCAA proceedings (the "Sale").

11.     On January 10, 2024, Petitioners filed their Notice of Application (the "Application") for hearing to be held on January 16, 2024. In the Application, Petitioners sought approval from the Canadian Court of the Orders.

12.     The Application came before the Canadian Court for a hearing on January 16, 2024 (the "Canadian Sale Hearing").

13.     On or about January 22, 2024, CW Lending by its general partner, Creative Wealth Media GenPar Ltd., as purchaser, and the Petitioners and Non- Petitioner Entities entered into a First Acknowledgement whereby the Amended and Restated CW Lending Purchase Agreement was amended to provide for updated schedules of Assumed Contracts and Purchased Assets (as defined in the First Acknowledgement), which had the effect of removing certain motion pictures from the Purchased Assets, namely: "Assassination Nation", "Leave No Trace" and "Nightingale".

14.     On January 23, 2024, the Canadian Court entered the Orders (as defined in the Final Orders Motion at Docket No. 115).

15.     On January 24, 2023, Foreign Representative filed a *Motion of BRON Media Corp. as Foreign Representative for an Order Recognizing the Canadian Court's Final Orders* (Docket No. 115) (the "Final Orders Motion").

16.     The Final Orders Motion was heard by the Court at 2:00 P.M. on January 30, 2024. On January 31, 2024 the Court entered an *Order Recognizing Orders of the Canadian Court* (Docket No. 120) (the "Sale Recognition Order"), granting the Final Orders Motion and recognizing and giving the Orders full force and effect in the United States.

17.     On March 12, 2024, Foreign Representative filed its Notice of Filing of Monitors

Certificate of the CWML transaction (Docket No. 124) providing notice that the transactions of

the Sale Agreement (as defined in the Sale Recognition Order) have been implemented.

18.     On March 26, 20235, Foreign Representative filed its Notice of Filing of CCAA

Termination Order entered by the Canadia Court on March 22, 2024 (DN 128) which provides for

termination of the CCAA proceedings upon the filing of the Monitor's termination certificate.

19.     On May 13, 2024, the Monitor filed its Termination Certificate concluding the

CCAA matters and discharging the Monitor of any further duties.

## RELIEF REQUESTED

20.     By this Motion, Foreign Representative seeks entry of an order (i) discharging

Foreign Representative; (ii) closing these Chapter 15 Cases; and (iii) entering final decrees in such

Chapter 15 Cases, effective as of the date of entry of the Closing Order.

## BASIS FOR RELIEF REQUESTED

21.     Section 1517(d) of the Bankruptcy Code provides that "[a] case under this chapter

may be closed in the manner prescribed under section 350." 11 U.S.C. § 1517(d). Under § 350(a)

of the Bankruptcy Code, a bankruptcy court shall close a case "[a]fter an estate is fully

administered." 11 U.S.C. § 350(a).

22.     A case may be considered fully administered when all administrative claims have

been provided for and there are no outstanding motions, contested matters, or adversary

proceedings. *See In re Kliegl Brothers*, 238 B.R. 531 (Bankr. E.D.N.Y.1999). A party may apply

for an order closing a bankruptcy case after substantially all of the issues have been resolved and

the plan has been substantially consummated. *See In re A.H. Robins, Co., Inc.*, 219 B.R. 145 (10th

Cir. 1998).

23.     Bankruptcy Rule 5009(c) requires a foreign representative to "file a final report when the purpose of the representative's appearance in the court is completed;" the report "shall describe the nature and results of the representative's activities in the court." Fed. R. Bankr. P. 5009(c). Local Rule 5009-2 requires similar information. *See* Local Rule 5009-2.

24.     Bankruptcy Rule 5009(c) also requires Foreign Representative to serve the Final Report and this Motion to certain parties in interest and certify to Court that such notice has been given. If no objection has been filed within thirty (30) days after the foreign representative so certifies, then "there shall be a presumption that the case has been fully administered." Fed. R. Bankr. P. 5009(c).

25.     Finally, Section 105(a) of the Bankruptcy Code provides this Court with the power to grant the relief requested herein by Foreign Representative.

26.     As of the date hereof, Foreign Representative has fulfilled the purposes of its appearance before this Court in connection with the Chapter 15 Cases. There are no outstanding motions, contested matters or adversary proceedings.

27.     First, all creditors were required to file claims with the Canadian Court in the CCAA Proceeding and not with this Court in the Chapter 15 Cases. All creditor claims (whether in Canada, the United States or another jurisdiction) were addressed in the CCAA Proceeding pursuant to the Orders, as issued by the Canadian Court, and as recognized by this Court through its Sale Recognition Order.

28.     Second, Debtors and Monitor have successfully closed the transactions contemplated in the Canadian Court's Orders. As a consequence of these closings, Debtors' have transferred substantially all of their assets.

8

29.     Based on the foregoing, Foreign Representative has determined that it no longer requires the assistance of this Court in connection with the administration of the CCAA Proceeding and there is no impediment to closing the Chapter 15 Cases.

30.     Concurrently herewith, Foreign Representative filed Final Report of Foreign Representative as Required Under Fed. R. Bankr. P. 5009(c) (the "Final Report").

31.     The Final Report contains a full summary of the events in the Chapter 15 Cases and in the CCAA Proceeding and the status of the CCAA Proceeding.

32.     Foreign Representative has provided or will provide the Office of the United States Trustee for the Northern District of Georgia and all parties receiving notice of this Motion with a copy of the Final Report, and submits that no other parties must be given notice of the Final Report pursuant to Bankruptcy Rule 5009.

33.     Within three days of the filing of this Motion, Foreign Representative shall also file a *Certificate of Service of Motion to Close the Chapter 15 Cases* ("Certificate of Service") confirming that, consistent with the relief requested herein, the requisite parties were notified, and that they have until June 21, 2024 to object to the closure of these Chapter 15 Cases. In accordance with Bankruptcy Rule 5009, Foreign Representative expects to file a certification indicating that no objections were received in response to the Motion, or that any such objections were resolved by Foreign Representative and the applicable objecting party (the "Certificate of No Objection").

34.     Accordingly, Foreign Representative submits that it is appropriate and necessary for the Court to enter an order closing the Chapter 15 Cases, effective upon entry of such order.

## NOTICE

35.     Foreign Representative will provide notice of this Motion to the Notice Parties (as defined in the *Order (I) Scheduling Hearing on Omnibus Petition Under Chapter 15 of the*

9

*Bankruptcy Code for Recognition of a Foreign Main Proceeding and for Additional Relief and Assistance Under 11 U.S.C. 105(a), 1507,a and 1521 and (II) Specifying Form and Manner of Service of Notice of Hearing* (Docket No. 16). Foreign Representative submits that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

### NO PRIOR REQUEST

36.    Foreign Representative shows that no prior request for the relief sought in this Motion has been made to this Court.

### CONCLUSION

WHEREFORE, for all of the reasons stated above, Foreign Representative respectfully requests that this Court: (a) enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein; and (b) grant such other and further relief as this Court deems just and proper.

Respectfully submitted this 14th day of May, 2024.

**JONES & WALDEN LLC**

*/s/ Cameron M. McCord*
Cameron M. McCord
Georgia Bar No. 143065
Mark Gensburg
Georgia Bar No. 213119
699 Piedmont Ave NE
Atlanta, Georgia 30308
(404)564-9300
cmccord@joneswalden.com
mgensburg@joneswalden.com

*Counsel for Debtors and Foreign Representative*

## **EXHIBIT A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In re:<br><br>BRON Media Holdings USA Corp. *et al*.,<br><br>      Debtors in a Foreign Proceeding. | Chapter 15<br><br>Case No. 23-56798-PMB<br><br>Jointly Administered |

## <u>ORDER CLOSING CHAPTER 15 CASES</u>

THIS MATTER comes before the Court on the *Motion of Foreign Representative for Entry of a Final Decree Closing Chapter 15 Cases and Discharging Foreign Representative* (the "<u>Motion</u>") filed by BRON Media Holdings USA Corp., individually and in its capacity as the Canadian Court-appointed and authorized foreign representative (the "<u>Foreign Representative</u>") for the above captioned Debtors[1] (the "<u>Debtors</u>"). In the Motion, Foreign Representative requests

---

[1] The U.S. Debtors in these Chapter 15 cases and the last four digits of their U.S. Federal Employer Identification Numbers are as follows: BRON Creative USA Corp (1363); BRON Digital USA, LLC (0276); BRON Life USA Inc. (1178); BRON Media Holdings USA Corp (0637); BRON Releasing USA Inc. (6368); BRON Studios USA Inc. (8784); BRON Ventures 1 LLC (5066); BRON Studios USA Developments Inc. (7529); Bakhorma, LLC (6944); Drunk Parents, LLC (5462); Fables Holdings USA, LLC (8085); Fables Productions USA INC. (5169); Gossamer Holdings USA, LLC (2582); Gossamer Productions USA, Inc. (7876); Harry Haft Productions, Inc. (6144); Heavyweight Holdings, LLC f/k/a Harry Haft Films, LLC (8193); I am Pink Productions, LLC (6681); Lucite Desk,

that the Court enter an order, pursuant to Sections 105, 350(a), 1517(d), and 1518(1) of Title 11 of the United States Code (the "Bankruptcy Code"), and Rule 5009 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), closing the Debtors' the above-captioned cases (these "Chapter 15 Cases").

Upon consideration of the Motion and the accompanying *Certificate of Service of Motion to Close the Chapter 15 Cases* (Docket No. __); and upon consideration of the Final Report[2] and the Certificate of No Objection; and the Court having found and determined that the relief sought in the Motion is consistent with the purposes of Chapter 15 of the Bankruptcy Code; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, creditors, and all parties in interest in these Chapter 15 Cases, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore:

**THE COURT FINDS AND CONCLUDES AS FOLLOWS:**

A.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 & 1334, and 11 U.S.C. §§ 109 & 1501— *et seq*.

B.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

C.      Foreign Representative and Debtors have consented to this Court's authority to enter a final order as to the matters addressed herein.

D.      Venue is proper before this Court pursuant to 28 U.S.C. § 1410.

---

LLC (2546); National Anthem Holdings, LLC f/k/a BCDC Holdings, LLC (6943); National Anthem ProdCo Inc. (8637); Oakland Pictures Holdings, LLC (4988); Pathway Productions, LLC (Del. Incorporation No. 3081); Robin Hood Digital PC USA Inc. (2499); Robin Hood Digital USA, LLC (4302); Solitary Holdings USA, LLC (3013); Surrounded Holdings USA LLC (8868); Welcome to Me, LLC (8500) (hereinafter collectively referred to as the "Debtors").

[2] All capitalized terms undefined herein carry the definition given to the same in the Motion.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREEED THAT:**

1.      The Motion is **GRANTED**.

2.      The Final Report is **APPROVED**.

3.      The Chapter 15 Cases are hereby **CLOSED**, effective as of the entry of this Order.

4.      This Order is without prejudice to the rights of any party to seek to reopen the Chapter 15 Cases for cause pursuant to section 350(b) of the Bankruptcy Code.

5.      Any orders entered by this Court in these Chapter 15 Cases shall survive the entry of this Order.

6.      This Court shall retain jurisdiction with respect to its prior orders in these Chapter 15 Cases, the enforcement, amendment or implementation of this Order, and requests for any additional relief in or related to these Chapter 15 Cases.

7.       A copy of this Order shall be served within five business days of entry of this order, by electronic mail to the extent email addresses are available and otherwise by U.S. mail, overnight or first-class postage prepaid, upon the Notice Parties (as defined in the *Order (I) Scheduling Hearing on Omnibus Petition Under Chapter 15 of the Bankruptcy Code for Recognition of a Foreign Main Proceeding and for Additional Relief and Assistance Under 11 U.S.C. 105(a), 1507,a and 1521 and (II) Specifying Form and Manner of Service of Notice of Hearing* (Docket No. 16) and such other entities as the Court may direct.  Such service shall be good and sufficient service and adequate notice for all purposes.

**[END OF ORDER]**

*Prepared & Presented by:*

**JONES & WALDEN LLC**

/s/ Cameron M. McCord
Cameron M. McCord
Georgia Bar No. 143065
Mark Gensburg
Georgia Bar No. 213119
699 Piedmont Ave NE
Atlanta, Georgia 30308
(404)564-9300
cmccord@joneswalden.com
mgensburg@joneswalden.com

**Distribution List:**

Cameron M. McCord, Jones & Walden LLC, 699 Piedmont Ave, NE, Atlanta, Georgia 30308

Office of the United States Trustee, Suite 362, Richard B. Russell Building, 75 Ted Turner Drive, S.W., Atlanta, Georgia 30303